# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| CYWEE GROUP LTD., <br><br> *Plaintiff,* <br><br> SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC. <br><br> *Defendants.* | CASE NO. 2:17-cv-00140-RWS-RSP <br><br> JURY TRIAL DEMANDED |

## JOINT OPPOSED MOTION FOR ENTRY OF DISCOVERY ORDER

Plaintiff CyWee Group Ltd. ("CyWee") and Defendants Samsung Electronics Co. Ltd and Samsung Electronics America, Inc. ("Samsung") move for the entry of the partially-agreed Discovery Order submitted herewith. Despite the parties' efforts, they have been unable to reach agreement on Section 5(c), which relates to the depositions each side may take. Specifically, CyWee proposes a limit of 70 deposition hours for each side (excluding non-party depositions), while Samsung proposes a limit of 55 hours. CyWee's proposed discovery order is attached as Exhibit A, and Samsung's proposed discovery order is attached as Exhibit B.

A brief statement on the disputed issue follows:

**Plaintiff's Position**:

CyWee proposes that the Court adopt 70 hours of deposition hours (excluding non-party depositions). This case involves complex sensor fusion algorithms covered by 11 claims in two separate patents. There are two Samsung defendants, and CyWee expects that each will have information relevant to infringement, damages, sales, and marketing. Further, CyWee's proposal is consistent with Fed. R. Civ. P. 30, which allows each party to take up to 10 7-hour depositions, for a total of 70 hours.

Samsung points out below that the Court's sample discovery order includes a provision limiting non-party depositions to 60 hours. The parties agreed to this provision, and CyWee should not be penalized for doing so. *See* Exhibit A § 5(g).

**Defendants' Position**:

Samsung's proposed 55-hour limit for party depositions is more than reasonable. First, Samsung's proposal is more generous than the Court's default limits and the limits set by the Federal Rules of Civil Procedure. The Court's sample discovery order calls only for the depositions of the parties and 60 hours of non-party depositions. The Federal Rules of Civil Procedure call for 10 depositions, both party and non-party, and set a 7-hour limit for such depositions, for a total of 70 hours of party and non-party depositions. Fed. R. Civ. P. 30(a). Samsung's proposal significantly exceeds those limits because it allows for a total of 115 hours of party and non-party depositions. It also allows for the equivalent of eight days of deposition of Samsung.

Second, CyWee has asserted just two related patents against eleven Samsung products. This relatively limited scope does not justify CyWee's proposed 130 hours of party and non-party depositions (i.e., 19 days of deposition). CyWee's proposal is therefore not appropriate for the needs of this case and should be rejected. Samsung respectfully requests that the Court adopt its proposal.

Date: August 2, 2017

Respectfully submitted,

*/s/ Ari Rafilson*
Michael W. Shore
Texas State Bar No. 18294915
mshore@shorechan.com
Alfonso Garcia Chan
Texas State Bar No. 24012408

achan@shorechan.com
Christopher L. Evans
Texas State Bar No. 24058901
cevans@shorechan.com
Ari B. Rafilson
Texas State Bar No. 24060456
arafilson@shorechan.com
Paul T. Beeler
Texas State Bar No. 24095432
pbeeler@shorechan.com
SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111

Attorneys for Plaintiff
CyWee Group Ltd.

*/s/ Christopher W. Kennerly*
Christopher W. Kennerly
Texas State Bar No. 00795077
chriskennerly@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Tel: (650) 320-1800
Fax: (650) 320-1900

Elizabeth L. Brann (*pro hac vice*)
CA State Bar No. 222873
elizabethbrann@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Tel: (858) 458-3000
Fax: (858) 458-3005

Attorneys for Defendants
Samsung Electronics Co. Ltd and
Samsung Electronics America, Inc.

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 2, 2017.

/s/ Ari Rafilson