# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CYWEE GROUP LTD.,<br><br>*Plaintiff,*<br><br>SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.<br><br>*Defendants.* | CASE NO. 2:17-cv-00140-RWS-RSP<br><br>JURY TRIAL DEMANDED |

### [PROPOSED] DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;

    (b) the name, address, and telephone number of any potential parties;

    (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

    (e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered

    in this action or to indemnify or reimburse for payments made to satisfy the judgment;

  (f) any settlement agreements relevant to the subject matter of this action; and

  (g) any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.** A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

  (a) if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

  (b) for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3. **Additional Disclosures.** Without awaiting a discovery request,[1] each party will make the following disclosures to every other party:

  (a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

> **P.R. 3-1(g)**: If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

---

[1] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

> **P.R. 3-3(e)**: If a party claiming patent infringement exercises the provisions of P.R. 3-1(g), the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a P.R. 3-1(g) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c) provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4. **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

5. **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:

(a) Forty (40) interrogatories per Side.[2]

(b) Forty (40) requests for admissions per Side. Notwithstanding this limitation, any party may serve an unlimited number of requests for admissions that seek an admission as to the authenticity of a document.

---

[2] "Side" means Plaintiff or the group of all Defendants.

(c) Depositions of each Side, including depositions under Rule 30(b)(6), are not to exceed seventy (70) hours per Side.

(d) A non-translated deposition will not go longer than seven (7) hours per day on the record on any given day, unless agreed to by the party being deposed, who shall not unreasonably withhold consent to allow additional time if needed to fairly examine the deponent and such additional time is no more than sixty (60) minutes. This seven-hour per day limitation does not mean that a corporate representative who is designated on more than one topic will be limited to seven hours total time for his/her deposition.

(e) Each testifying expert may be deposed for up to 7 hours of deposition time for each report on a separate subject or separate party (e.g., if an expert opines on infringement and validity, 14 hours of deposition testimony would be permitted).

(f) For depositions using an interpreter, the provisions of § 12(a) apply.

(g) Sixty (60) hours of non-party depositions per Side.

(h) The parties will negotiate in good faith regarding additional deposition time should any party reasonably believe that a specific need for additional time exists.

(i) Unlimited depositions on written questions of custodians of business records for non-parties.

(j) Any party may later move to modify these limitations for good cause.

6. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or

information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

(a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b) In addition to the requirements of Local Rule CV-7(h) and (i), within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(c) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges

the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings**. Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12. **Proposed Stipulations by the Parties Regarding Discovery:**

    (a) For depositions using an interpreter, time will be measured using a 1.5x multiplier. For example, the seven-hour time limit will be increased to 10.5 hours for depositions with an interpreter, but will only count for 7 hours against the parties' limitations on depositions.

    (b) The parties agree that documents or information created or conveyed subsequent to the filing of this case that are protected by attorney-client privilege or work product doctrine, including any applicable common interest or joint defense privileges, do not have to be identified on a privilege log, except as provided under P.R. 3-7. The parties further agree that communications after the filing of the Complaint between the parties and their counsel of record regarding separate proceedings in the United States Patent and Trademark Office do not need to be identified or logged.

    (c) A party who serves a subpoena in this matter on a non-party shall, prior to or at the same time as serving on that non-party, provide a copy of the subpoena and all attachments thereto to the other party. A party who receives documents from a third party pursuant to a subpoena will reproduce those documents to the other party within five (5) business days. Where reproduction of documents within five

(5) business days is not possible, the party who received the documents will provide prompt notice to the other party and will work in good faith to resolve the issue on a case-by-case basis. A party scheduling the deposition of a third-party shall promptly notify the parties of the date and location of the deposition and make all best efforts to schedule any deposition of the third-party no earlier than five (5) days after the party scheduling the deposition provides the copies of any documents received from that third party; provided, however, the scheduling party shall not be obligated to reschedule a deposition if the third party produces documents within five days before the deposition.

(d) The Parties agree that the following materials shall not be subject to discovery in this litigation: (a) draft expert reports; (b) notes or outlines made in preparation of a draft expert report; (c) communications and conversations between counsel and testifying or consulting experts, unless such conversations or communications are relied upon as a basis for any opinions provided in an expert report or expert testimony; (d) information, analyses, opinions, or other materials from any outside consultant or expert, unless such information, analyses, opinions, or other materials are sent to a testifying expert witness. Materials, communications, and other information exempt from discovery under this paragraph shall be treated as attorney-work product privileged but need not be logged on a privilege log. In addition to these provisions, the provisions in Fed. R. Civ. P. 26(b)(4) still apply.

(e) Each party is under a duty to supplement or correct any discovery responses immediately if the party obtains information on the basis of which it knows that

        the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

(f)     Subject to Local Rule CV-5(a)(3), the parties agree to electronically serve all correspondence, documents filed under seal, written discovery requests, and responses to written discovery requests by e-mail to counsel of record, or if the documents are too voluminous, by Dropbox, FTP, or other internet file service.

(g)     The parties will use best efforts to serve documents filed under seal by e-mail, or if too voluminous, by Dropbox, FTP, or other internet file service within an hour of filing.

(h)     The parties are conferring regarding electronic discovery, and will provide the Court with a proposed e-Discovery Order.