# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CYWEE GROUP LTD., | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | NO. 2:17-CV-00140-RWS-RSP |
| | § | |
| SAMSUNG ELECTRONICS CO. LTD. | § | |
| AND SAMSUNG ELECTRONICS | § | |
| AMERICA, INC., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO STRIKE PLAINTIFF CYWEE GROUP LTD.'S UNTIMELY INFRINGEMENT CHARTS**

Two months after its infringement contentions were due under the Patent Local Rules, CyWee served supplemental claim charts attempting to accuse for the first time four additional Samsung products. CyWee did not seek leave of Court to amend its contentions, however, in violation of P.R. 3-6. Indeed, CyWee has no good cause to amend. Three of the newly accused products were released before the deadline for CyWee's contentions. And, for the one product released after the deadline, CyWee has refused to provide any reason for why it waited more than a month after the product's release to provide any indication of its intent to also accuse that product. Accordingly, CyWee's supplemental claim charts and associated contentions for the four additional Samsung products should be stricken.

I.      BACKGROUND

CyWee served its infringement contentions on the July 12, 2017 due date, naming 15 Samsung products.[1] (Decl. of J. Comeau ("Comeau Decl.") ¶ 2; Ex. A at 2.) Along with the contentions, CyWee provided claim charts for 14 of these products—all except the Galaxy Note 7—for the asserted claims from both patents-in-suit. (Comeau Decl. ¶ 3.) The contentions state that "[e]ach [of the produced infringement contention charts] is an exemplar of how all Samsung devices manufactured using the same or similar technology infringes each asserted claim." (Ex. A at 3.) However, the contentions do not name any other specific products, let alone provide support for how any of the charts allegedly represent functionalities of any other specific products. (*See id.*)

Samsung promptly notified CyWee that its infringement contentions were deficient because, among other things, they failed to include a chart for the Galaxy Note 7. (Ex. B.) CyWee responded that Samsung's letter as a "waste of time," claiming that "[i]f every Android device infringes the same claims the same way, as here, there is no need to repeat the same chart over and over." (Ex. C.) Subsequently, however, during a meet and confer on August 28, 2017, CyWee changed positions and offered to serve additional claim charts for the Galaxy Note 7 and three previously unidentified products—the Galaxy J7, Galaxy J7 V, and Galaxy S8 Active. (*See* Ex. D.) CyWee also offered to allow Samsung to amend its invalidity contentions in response to those proposed amendments. (*See* Ex. E.)

Samsung replied that it would not agree to CyWee's untimely attempt to amend its contentions, unless CyWee properly requested leave from the Court and demonstrated good cause to amend, as required under the rules. (Ex. E.) Nonetheless, CyWee served the additional

---

[1] Samsung's Galaxy S6, Galaxy S6 Edge, Galaxy S6 Edge+, Galaxy S6 Active, Galaxy S7, Galaxy S7 Edge, Galaxy S7 Active, Galaxy Note 5, Galaxy Tab S2 8.0, Galaxy Tab S2 9.7, Galaxy Note 7, Galaxy Tab S3 9.7, Galaxy J3 Emerge, Galaxy S8, and Galaxy S8+.

claim charts on September 18, 2017—more than two months after its contentions were due. (Comeau Decl. ¶ 8.) CyWee did not request leave of Court to do so and still has not provided any reason that would support a finding of good cause for its untimely amendments. (*Id.* ¶ 9.) After Samsung again informed CyWee that it had violated the rules, CyWee reverted back to its earlier unsupported position that the products charted with its original contentions are somehow representative of the additional products it is now attempting to include in the case. (*See* Ex. F.)

II.     ARGUMENT

      A.     **CyWee's Infringement Contentions Do Not Properly Accuse the Galaxy Note 7, Galaxy J7, Galaxy J7 V, and Galaxy S8 Active**

"The Patent Rules demonstrate high expectations as to plaintiffs' preparedness before bringing suit, requiring plaintiffs to disclose their preliminary infringement contentions before discovery has even begun." *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005). "Plaintiffs are expected to rigorously analyze all publicly available information before bringing suit and must explain with great detail their theories of infringement." *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 528 (E.D. Tex. 2005).

Patent Local Rule 3-1(b) requires a party asserting infringement to identify "[s]eparately for each asserted claim, . . . each accused . . . product . . . of which the party is aware." It further requires that identification of the accused product be "as specific as possible" and that each accused product be identified by "name or model number, if known." *Id.* Further, the party asserting infringement must provide "chart[s] identifying specifically where each element of each asserted claim is found within each [accused product] . . . ." P.R. 3-1(c).

In violation of these rules, CyWee failed to even identify the Galaxy J7 and Galaxy J7 V in its infringement contentions, and did not provide charts for those two products or the Galaxy Note 7, even though all three products had already been released. Further, CyWee made no effort

to timely amend its contentions to properly accuse the Galaxy S8 Active in compliance with the rules, even though that product was released on August 11, 2017—more than one month before CyWee improperly served its additional claim charts.

Nonetheless, CyWee insists that by identifying the charted products as "[e]xemplars" in its contentions, it has excused itself from timely complying with its obligations under the rules. That is not the law. If permitted, such an approach would effectively allow CyWee to unilaterally accuse additional products without end. The Court should strike CyWee's supplemental claim charts and associated contentions for these four additional Samsung products.

### B. CyWee Cannot Show Good Cause to Amend Its Infringement Contentions

To amend its infringement contentions, CyWee is required to request and obtain leave from the Court. P.R. 3-6(b). Such a request for leave must be supported by a showing that "despite its exercise of diligence, [the party requesting leave] cannot reasonably meet the scheduling deadlines." *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*, No. 4:14-CV-371, 2016 U.S. Dist. LEXIS 41762, at *4 (E.D. Tex. Mar. 30, 2016) (*citing Garmin S & W Enters., L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003)).

In assessing a party's request for leave to amend, courts consider: "(1) the reason for the delay and whether the party has been diligent; (2) the importance of what the court is excluding and the availability of lesser sanctions; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (*citing Motion Games, LLC v. Nintendo Co., Ltd.*, No. 6:12-cv-878-RWS-JDL, 2015 U.S. Dist. LEXIS 50511, at *2 (E.D. Tex. Apr. 16, 2015)).

Here, CyWee never filed a motion for leave and never even provided Samsung with its positions for any of the above factors. Namely, CyWee did not give any reason for its delay in serving claim charts for additional products more than three months late and has not made any

showing that it was diligent in preparing the charts. Given that three of the products were already on sale as of the July 12, 2017 due date for CyWee's infringement contentions and the other was released more than one month before CyWee improperly attempted to amend it contentions, CyWee cannot make any showing of diligence.

CyWee also has not proposed any means by which the prejudice imposed on Samsung by this delay could be avoided. Indeed, Samsung has now been deprived of a significant amount of time that could have been used to develop its non-infringement positions for the four additional products. *Imperium IP Holdings*, 2016 U.S. Dist. LEXIS 41762, at *6–7 (noting that "[w]hile Plaintiff may be able to assert extremely similar infringement theories to those already proposed, Defendants' non-infringement positions may be very different from its previous theories as it is uncertain that the [newly-accused product] functions in the same way as other accused products"). To effectively address arguments relating to the added products, Samsung will have to gather relevant documents and analyze the functionality of the relevant features of the added products for both asserted patents—both time intensive tasks, given the sophistication of the technical subject matter in this case and potential implication of third party suppliers. Indeed, fewer than two months now remain before the parties' Patent Local Rule 4-1 exchange of proposed claim terms, making a thorough review of the necessary materials in advance of formulating claim construction positions very difficult. Accordingly, CyWee should not be allowed to amend its contentions at this time, and certainly not without filing a motion demonstrating good cause to amend as the rules require.

### III. CONCLUSION

CyWee's infringement contentions do not comply with the Patent Local Rules for any of the four additional products named in its recently-served infringement contention claim charts. Given these failures, along with CyWee's failure to obtain leave to amend (and lack of good

cause to do so), Samsung respectfully requests that the Court strike CyWee's supplemental claim charts and associated contentions for the Galaxy Note 7, Galaxy J7, Galaxy J7 V, and Galaxy S8 Active.

DATED: October 12, 2017

Respectfully submitted,

By: */s/ Christopher W. Kennerly*
Christopher W. Kennerly
TX Bar No. 00795077
chriskennerly@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Ave.
Palo Alto, California 94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Elizabeth L. Brann (*pro hac vice*)
CA Bar No. 222873
elizabethbrann@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, California 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Melissa R. Smith
TX Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Attorneys for Defendants
SAMSUNG ELECTRONICS CO. LTD AND
SAMSUNG ELECTRONICS AMERICA, INC.

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on October 12. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

                                                 */s/ Christopher W. Kennerly*
                                                 Christopher W. Kennerly