**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CYWEE GROUP LTD., | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | NO. 2:17-CV-00140-RWS-RSP |
| | § | |
| SAMSUNG ELECTRONICS CO. LTD. | § | |
| AND SAMSUNG ELECTRONICS | § | |
| AMERICA, INC., | § | |
| | § | |
| Defendants. | § | |

**SAMSUNG ELECTRONICS CO. LTD AND SAMSUNG ELECTRONICS AMERICA,
INC.'S OPPOSITION TO CYWEE'S MOTION FOR LEAVE TO AMEND ITS
INFRINGEMENT CONTENTIONS**

Two months after its infringement contentions were due under the Patent Local Rules, CyWee served supplemental claim charts attempting to accuse for the first time four additional Samsung products. Now, almost four months later, CyWee has moved for leave to amend its contentions to include those four products. However, three of the four products CyWee is now attempting to inject into this case were publicly available before the July 12, 2017 due date for its contentions. CyWee argues that the original charted products were exemplars of all relevant products but fails to cite any authority supporting its position that a party may be excused from charting every accused product based only on an unsupported assertion that its claim charts are merely exemplary. Indeed, the four additional products at issue here were not even listed in CyWee's contentions.

There is no good cause here, and there is considerable prejudice. Were the Court to permit CyWee to amend its infringement contentions at this stage, the burden imposed on Samsung would be considerable. Samsung served its invalidity contentions more than a month

ago based on CyWee's positions set forth in its infringement contentions, and the claim construction process starts in just over one week. If CyWee is permitted to amend, Samsung will have to analyze the four additional products and potentially alter its invalidity and other substantive positions based on that analysis. Thus, Samsung respectfully requests that the Court deny CyWee leave to amend its infringement contentions.

## I.      STATEMENT OF FACTS

CyWee served its infringement contentions on the July 12, 2017 due date, naming 15 Samsung products.[1] (Decl. of J. Comeau in Support of Defendants' Mot. to Strike, Dkt. No. 41-1 ("Comeau Decl.") ¶ 3; Ex. A at 2.) Along with the contentions, CyWee provided claim charts for 14 of these products—all except the Galaxy Note 7—for the asserted claims from both patents-in-suit. (Comeau Decl. ¶ 3.) The contentions state that "[e]ach [of the produced infringement contention charts] is an exemplar of how all Samsung devices manufactured using the same or similar technology infringes each asserted claim." (Comeau Decl., Ex. A at 3.) However, its contentions do not name any other specific products, let alone provide support for how any of the charts allegedly represent functionalities of any other specific products. *See id.*

Samsung promptly notified CyWee that its infringement contentions were deficient because, among other things, they failed to include a chart for the Galaxy Note 7. (Comeau Decl., Ex. B.) CyWee responded that Samsung's letter was a "waste of time," claiming that "[i]f every Android device infringes the same claims the same way, as here, there is no need to repeat the same chart over and over." (Comeau Decl., Ex. C.) Subsequently, however, during a meet and confer on August 28, 2017, CyWee changed positions and offered to serve additional claim charts for the Galaxy Note 7 and three previously unidentified products—the Galaxy J7, Galaxy

---

[1] Samsung's Galaxy S6, Galaxy S6 Edge, Galaxy S6 Edge+, Galaxy S6 Active, Galaxy S7, Galaxy S7 Edge, Galaxy S7 Active, Galaxy Note 5, Galaxy Tab S2 8.0, Galaxy Tab S2 9.7, Galaxy Note 7, Galaxy Tab S3 9.7, Galaxy J3 Emerge, Galaxy S8, and Galaxy S8+.

J7 V, and Galaxy S8 Active. (*See* Comeau Decl., Ex. D.) CyWee also offered to allow Samsung

to amend its invalidity contentions in response to those proposed amendments. (*See* Comeau

Decl., Ex. E.)

Samsung replied that it would not agree to CyWee's untimely attempt to amend its

infringement contentions unless and until CyWee properly requested leave from the Court and

demonstrated good cause to amend, as required under the rules. (Comeau Decl., Ex. E.)

Nonetheless, CyWee served the additional claim charts on September 18, 2017—more than two

months after its contentions were due. (Comeau Decl. ¶ 8.) After Samsung again informed

CyWee that it had violated the rules, CyWee reverted back to its earlier unsupported position that

the products charted with its original contentions are somehow representative of the additional

products it is now attempting to include in the case. (*See* Comeau Decl., Ex. F.)

Now CyWee finally seeks leave to amend— a month and a half after it improperly served

its additional claim charts. But it still has not provided any evidence showing good cause for its

improper and untimely amendments. (Comeau Decl. ¶ 9.)

## II.   CYWEE HAS NOT SHOWN GOOD CAUSE TO AMEND ITS INFRINGEMENT CONTENTIONS

### A.   CyWee Has Not Explained Why It Failed to Timely Accuse the Galaxy J7V, Galaxy J7 (2017), Galaxy Note 7, or the Galaxy S8 Active

CyWee has not provided any factual basis to support its argument that it had good cause

to amend its infringement contentions. Rather than provide any reason why it did not properly

and timely accuse the four products it is now attempting to inject into this case, CyWee relies on

misleading information for the Galaxy J7 V and Galaxy J7 (2017), and misrepresentations of

statements by Samsung's counsel.

Relying on a single website reference for each product, CyWee represents that the

"Galaxy J7 V" and the "Galaxy J7 (2017)" were released in March and July of 2017,

respectively, and that it was "unaware" of the Galaxy J7 V when it served its original infringement contentions. (Mot. at 2.) Putting aside CyWee's failure to show why it was unaware of a publicly available product, the Galaxy J7 V and the Galaxy J7 (2017) are variants of the same phone—the 2017 model of the Galaxy J7 ("the 2017 Galaxy J7"). (Declaration of S. Moseley in Support of Defendants' Reply to Mot. to Strike, Dkt. No. 45-1 ("Moseley Decl."), Exs. G–H.) Had CyWee adequately investigated these products, it would have learned that the "V" designation was given to the model of the 2017 Galaxy J7 sold by Verizon Wireless, which, as even CyWee's claim charts confirm, is functionally identical to other models of the 2017 Galaxy J7 for purposes of this case. (*See, e.g.*, CyWee's Opp. to Defendants' Mot. to Strike, Dkt. No. 43, Exs. I–L.) The Galaxy J7 V was released in March of 2017, well before the due date of CyWee's infringement contentions. Accordingly, CyWee does not have any excuse for failing to include the 2017 Galaxy J7 in its original infringement contentions.

CyWee claims that a "worldwide recall" of the Galaxy Note 7 hampered its attempts to obtain a sample of that product. However, CyWee fails to explain why it needed a physical sample of the Galaxy Note 7 to prepare its claim charts, given that its charts for that product contain only information from public websites and cross-references to its existing charts for the Galaxy S7 Edge. (Dkt. No. 43, Exs. G–H.)

CyWee next incorrectly states that Samsung's counsel requested claim charts for the Galaxy Note 7, offering only its own self-serving correspondence as support. To the contrary, Samsung promptly notified CyWee that its infringement contentions were deficient because, among other things, they failed to include a chart for the Galaxy Note 7. (Comeau Decl., Ex. B.) Samsung also refused to agree to CyWee's untimely attempt to amend its infringement contentions and notified CyWee that it must request leave from the Court and demonstrate good

cause to amend, as required under the rules. *Id.* Indeed, in the correspondence immediately preceding CyWee's, Samsung unambiguously stated that it "disputes that the Note 7 . . . [is a] properly accused product[]" and that it would oppose any attempt by CyWee to amend its contentions, absent a showing of good cause sufficient under the local patent rules. (Comeau Decl., Ex. D.) No other correspondence indicates otherwise and Samsung never made any contrary statement during any discussion between the parties. (Moseley Decl. ¶ 4; *see also* Comeau Decl., Exs. B–F; Dkt. No. 43, Exs. E–F.) It also makes no sense that Samsung would challenge CyWee's attempt to untimely amend its contentions only to accept new claim charts at a later meet and confer, without any agreement to mitigate the burden imposed on Samsung by the late amendment.

Finally, CyWee has not explained why it waited more than two months to request leave to amend its infringement contentions to add the Galaxy S8 Active. (*See* Dkt No. 43 at 4.) As noted in the website cited by CyWee, the Galaxy S8 Active was released on or about August 11, 2017, but CyWee did not move for leave to amend until October 27. (Declaration of C. Evans in Support of CyWee's Opp. to Mot. to Strike, Dkt. No. 43-1, ¶ 6; Dkt. No. 44.) In similar circumstances, this Court has allowed a plaintiff to amend its infringement contentions to add additional products only when it has been diligent in doing so. For example, in *TiVo, Inc. v. Verizon Communications, Inc.*, No. 2:09–CV–257–JRG, 2012 WL 2036313 (E.D. Tex. Jun. 6, 2012), the plaintiff diligently attempted to join an additional product to the lawsuit by agreement with the defendant immediately after learning that the product had been sold to the public. *See id.* at *2. In contrast, CyWee waited over a month before serving Samsung with a claim chart attempting to add the Samsung Galaxy S8 Active to this case and waited over two months before filing a motion for leave with the Court.

CyWee lacks good cause to amend its infringement contentions to include any of the four products that were not originally accused, and the Court should disallow CyWee's improper and untimely attempt to do so.

### B.   CyWee Has Not Provided Any Case Law Supporting Its Use of Representative Claim Charts

CyWee fails to provide any authority for its position that it should be allowed to use its existing claim charts as "representative" claim charts for the four additional products it is attempting to include without any explanation of how the additional products are allegedly identical. In *UltimatePointer, LLC v. Nintendo Co.*, No. 6:11-CV-496, 2013 WL 12140173 (E.D. Tex. May 28, 2013), the only case cited by CyWee that discusses this issue, the Court found such an approach inappropriate. *Id.* at *3. Specifically, the Court noted that "[i]t is possible for a plaintiff to use a single chart for multiple products, *if* separate charts would be *identical* for each product." *Id.* (citing *Juxtacomm Techs., Inc. v. Ascential Software Corp.*, 548 F. Supp. 2d 379, 381 (E.D. Tex. 2008)). The Court made clear, however, that "broad conclusory allegations that the products are similar do not allow Plaintiffs to circumvent the Local Rules." *Id.* (citing *Global Sessions LP v. Travelocity.com LP*, No. 6:10-cv-671, 2012 WL 1903903, at *4 (E.D. Tex. May 25, 2012)). Accordingly, the Court found the use of exemplary charts improper because the plaintiff did not "provide an explanation of the technical and functional identity of the products represented [by the exemplary charts]." *Id.; see also Global Sessions LP*, 2012 WL 1903903, at *5 (finding plaintiff's use of representative charts improper and denying plaintiff leave to amend because it did not "exhibit[] sufficient diligence to show good cause to amend its infringement contentions with respect to [the products that were not charted].").

Here, a number of differences exist amongst the claim charts CyWee served with its original infringement contentions. For example, those claim charts accuse a number of different

accelerometers, gyroscopes, and/or compass sensors of meeting limitations of the asserted claims because the charted products use different models of these components. (Moseley Decl., Exs. I–K.) None of the claim charts served with CyWee's original infringement contentions has any information that would allow Samsung to determine which, if any, of them represent CyWee's contentions against the four additional products it is now attempting to include. *See, e.g., id.* Instead, despite clear evidence in its own claim charts showing that the accused products differ for purposes relevant to this case, CyWee asserts that each of its claim charts is somehow "exemplary" of its accusations against some untold number of other products without any further explanation. *Id.* CyWee has not complied with its obligation to provide "chart[s] identifying specifically where each element of each asserted claim is found within each Accused Instrumentality . . . ." P.R. 3-1(c). Therefore, its motion for leave to amend should be denied.

C.    **The Burden Imposed on Samsung if the Court Were to Permit CyWee to Amend Its Infringement Contentions Is Significant and Would Cause Unfair Prejudice**

Permitting CyWee to amend its infringement contentions now, in these circumstances, will impose a significant burden on and cause unfair prejudice to Samsung. CyWee's assertion that its original claim charts provided Samsung adequate notice misses the mark and is unsupported—even if CyWee did not add new claims or infringement theories after the original invalidity contentions deadline, the additional products it is now attempting to accuse would nonetheless require Samsung to undertake significant additional work.

Samsung served its invalidity contentions more than a month ago based on CyWee's representations in its infringement contentions. If CyWee were allowed to amend, Samsung would have to expend significant resources analyzing CyWee's claims and infringement theories for the four additional products CyWee now is attempting to accuse. Samsung would also potentially have to develop additional non-infringement and invalidity positions related to those

products. In addition, this analysis could impact Samsung's claim construction positions, and the parties are due to propose claim terms to be construed in just over one week, leaving Samsung with little time to prepare its positions.

Given the unfair prejudice to Samsung, in addition to CyWee's failure to show good cause, CyWee should not be allowed to amend its infringement contentions to inject these four products into the case.

## III.    CONCLUSION

CyWee has failed to show the requisite good cause to amend its infringement contentions to add products that were released long ago, most before CyWee served its original infringement contentions, and if allowed, the amendments would cause unfair prejudice to Samsung. Accordingly, Samsung respectfully requests that the Court deny CyWee's motion for leave to amend its infringement contentions.


DATED:  November 13, 2017                    Respectfully submitted,

By: _/s/ Christopher W. Kennerly_
Christopher W. Kennerly
TX Bar No. 00795077
chriskennerly@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Ave.
Palo Alto, California  94304
Telephone:  (650) 320-1800
Facsimile:   (650) 320-1900

Elizabeth L. Brann (*pro hac vice*)
CA Bar No. 222873
elizabethbrann@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, California  92121
Telephone:  (858) 458-3000
Facsimile:   (858) 458-3005

Melissa R. Smith
TX Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Attorneys for Defendants
SAMSUNG ELECTRONICS CO. LTD AND
SAMSUNG ELECTRONICS AMERICA,
INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on November 13, 2017. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Christopher W. Kennerly*
Christopher W. Kennerly
