IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **CYWEE GROUP LTD.,**  *Plaintiff,*  **SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.**  *Defendants.* | CASE NO. 2:17-cv-00140-RWS-RSP  JURY TRIAL DEMANDED |

**PLAINTIFF'S REPLY IN SUPPORT OF CYWEE'S MOTION FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS**

CyWee[1] has shown both diligence and lack of prejudice to Samsung,[2] and good cause exists to add the newly discovered infringing products. Samsung has failed to demonstrate that it will suffer any actual prejudice and CyWee's supplemental contentions should have no impact on Samsung's claim construction positions and invalidity contentions. There has been no change in CyWee's infringement theories and CyWee contends that the newly-accused products infringe in precisely the same manner as those previously accused and charted. Thus, the claim charts for the new products are virtually identical to CyWee's original claim charts. Because CyWee's infringement theory remains unchanged, Samsung will not have to expend "significant resources analyzing CyWee's claims and infringement theories for the four additional products."[3] Accordingly, CyWee's Motion[4] should be granted.

---

[1] "CyWee" means Plaintiff CyWee Group Ltd.
[2] "Samsung" means Defendants Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc.
[3] *See* Dkt. 47 at 7.
[4] "Motion" means CyWee's Motion for Leave to Amend Its Infringement Contentions (Dkt. 44).

1

## I. ARGUMENT

Four factors govern requests to amend infringement contentions: (1) the reason for the party's failure to meet the deadline, (2) the importance of the matter that will be excluded, (3) the potential prejudice to the opposing party, and (4) the availability of a continuance to cure any prejudice.[5] In its Response,[6] Samsung argues only two of the four applicable factors, thereby conceding by omission the remaining two factors (the importance of CyWee's supplemental contentions and the availability of a delay to cure any prejudice). As discussed below, the remaining factors also favor allowing CyWee to amend its infringement contentions.

**A. CyWee has been diligent.**

Samsung argues that CyWee was not diligent in its efforts and places great importance on the fact that CyWee served its supplemental contentions two months after the initial deadline. However, a party's diligence is not the sole or primary factor in determining whether good cause exists.[7] Courts have not established rigid timelines for adding products released after infringement contentions are served, but instead examine whether the party's delay was reasonable under the circumstances. For example, in *TiVo, Inc. v. Verizon Comm'ns, Inc.*, cited by Samsung in its Response, this Court found a 9-month delay in seeking to amend reasonable.[8] This Court concluded that the plaintiff had acted diligently when it filed a motion to amend in July 2011 to accuse a product that was released in October 2010, after having

---

[5] *TiVo, Inc. v. Verizon Comm'ns, Inc.,* No. 2:09–CV–257–JRG, 2012 WL 2036313, at *1 (E.D. Tex. Jun. 6, 2012).
[6] "Response" means Samsung's Opposition to CyWee's Motion (Dkt. 47).
[7] *See, e.g., McLean-Fogg Co. v. Eaton Corp.,* No. 2:07-cv-472, 2008 WL 4601476, *3 (E.D. Tex.) (good cause found although the patentee "could have been more diligent in pursuing its claims"); *Arbitron, Inc. v. Int'l Demographics Inc.*, No. 2:06-CV-434, 2008 WL 4755761, at *1 (E.D. Tex. Oct. 29, 2008) (court "does not agree that diligence is the sole or primary factor to be considered in deciding" whether good cause has been shown).
[8] *TiVo, Inc.*, 2012 WL 2036313, at *2.

served its infringement contentions in April 2010.[9] Samsung mischaracterizes the facts of this case by stating that "the plaintiff diligently attempted to join an additional product…by agreement with the defendant immediately after learning that the product had been sold."[10] However, the plaintiff in *Tivo* inquired about the new product *two months after it went on sale*, then attempted to reach an agreement with the defendant *an additional five months later*.[11]

In contrast, CyWee served its supplemental claim charts within two months of its original deadline, at which point the Galaxy J7 was on sale for about two months and the Galaxy S8 Active was released after that. CyWee promptly obtained the additional products, assessed their functionality, and served its supplemental charts within two months, even though these products were unavailable in early July.[12] Additionally, CyWee sought to amend its infringement contentions for the Galaxy Note 7, which was specifically accused in CyWee's original infringement contentions.[13] Samsung's statement that the Galaxy Note 7 was "not even listed in CyWee's contentions"[14] simply is not true.

**B. Samsung will not be prejudiced.**

Samsung argues it would be prejudiced by CyWee's supplemental contentions because it would have to "undertake significant additional work" and "expend significant resources analyzing CyWee's claims and infringement theories for the four additional products."[15] This argument lacks any support. First, invalidity has nothing to do with products created after the patent has issued. Second, Samsung has not shown any change in CyWee's infringement

---

[9] *Id.*
[10] Dkt. No. 47 at 5.
[11] *TiVo, Inc.,* 2012 WL 2036313, at *1.
[12] Dkt. No. 44 at 3.
[13] Dkt. No. 43-2 at 2.
[14] Dkt. No. 47 at 1.
[15] *Id.* at 7.

theories. As explained in CyWee's Motion, the newly-accused products infringe in a similar manner, the additional claim charts are virtually identical to CyWee's original claim charts, and no new infringement theories are asserted.[16]

Samsung argues that "a number of differences" exist from prior claim charts because the newly-accused products include "different accelerometers, gyroscopes, and/or compass sensors . . ."[17] Samsung ignores the fact that the relevant characteristics of those components remain unchanged from those previously accused. More specifically, each accelerometer, gyroscope, and magnetometer in an accused device is capable of providing 3-axis output.[18] This is shown in the following excerpts from both CyWee's previously-served charts and supplemental charts, which clearly show that all such components provide 3-axis output (in the x, y, and z directions).



| Samsung Galaxy S7 Edge Chart (Dkt. 45-4 at 10) | Samsung Galaxy J7 (2017) Chart (Dkt. 43-10 at 7) |

Because CyWee's infringement theories remain the same as they were in July 2017, Samsung's invalidity theories should remain unchanged. In this case, one invalidity theory for

---

[16] Dkt. No. 44 at 4-5.
[17] Dkt. No. 47 at 6-7.
[18] All asserted claims of the '438 patent require a "six-axis motion sensor", including an accelerometer and "rotation sensor" or gyroscope. The asserted claims of the '978 patent additionally require a 3-axis magnetometer.

the first set of claim charts and a different theory for the new products would be absurd. Nonetheless, even assuming the new products infringe the patents-in-suit in a different manner, which is not the case here, Samsung admits in its Response that the Galaxy J7 V and the Galaxy J7 "are variants of the same phone" and that these products are "functionally identical to other models of the 2017 Galaxy J7 for purposes of this case."[19] Samsung's own admission defeats its assertion of having to do any "significant additional work."

Nor will CyWee's supplemental contentions affect Samsung's claim construction positions. Samsung argues that allowing CyWee to amend its infringement contentions *could* impact its claim construction positions. Such hypothetical impact fails to show any *actual* prejudice against CyWee's Motion. Even if such hypothetical impact did show prejudice, Samsung's argument has no merit. Claim construction is "decided based on the intrinsic evidence and to a lesser extent the extrinsic evidence – neither of which depend on the infringement positions or infringing products."[20] In this case, CyWee's supplemental contentions will not change the prior art or the prosecution history, and as such, Samsung will suffer no prejudice in relation to claim construction.

## II. CONCLUSION

For the reasons set forth above and in CyWee's Motion, there is good cause to grant CyWee leave to amend its infringement contentions, and CyWee respectfully requests that the Court grant its Motion.

---

[19] Dkt. 47 at 4.
[20] *See e.g. Mondis Tech., Ltd. v. LG Elecs., Inc.*, No. 2:07-CV-565-TJW-CE, 2011 WL 2149925, at *3 (E.D. Tex. May 5, 2011); *EON Corp. IP Holdings, LLC v. Sensus USA Inc.*, 741 F. Supp. 2d 783, 796 (E.D. Tex. 2010) ("A claim is construed in light of the claim language, the other claims, the prior art, the prosecution history, and the specification, *not in light of the accused device*.") (emphasis added).

Date: November 17, 2017                    Respectfully submitted,

/s/ Christopher L. Evans
Michael W. Shore
Texas State Bar No. 18294915
mshore@shorechan.com
Alfonso Garcia Chan
Texas State Bar No. 24012408
achan@shorechan.com
Christopher L. Evans
Texas State Bar No. 24058901
cevans@shorechan.com
Ari B. Rafilson
Texas State Bar No. 24060456
arafilson@shorechan.com
William D. Ellerman
Texas State Bar No. 24007151
wellerman@shorechan.com
Paul T. Beeler
Texas State Bar No. 24095432
pbeeler@shorechan.com

SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111

Attorneys for Plaintiff
CyWee Group Ltd.

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 17, 2017.

/s/ Christopher L. Evans
Christopher L. Evans