IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **CYWEE GROUP LTD.,**  *Plaintiff,*  **SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.**  *Defendants.* | CASE NO. 2:17-cv-00140-RWS-RSP  JURY TRIAL DEMANDED |

### PLAINTIFF CYWEE'S MOTION TO COMPEL INTERROGATORY RESPONSES

CyWee Group Ltd. ("CyWee") respectfully requests an order compelling Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung") to fully answer Interrogatory Nos. 7, 8, 10, and 19 from CyWee's First Set of Interrogatories.

In this case, CyWee alleges that Samsung directly infringes claims in U.S. Patent No. 8,441,438 (the "'438 Patent") and U.S. Patent No. 8,552,978 (the "'978 Patent"). On August 11, 2017, CyWee served Samsung with its First Set of Interrogatories. (Ex. A). As pertains to this Motion, CyWee sought the following categories of information that are crucial to its claims in this case and related damages: (1) a simple identification of individuals that would have participated in a hypothetical negotiation on Samsung's behalf; (2) identification of any license agreements that were negotiated by such individuals; (3) identification of Samsung products that would have been considered during a hypothetical negotiation; and (4) the features of the Accused Products that should be included in a conjoint study used to determine the value of the inventions claimed in the patents-in-suit.

1

Samsung served its responses to CyWee's interrogatories on September 11, 2017. The parties then met and conferred in good faith on September 20, 2017 regarding deficiencies in Samsung's responses. At that conference, Samsung's counsel committed to supplementing some interrogatories but needed additional time to determine if it would supplement others, including the interrogatories at issue here. After further communications between counsel, on September 29, 2017, Samsung confirmed that it would not supplement its answers to interrogatories 7, 10, and 19 based on its objections that they call for expert testimony and are premature. (Ex. C). Samsung's position following the parties' conferences is quoted below:

- **Numbers 7, 10:** Interrogatory no. 7 asks Samsung to "[i]dentify the Person or people that [it believes] would have participated in the Hypothetical Negotiation on [its] behalf." Number 10 asks Samsung to "[i]dentify all of [its] products in existence or development at the time of the Hypothetical Negotiation whose sales (both actual and projected) would have been considered by [Samsung] during the Hypothetical Negotiation." Both of these interrogatories are improper because, *inter alia*, they present improper hypotheticals and therefore call for expert testimony. *See, e.g., "i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 854 (Fed. Cir. 2010)(noting that the Federal Circuit "ha[s] consistently upheld **experts'** use of a hypothetical negotiation…for estimating a reasonable royalty" and inferring that such an analysis of a hypothetical negotiation requires expert testimony) (emphasis added).

- **Number 19:** Interrogatory no. 19 asks that Samsung "[i]dentify all features of the Accused Products that [it] believe[s] should be included in a conjoint study used to determine the value of the inventions claimed in the Patents-In-Suit." Given that the response to this interrogatory requires damages expert testimony regarding the proper makeup of any such study, this interrogatory is improper because, *inter alia*, it is premature. *See In re Mega Sys., L.L.C.*, 2006 Bankr. LEXIS 4682, at *3-4 (E.D. Tex. Sep. 14, 2006)(finding an individual unqualified to render an opinion regarding valuation of a patent because he was not an expert and lacked "specialized knowledge, skill, training [and] education in the valuation of patents."). (Ex. C).

Samsung then served Supplemental Responses on October 13, 2017. (Ex. B). The Supplemental Responses still did not supply even the most basic information responsive to the requests at issue. Rather, Samsung asserted a litany of objections, and failed to respond,

provided incomplete and evasive responses, or improperly relied on Fed. R. Civ. P. 33(d) to avoid responding to the interrogatories that are the subject of this motion. Because Samsung has persisted in its refusal to respond to this discovery despite CyWee's best efforts to resolve this issue, CyWee must seek Court resolution.

## I. ARGUMENT

A party may obtain discovery regarding any matter, not privileged, that is relevant to any claims or defenses, and proportional to the needs of the case. Fed. R. Civ. P. 26. Discovery pursuant to the Federal Rules is a "broad . . . regime," *02 Micro Int'l v. Monolithic Power Sys.*, 467 F.3d 1355, 1366 (5th Cir. 2006), and the Local Rules for this Court reflect this. *See* L.R. CV-26(d). Discovery need not even be admissible at trial to be obtained, since the purpose is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Stone v. Unocal Termination Allowance Plan*, 2007 WL 1341441 at *1 (S.D. Tex. May 7, 2007). Any information that "deserves to be considered in the preparation, evaluation or trial of a claim or defense" is discoverable. L.R. CV-26(d)(4).

An interrogatory may relate to any matter that may be broadly inquired into under Rule 26. Fed. R. Civ. P. 33(a)(2). Absent a timely and *specific* objection, interrogatories must be answered fully. Fed. R. Civ. P. 33(b)(3), (4). If a party fails to answer, or if a party's answers are evasive or incomplete, a motion to compel is warranted. Fed. R. Civ. P. 37(a)(3)(B)(iii), (4). Here, Samsung has littered its responses to CyWee's interrogatories with baseless, boilerplate objections, and it has either failed to answer, provided incomplete answers, or simply pointed to unspecified categories of documents in order to avoid answering. Each interrogatory at issue is addressed below:

**A. Interrogatory No. 7: Samsung Has Failed To Answer.**

CyWee's Interrogatory No. 7 states as follows: "Identify the Person or people that You believe would have participated in the Hypothetical Negotiation on Your behalf. If more than one Person, also Identify the Person who would have been the decisionmaker." (Ex. A at 6). This question, which simply seeks to discover the identities of individuals who would have been involved in a hypothetical negotiation, is relevant to CyWee's claim for damages as measured by a reasonable royalty. Information responsive to this request goes to the core of CyWee's damages theories, and is discoverable. *See Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 116, 1120 (S.D.N.Y. 1970) (listing relevant factors for damage models, including results of a hypothetical negotiation). Moreover, it is a question that Samsung can undoubtedly answer with little to no difficulty. Thus, the interrogatory is proportional to the needs of the case.

Instead of providing a substantive response, Samsung launched a barrage of objections to the interrogatory, asserting, among other things, that the question asks an improper hypothetical (even though the hypothetical negotiation methodology is a well-settled measure of damages in patent cases), seeks information outside Samsung's control, that it is unduly burdensome, vague, premature, and seeks privileged information. (Ex. B at 22). Subject to those objections, Samsung conceded the relevance of the interrogatory by purporting to answer it, stating: "The Licensing Team within Samsung Electronics Co., Ltd., would have negotiated the hypothetical license." (Ex. B at 23). Samsung did not, however, identify any individuals on that licensing team, nor did it name the decisionmaker

on that team.[1] During the parties' meet and confer efforts to resolve this dispute, Samsung contended that this interrogatory "call[s] for expert testimony." (Ex. C).

The Court should order Samsung to identify all individuals on Samsung's Licensing Team from 2010 to the present.[2] This information is discoverable because it will unquestionably lead to the discovery of admissible evidence and, at a minimum, the information will allow CyWee to obtain evidence necessary to prepare and evaluate its claims. L.R. CV-26(4). Samsung's most recent objection to the interrogatory (that it calls for expert testimony) is baseless because the Interrogatory merely seeks an identification of individuals, which is certainly well within the scope of allowable discovery under Fed. R. Civ. P. 26. Because the identities of individuals who would have been involved in a hypothetical negotiation and the identity of the ultimate decisionmaker in such a negotiation is critical to development of CyWee's claim for damages, the Court should compel Samsung to fully respond to Interrogatory No. 7.

**B. Interrogatory No. 8: Samsung Improperly Relies on Rule 33(d).**

CyWee's Interrogatory No. 8 states as follows: "For the Person identified in Your Response to Interrogatory No. 7, Identify every License Agreement they have participated in negotiating." Thus, for the specific individuals identified as being part of Samsung's Licensing Team, this interrogatory seeks discovery of other license agreements that those individuals have negotiated.

---

[1] CyWee's Interrogatories define the term "identify" so as to include each person's name, address, telephone number, and email address. (Ex. A at 2).
[2] CyWee only seeks information subsequent to 2010, due to the January 6, 2010 priority date of the patents-in-suit. (Dkt. 1, CyWee's Original Complaint at 4).

5

As with the previous interrogatory, Samsung lodged a litany of objections, including that the interrogatory is overbroad, oppressive, burdensome, ambiguous, premature, and somehow seeks information protected by the attorney-client privilege. (Ex. B at 23-24). Subject to those objections, Samsung responded (in its Supplemental Responses) only as follows: "Pursuant to Fed. R. Civ. P. 33(d), Samsung will produce comparable licenses." (Ex. B. at 24). Samsung did not produce any such licenses along with its response, nor did it identify any document control numbers for any such licenses that were previously produced. Samsung has not disclosed what it believes the term "comparable" means in the context of its response, and Samsung has merely left it up to CyWee to determine which previously produced documents, if any, might provide an answer to this interrogatory. CyWee is not aware of any such previously produced documents.

Fed. R. Civ. P. 33(d) provides that if an answer to an interrogatory may be determined from a party's business records, "and if the burden of deriving or ascertaining the answer will be substantially the same for either party," the responding party may answer by "*specifying* the records that must be reviewed*, in sufficient detail* to enable the interrogating party to locate and identify them as readily as the responding party could." (emphasis added). A party may not simply refer a requesting party to a "mass of records," but must instead specifically identify which documents contain the requested information. *Sky Techs., L.L.C. v. IBM Corp.*, Civ. No. 2:03-cv-454, Dkt. No. 98 (E.D. Tex. Apr. 1, 2005) (Craven, J.). Without a detailed identification of such documents, the burden of deriving an answer to the interrogatory cannot be the same for both parties. *O'Connor, et al. v. Boeing North American, Inc., et al.*, 185 F.R.D. 272, 278 (C.D. Cal. 1999). In such a case, an order compelling a specific and detailed response is appropriate.

Here, the relevance of the requested licensing agreements is not in dispute—Samsung has effectively admitted as much, insofar as its answer vaguely commits to producing documents containing that information. Indeed, comparable license agreements are discoverable in order to evaluate the potential results of a hypothetical negotiation, and are proportional to the needs of this case. *Mirror Worlds Technologies, LLC v. Apple, Inc.*, Case No. 6:13-cv-419, 2016 WL 4265758, at *1 (E.D. Tex. March 17, 2016) (Schroeder, J.). However, Samsung has either not produced the documents, or has failed to identify them with the requisite level of specificity to enable CyWee to determine which documents contain the answers it seeks. It should not be left to CyWee to speculate as to which documents contain that information. Samsung should be compelled to either produce all licensing agreements that have been negotiated by the specific individuals identified in response to Interrogatory No. 7 since 2010, or fully answer this Interrogatory.

**C. Interrogatory No. 10: Samsung Has Failed to Answer.**

CyWee's Interrogatory No. 10 states as follows: "Identify all of Your products in existence or development at the time of the Hypothetical Negotiation whose sales (both actual and projected) would have been considered by You during the Hypothetical Negotiation." Like CyWee's Interrogatory No. 7 (discussed above), this interrogatory seeks information relevant to CyWee's calculation of damages based upon a reasonable royalty.

Once again, Samsung raised numerous boilerplate objections to this request, but ultimately attempted to answer the question; however, Samsung did not answer the question that CyWee asked. Rather than identifying product sales that would have been considered in a hypothetical negotiation, Samsung responded that "[it] is aware that CyWee has identified Accused Instrumentalities but is not aware of any product that it imports,

makes, uses, sells, or offers to sell in the United States that practices any claim of the patents-in-suit." (Ex. B at 26). Regardless of whether Samsung is aware of any infringing products, the question posed was entirely different—it simply asked what products would have been considered in a hypothetical negotiation. The question is specifically targeted to elicit discovery pertinent to CyWee's claim for damages based on royalties that would have been achieved in such a negotiation. Moreover, despite Samsung's objection that the interrogatory "call[s] for expert testimony," the question simply asks Samsung to identify a category of products, not to offer any expert opinions on those products. Because Samsung completely ignored the question that was asked, and because that question seeks relevant and discoverable information, the Court should order Samsung to directly answer it.

### D. Interrogatory No. 19: Samsung Has Refused To Answer.

CyWee's Interrogatory No. 19 states as follows: "Identify all features of the Accused Products that You believe should be included in a conjoint study used to determine the value of the inventions claimed in the Patents-In-Suit." Like the foregoing interrogatories, this request seeks relevant evidence necessary for CyWee to establish the measure of damages it seeks in this case.

Samsung objected to the interrogatory on a multitude of grounds, and ultimately refused to provide any responsive information. According to Samsung, "[a]fter a search, [it] has not located 'conjoint' studies or other studies directed to determining the value" of the inventions claimed. (Ex. B at 39). Moreover, Samsung refused to provide responsive information because it was "premature at this juncture." *Id*. Through the parties' meet and confer efforts, Samsung has persisted in objecting that the requested information is "premature." (Ex. C). Samsung

cannot explain why it believes the request is premature, nor did it identify the "juncture" at which it would ever be willing to produce such information.

Once again, Samsung has not addressed the specific question that CyWee asked. Interrogatory No. 19 does not request the results of conjoint studies that have been performed; rather, it seeks identification of *all features of the Accused Products* that should be included in such a study. CyWee is not asking Samsung to perform conjoint studies, but to merely provide the information necessary for CyWee's experts to perform those studies. Nor, as Samsung contends, is this interrogatory premature. Under the Court's Docket Control Order, CyWee must disclose its experts by May 28, 2018, which is also the deadline for fact discovery. (Dkt. 34). CyWee's experts need this information now, so that they can not only conduct studies necessary for CyWee's damage model, but to also guide CyWee's efforts to obtain discovery of other potentially relevant categories of information prior to the discovery deadline. Because Samsung has no reasonable basis to delay this discovery, the Court should overrule Samsung's objections, and order it to provide the information requested in Interrogatory No. 19.

## II.  CONCLUSION

For the reasons set forth above, CyWee respectfully requests the Court overrule Samsung's objections to Interrogatory Nos. 7, 8, 10, and 19, and order Samsung to provide complete responses to those Interrogatories.

Date: November 30, 2017

Respectfully submitted,

*/s/ Christopher Evans*
Michael W. Shore
Texas State Bar No. 18294915
mshore@shorechan.com
Alfonso Garcia Chan
Texas State Bar No. 24012408
achan@shorechan.com
Christopher L. Evans
Texas State Bar No. 24058901
cevans@shorechan.com
Ari B. Rafilson
Texas State Bar No. 24060456
arafilson@shorechan.com
William D. Ellerman
Texas State Bar No. 24007151
wellerman@shorechan.com
Paul T. Beeler
Texas State Bar No. 24095432
pbeeler@shorechan.com

SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111

Attorneys for Plaintiff
CyWee Group Ltd.

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 30, 2017.

*/s/ Christopher Evans*
Christopher Evans

## **CERTIFICATE OF CONFERENCE**

The undersigned certifies that counsel has complied with the meet and confer requirement in Local Rule CV-7(h). On September 20, 2017, the undersigned counsel for Plaintiff held a telephone conference with Elizabeth Brann, counsel for Defendants, regarding Defendants' responses to Plaintiffs' interrogatories, including the requests at issue in this motion. The parties were unable to reach agreement at that time; however, counsel for the parties continued to correspond regarding the matters at issue in this motion, as reflected on Exhibit C attached hereto. Although Defendants committed to supplement a number of the interrogatories, they refused to supplement interrogatories 7, 10, and 19, among others. (Ex. C). Defendants served supplemental responses on October 13, 2017, which confirmed their refusal to provide any further responses to the interrogatories at issue. Accordingly, no agreement can be reached on the issues presented in this motion, and the parties' discussions are at an impasse and require court resolution. Defendants are opposed to the foregoing motion.

/s/ *Christopher Evans*
Christopher Evans