**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| CYWEE GROUP LTD., Plaintiff | § | |
| v. | § | NO. 2:17-CV-00140-RWS-RSP |
| SAMSUNG ELECTRONICS CO. LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., Defendants. | § | |

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO STRIKE PLAINTIFF CYWEE GROUP LTD.'S MOTION TO COMPEL**

CyWee Group Ltd. failed to meet and confer with Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") before filing its Motion to Compel Interrogatory Responses (Dkt. 49), and its motion to compel exceeds the page limit for discovery motions imposed by this Court's Standing Order. Although Samsung notified CyWee of these issues and asked CyWee to withdraw its motion and seek leave of the Court to re-file in compliance with the Standing Order, CyWee refused to do so without providing any basis for its position. Given CyWee's clear failure to comply with multiple rules applicable to the filing of discovery motions in this case, Samsung respectfully requests that the Court strike CyWee's motion to compel.

## I. BACKGROUND

Samsung served its responses to CyWee's First Set of Interrogatories on September 11, 2017. On September 20, the parties met and conferred regarding those initial responses. (Brann Decl., ¶ 2.) Samsung subsequently agreed to supplement a number of its responses to those

interrogatories. (Brann Decl., Ex. 1.) On October 13, Samsung served those supplemental responses, including supplemental responses for Interrogatory Nos. 8 and 19. (Dkt. 49, Ex. B.)

After receiving those supplemental responses, CyWee did not meet and confer with Samsung. (Brann Decl., ¶ 3.) Instead, on November 30, CyWee notified Samsung that it intended to file a motion to compel, including on Samsung's supplemental responses to Interrogatory Nos. 8 and 19, later that same day. (Brann Decl., Ex. 2.) Then, before Samsung had time to respond, CyWee filed its motion to compel. (Dkt. 49.) CyWee's motion to compel is almost 9 pages long and contains over 80 pages of attachments. (Dkt. Nos. 49, 49-1, 49-2, 49-3.)

On December 13, Samsung and CyWee met and conferred regarding CyWee's failure to meet and confer with Samsung before filing its motion to compel, as required under Local Rule 7(h), and the excessive length of CyWee's motion to compel in light of the Court's Standing Order. (Moseley Decl., ¶ 2.) Although Samsung asked CyWee to provide the legal bases for its arguments, CyWee refused to do so and maintained without support that it motion to compel was proper. *Id.*

## II. ARGUMENT

### A. CyWee Failed to Meet and Confer Before Filing its Motion to Compel

Before filing any motion in this Court, a party must meet and confer with the opposing party "by telephone or in person." L.R. 7(h). For a discovery-related motion, that meet and confer must be between lead and local counsel. *Id.*

Here, CyWee not only failed to confer with Samsung regarding any of the above-mentioned issues "by telephone or in person." Samsung supplemented its responses to CyWee's Interrogatory Nos. 8 and 19 on October 13. CyWee never contacted Samsung regarding either of those supplemented responses. Moreover, at no time did CyWee's lead counsel, Michael Shore, meet and confer with Samsung's lead and local counsel, Christopher Kennerly and Melissa

Smith. (Brann Decl. ¶ 6.) Thus, because CyWee failed to properly meet and confer with Samsung regarding any of the interrogatories for which it now compels an additional response, Samsung respectfully requests that the Court strike CyWee's motion to compel.

### B. CyWee's Motion to Compel Exceeds the Page Limits Required Under the Court's Standing Order

The length of CyWee's motion to compel and the number of pages in the attachments supporting that motion both exceed the maximum page limits allowed under the Standing Order. The Court's Standing Order and Judge Payne's Sample Discovery Order both limit opposed discovery motions to no more than 7 pages. *See* June 3, 2016 Standing Order Regarding "Meet and Confer" Obligations relating to Discovery Disputes at 1; Sample Discovery Order for Patent Cases Assigned to Judge Rodney Gilstrap and Judge Roy Payne at 6. CyWee's motion to compel is almost 9 pages—close to 2 pages longer than the allowed length. CyWee's attachments to that motion total more than 80 pages—at least 75 pages more than total number of pages permitted by the Standing Order. Therefore, CyWee's motion to compel should be stricken.

## III. CONCLUSION

CyWee's motion to compel was filed in violation of Local Rule 7(h) and exceeds the page limit imposed by the Court's Standing Order. Despite Samsung's requests, CyWee has refused to take any steps to comply with either of those requirements. Accordingly, Samsung respectfully requests that the Court strike CyWee's Motion to Compel Interrogatory Responses.

DATED: December 14, 2017

Respectfully submitted,

By: */s/ Christopher W. Kennerly*

Christopher W. Kennerly
TX Bar No. 00795077
chriskennerly@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Ave.
Palo Alto, California 94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Elizabeth L. Brann (*pro hac vice*)
CA Bar No. 222873
elizabethbrann@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, California 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Melissa R. Smith
TX Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Attorneys for Defendants
SAMSUNG ELECTRONICS CO. LTD AND SAMSUNG ELECTRONICS AMERICA, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on December 14, 2017. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Christopher W. Kennerly*
Christopher W. Kennerly

**CERTIFICATE OF CONFERENCE**

In accordance with Local Rule CV-7(h), I hereby certify that counsel for Defendant, Steven Moseley, met and conferred with counsel for Plaintiff, Will Ellerman, by telephone on December 13, 2017. Counsel for Plaintiff indicated that it would oppose the relief requested herein.

*/s/ Christopher W. Kennerly*
Christopher W. Kennerly