# Exhibit 1

| | |
|---|---|
| **From:** | Brann, Elizabeth L. |
| **Sent:** | Friday, September 29, 2017 11:49 AM |
| **To:** | Christopher Evans |
| **Cc:** | Team Samsung CyWee; Ari Rafilson; Michael Shore; Alfonso G Chan; Paul Beeler; Rhonda Polvado; Andrew Huffstetler; 'melissa@gillamsmithlaw.com'; Caroline Johnson |
| **Subject:** | RE: CyWee v. Samsung, Case No. 2:17-cv-0140-RWS-RSP |

Chris,

Below is our update regarding Samsung's supplemental responses to CyWee's First Set of Interrogatories. Samsung will supplement its responses to interrogatories 1-6, 8, 11, 14, 16-18, 20-26, and 29-31. However, Samsung will not supplement its responses to the remaining interrogatories—7, 9, 10, 12, 13, 15, 19, 27 and 28.

Samsung's original responses to interrogatories 9, 12, 13, 15, 27, and 28 remain complete. For the remaining interrogatories, Samsung maintains its objections and will not supplement its responses. A summary of Samsung's objections to each of those interrogatories, as also set forth in Samsung's original objections and responses, follows below.

- **Numbers 7, 10:** Interrogatory no. 7 asks Samsung to "[i]dentify the Person or people that [it believes] would have participated in the Hypothetical Negotiation on [its] behalf." Number 10 asks Samsung to "[i]dentify all of [its] products in existence or development at the time of the Hypothetical Negotiation whose sales (both actual and projected) would have been considered by [Samsung] during the Hypothetical Negotiation." Both of these interrogatories are improper because, *inter alia*, they present improper hypotheticals and therefore call for expert testimony. *See, e.g., " i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 854 (Fed. Cir. 2010)(noting that the Federal Circuit "ha[s] consistently upheld **experts'** use of a hypothetical negotiation…for estimating a reasonable royalty" and inferring that such an analysis of a hypothetical negotiation requires expert testimony) (emphasis added).

- **Number 19:** Interrogatory no. 19 asks that Samsung "[i]dentify all features of the Accused Products that [it] believe[s] should be included in a conjoint study used to determine the value of the inventions claimed in the Patents-In-Suit." Given that the response to this interrogatory requires damages expert testimony regarding the proper makeup of any such study, this interrogatory is improper because, *inter alia*, it is premature. *See In re Mega Sys., L.L.C.*, 2006 Bankr. LEXIS 4682, at *3-4 (E.D. Tex. Sep. 14, 2006)(finding an individual unqualified to render an opinion regarding valuation of a patent because he was not an expert and lacked "specialized knowledge, skill, training [and] education in the valuation of patents.").

Of course, Samsung reserves the right to further amend or supplement its responses to any of CyWee's interrogatories after further investigation and discovery, after the Court construes the claims, as the posture of this action changes, or for any other reason permitted under the rules.

In order to allow sufficient time to collect documents and other information necessary to supplement these responses, and because Samsung will be closed for the Korean holidays from October 2-9, we expect to serve the supplemental responses on Friday, October 13.

Best regards,

Liza

**Elizabeth L. Brann** | Partner, Litigation Department
Paul Hastings LLP | 4747 Executive Drive, Twelfth Floor, San Diego, CA 92121 | Direct: +1.858.458.3014 | Main: +1.858.458.3000 | Fax: +1.858.458.3005 | elizabethbrann@paulhastings.com | www.paulhastings.com

---

**From:** Christopher Evans [mailto:cevans@ShoreChan.com]
**Sent:** Friday, September 29, 2017 9:28 AM
**To:** Brann, Elizabeth L.
**Cc:** Team Samsung CyWee; Ari Rafilson; Michael Shore; Alfonso G Chan; Paul Beeler; Rhonda Polvado; Andrew Huffstetler; 'melissa@gillamsmithlaw.com'; Caroline Johnson
**Subject:** [EXT] RE: CyWee v. Samsung, Case No. 2:17-cv-0140-RWS-RSP

Liza,

When can I expect to hear from you today about whether Samsung will supplement interrogatories numbers 3, 6, 7, 16, 19, 22, 23, 24, 25, and 31?

Best,

Chris Evans



Christopher L. Evans
Shore Chan DePumpo LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
214-593-9118 (Direct)
214-593-9110 (Firm)
214-593-9111 (Fax)

**NOTICE OF CONFIDENTIALITY:**
The information contained in and transmitted with this e-mail may be subject to the Attorney-Client and Attorney Work Product privileges, and is Confidential. It is intended only for the individuals or entities designated as recipients above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

---

**From:** Christopher Evans
**Sent:** Wednesday, September 20, 2017 12:01 PM
**To:** Brann, Elizabeth L. <elizabethbrann@paulhastings.com>
**Cc:** Team Samsung CyWee <TeamSamsungCyWee@paulhastings.com>; Ari Rafilson <arafilson@ShoreChan.com>; Michael Shore <mshore@ShoreChan.com>; Alfonso G Chan <achan@ShoreChan.com>; Paul Beeler <pbeeler@ShoreChan.com>; Rhonda Polvado <rpolvado@ShoreChan.com>; Andrew Huffstetler <ahuffstetler@ShoreChan.com>; 'melissa@gillamsmithlaw.com' <melissa@gillamsmithlaw.com>; Caroline Johnson <cjohnson@ShoreChan.com>
**Subject:** RE: CyWee v. Samsung, Case No. 2:17-cv-0140-RWS-RSP

Liza,

Thank you for conferring with me today about Samsung's interrogatories today. My understanding is that you will let me know by next Friday (9/29/17) whether Samsung will supplement interrogatories numbers 3, 6, 7, 16, 19, 22, 23, 24, 25, and 31. You agreed to supplement all other interrogatories on October 6, 2017 and that supplementation will includes specific bates numbers or ranges for each interrogatory that currently cites to Rule 33(d).

I promised to provide you with some legal cases concerning the discoverability of the existence and membership of a joint defense group, these are listed below. While I will acknowledge that there is a significant split over whether joint defense agreements themselves are discoverable, there is general agreement in the caselaw that the existence of a joint defense group and the identities of its members are relevant and discoverable, which is what we've requested.

- "The parties to a joint defense agreement, however, are relevant because the *existence* of the agreement may demonstrate bias." *Biovail Labs. Int'l SRL v. Watson Pharm., Inc.*, No. 10-20526-CIV, 2010 WL 3447187, at *1 (S.D. Fla. Aug. 30, 2010).
- "That being said, however, the parties to the agreement, as Judge Schneider found, are relevant. Edgewood has a right to know which parties are maintaining a common defense against it." *Ford Motor Co. v. Edgewood Properties, Inc.*, 257 F.R.D. 418, 428 (D.N.J. 2009)
- "Plaintiff first seeks the identity of all participants in the joint defense group. We have previously noted that should the joint defense agreement be memorialized in writing, defendants should produce a copy of the agreement to plaintiff. If the agreement was made orally or informally, defendants need only produce to defendant a list of the participating members." *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, No. 04 C 5312, 2007 WL 1302765, at *2 (N.D. Ill. May 1, 2007).

Best,

Chris Evans



Christopher L. Evans
Shore Chan DePumpo LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
214-593-9118 (Direct)
214-593-9110 (Firm)
214-593-9111 (Fax)

**NOTICE OF CONFIDENTIALITY:**
The information contained in and transmitted with this e-mail may be subject to the Attorney-Client and Attorney Work Product privileges, and is Confidential.  It is intended only for the individuals or entities designated as recipients above.  You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited.  If you have received this e-mail in error, please notify the sender by reply immediately.  Any e-mail erroneously transmitted to you should be immediately destroyed.

**From:** Christopher Evans
**Sent:** Wednesday, September 13, 2017 5:02 PM
**To:** Brann, Elizabeth L. <elizabethbrann@paulhastings.com>
**Cc:** Team Samsung CyWee <TeamSamsungCyWee@paulhastings.com>; Ari Rafilson <arafilson@ShoreChan.com>; Michael Shore <mshore@ShoreChan.com>; Alfonso G Chan <achan@ShoreChan.com>; Paul Beeler

<pbeeler@ShoreChan.com>; Rhonda Polvado <rpolvado@ShoreChan.com>; Andrew Huffstetler <ahuffstetler@ShoreChan.com>; 'melissa@gillamsmithlaw.com' <melissa@gillamsmithlaw.com>; Caroline Johnson <cjohnson@ShoreChan.com>
**Subject:** RE: CyWee v. Samsung, Case No. 2:17-cv-0140-RWS-RSP

Liza,

Let's talk at 9:00 a.m. PT. We'll send a dial in number before the call.



Christopher L. Evans
Shore Chan DePumpo LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
214-593-9118 (Direct)
214-593-9110 (Firm)
214-593-9111 (Fax)

**NOTICE OF CONFIDENTIALITY:**
The information contained in and transmitted with this e-mail may be subject to the Attorney-Client and Attorney Work Product privileges, and is Confidential. It is intended only for the individuals or entities designated as recipients above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

---

**From:** Brann, Elizabeth L. [mailto:elizabethbrann@paulhastings.com]
**Sent:** Wednesday, September 13, 2017 3:52 PM
**To:** Christopher Evans <cevans@ShoreChan.com>
**Cc:** Team Samsung CyWee <TeamSamsungCyWee@paulhastings.com>; Ari Rafilson <arafilson@ShoreChan.com>; Michael Shore <mshore@ShoreChan.com>; Alfonso G Chan <achan@ShoreChan.com>; Paul Beeler <pbeeler@ShoreChan.com>; Rhonda Polvado <rpolvado@ShoreChan.com>; Andrew Huffstetler <ahuffstetler@ShoreChan.com>; 'melissa@gillamsmithlaw.com' <melissa@gillamsmithlaw.com>
**Subject:** RE: CyWee v. Samsung, Case No. 2:17-cv-0140-RWS-RSP

Chris,

In light of your unfounded accusation that Samsung did not provide any responsive information and boilerplate reliance on Rule 33, CyWee's positions regarding Samsung's interrogatory responses remain unclear. As noted in my prior email, the parties' discussion regarding these responses will be much more productive if Samsung has notice of (1) the specific deficiencies CyWee has identified and (2) why CyWee thinks it is entitled to any supposedly missing information. Please provide this information as soon as possible.

I will be available to discuss on Wednesday between 9:00am and 11:00am Pacific time. Please confirm that this time works for you and circulate dial-in information.

Best regards,

Liza

_____

---



**Elizabeth L. Brann** | Partner, Litigation Department
Paul Hastings LLP | 4747 Executive Drive, Twelfth Floor, San Diego, CA 92121 |
Direct: +1.858.458.3014 | Main: +1.858.458.3000 | Fax: +1.858.458.3005 |
elizabethbrann@paulhastings.com | www.paulhastings.com

---

**From:** Christopher Evans [mailto:cevans@ShoreChan.com]
**Sent:** Wednesday, September 13, 2017 12:23 PM
**To:** Brann, Elizabeth L.; O'Brien, Karen R.; Ari Rafilson; Michael Shore; Alfonso G Chan; Paul Beeler; Rhonda Polvado; Andrew Huffstetler
**Cc:** Team Samsung CyWee; 'melissa@gillamsmithlaw.com'
**Subject:** [EXT] RE: CyWee v. Samsung, Case No. 2:17-cv-0140-RWS-RSP

Liza,

Let's plan to talk on Wednesday the 20th. Samsung didn't provide a substantive response to a single interrogatory. So to answer your questions: (1) all requested information and (2) Federal Rule of Civil Procedure 33.

Best,

Chris Evans


<image002.gif>

Christopher L. Evans
Shore Chan DePumpo LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
214-593-9118 (Direct)
214-593-9110 (Firm)
214-593-9111 (Fax)

**NOTICE OF CONFIDENTIALITY:**
The information contained in and transmitted with this e-mail may be subject to the Attorney-Client and Attorney Work Product privileges, and is Confidential.  It is intended only for the individuals or entities designated as recipients above.  You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited.  If you have received this e-mail in error, please notify the sender by reply immediately.  Any e-mail erroneously transmitted to you should be immediately destroyed.

---

**From:** Brann, Elizabeth L. [mailto:elizabethbrann@paulhastings.com]
**Sent:** Wednesday, September 13, 2017 1:25 PM
**To:** Christopher Evans <cevans@ShoreChan.com>; O'Brien, Karen R. <karenobrien@paulhastings.com>; Ari Rafilson <arafilson@ShoreChan.com>; Michael Shore <mshore@ShoreChan.com>; Alfonso G Chan <achan@ShoreChan.com>; Paul Beeler <pbeeler@ShoreChan.com>; Rhonda Polvado <rpolvado@ShoreChan.com>; Andrew Huffstetler <ahuffstetler@ShoreChan.com>
**Cc:** Team Samsung CyWee <TeamSamsungCyWee@paulhastings.com>; 'melissa@gillamsmithlaw.com' <melissa@gillamsmithlaw.com>
**Subject:** RE: CyWee v. Samsung, Case No. 2:17-cv-0140-RWS-RSP

Chris,

I will be available to meet and confer early next week. Please let us know your availability on either Monday (9/18) or Wednesday (9/20). Also, to enable a meaningful discussion, please let us know by the end of the week: (1) what

information CyWee specifically contends is missing from Samsung's responses; and (2) for each allegedly deficient response, CyWee's basis for its contention that is entitled to that information.

Best regards,

Liza

_____

<image001.gif>  **Elizabeth L. Brann** | Partner, Litigation Department
Paul Hastings LLP | 4747 Executive Drive, Twelfth Floor, San Diego, CA 92121 | Direct: +1.858.458.3014 | Main: +1.858.458.3000 | Fax: +1.858.458.3005 | elizabethbrann@paulhastings.com | www.paulhastings.com

---

**From:** Christopher Evans [mailto:cevans@ShoreChan.com]
**Sent:** Tuesday, September 12, 2017 7:04 AM
**To:** O'Brien, Karen R.; Ari Rafilson; Michael Shore; Alfonso G Chan; Paul Beeler; Rhonda Polvado; Andrew Huffstetler
**Cc:** Team Samsung CyWee; 'melissa@gillamsmithlaw.com'
**Subject:** [EXT] RE: CyWee v. Samsung, Case No. 2:17-cv-0140-RWS-RSP

Christopher,

When are you available to conference about these non-responses?

Best,

Chris Evans



<image002.gif>

Christopher L. Evans
Shore Chan DePumpo LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
214-593-9118 (Direct)
214-593-9110 (Firm)
214-593-9111 (Fax)

NOTICE OF CONFIDENTIALITY:
The information contained in and transmitted with this e-mail may be subject to the Attorney-Client and Attorney Work Product privileges, and is Confidential.  It is intended only for the individuals or entities designated as recipients above.  You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited.  If you have received this e-mail in error, please notify the sender by reply immediately.  Any e-mail erroneously transmitted to you should be immediately destroyed.

---

**From:** O'Brien, Karen R. [mailto:karenobrien@paulhastings.com]
**Sent:** Monday, September 11, 2017 6:55 PM
**To:** Ari Rafilson <arafilson@ShoreChan.com>; Michael Shore <mshore@ShoreChan.com>; Alfonso G Chan

<achan@ShoreChan.com>; Christopher Evans <cevans@ShoreChan.com>; Paul Beeler <pbeeler@ShoreChan.com>; Rhonda Polvado <rpolvado@ShoreChan.com>; Andrew Huffstetler <ahuffstetler@ShoreChan.com>
**Cc:** Team Samsung CyWee <TeamSamsungCyWee@paulhastings.com>; 'melissa@gillamsmithlaw.com' <melissa@gillamsmithlaw.com>
**Subject:** CyWee v. Samsung, Case No. 2:17-cv-0140-RWS-RSP

Counsel,

Attached for service please find Samsung's Objections and Responses to Plaintiff's First Set of Interrogatories.

Best regards,
Karen

_____

<image001.gif>    **Karen O'Brien | Client Service Specialist**
Paul Hastings LLP | 4747 Executive Drive, Twelfth Floor, San Diego, CA 92121 | Direct: +1.858.458.2021 | Main: +1.858.458.3000 | Fax: +1.858.458.3005 |
karenobrien@paulhastings.com | www.paulhastings.com

*******************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at

*******************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at

*******************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at