IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CYWEE GROUP LTD., | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | NO. 2:17-CV-00140-RWS-RSP |
| | § | |
| SAMSUNG ELECTRONICS CO. LTD. | § | |
| AND SAMSUNG ELECTRONICS | § | |
| AMERICA, INC., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S OPPOSITION TO PLAINTIFF CYWEE'S MOTION TO COMPEL INTERROGATORY RESPONSES**

Plaintiff CyWee Group Ltd.'s motion to compel (Dkt. 49, "Mot.")[1] lacks any cognizable factual or legal basis. Contrary to CyWee's attempts to reframe the disputed interrogatories as only requesting basic factual information, each disputed interrogatory asks Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") to blindly speculate on a number of topics with very limited connection to the issues in dispute. Samsung has already provided the facts in its possession; providing anything further would require Samsung to guess, for example, which specific person would have negotiated a hypothetical license in 2010 even though CyWee cannot cite a single case identifying why that question is relevant to this case. CyWee also seeks to require Samsung to ask an expert to opine on the proper design of a conjoint study even though CyWee has refused to provide its own expert's opinions regarding damages. Such an asymmetrical approach to discovery cannot be

---

[1] On December 14, 2017, Defendants also filed a motion to strike CyWee's motion to compel due to CyWee's failure to meet and confer and that motion's excessive length in violation of this Court's standing order on discovery motions. (Dkt. 50.)

appropriate. Therefore, Samsung respectfully requests that the Court deny CyWee's motion to compel.

I.       STATEMENT OF FACTS

CyWee served its first set of interrogatories on August 11, 2017. (Mot., Ex. A.) Interrogatory numbers 7, 8, 10, and 19 request information about hypothetical scenarios, including the person or people who would have participate in the hypothetical negotiation, the licenses those people negotiated, the products Samsung would have considered at the time, and the features Samsung believes should be included in a conjoint study. Samsung served its responses on September 11, objecting to the aforementioned interrogatories on the ground that each "seeks expert discovery in a manner inconsistent with the Federal Rules of Civil Procedure and/or the Court's procedural and scheduling orders." (Brann Decl. ¶ 2.) Samsung further objected that the interrogatories call for information not proportional to the needs of the case, particularly given their limited relevance.

CyWee sent a vague e-mail stating that each of Samsung's responses was deficient. (Mot., Ex. C at 8.) Samsung requested more detail about CyWee's positions, but CyWee refused to do so in writing, in violation of paragraph 9(a) of the Discovery Order. *Id.* at 6–7. Notwithstanding, the parties met and conferred on September 20, and, on September 29, Samsung agreed to supplement its response to a number of interrogatories, including Interrogatory No. 8. *Id.* at 3. However, Samsung declined to supplement its responses to Interrogatory Nos. 7, 10, and 19, citing multiple cases to support its position. *Id.*

Samsung served its supplemental responses on October 13, including responses for Interrogatory Nos. 8 and 19. (Mot., Ex. B.) As it had previously represented to CyWee, Samsung did not supplement its responses to Interrogatory Nos. 7 or 10. *See id.* On November 30, without first meeting and conferring about the supplemental responses, CyWee notified Samsung that it

intended to file a motion to compel later that that same day. (Mot. to Strike, Ex. 2.) Before Samsung had time to respond, CyWee filed its motion.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure No. 26(b)(1) states that a party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Among the factors considered in determining whether discovery is proportional to the needs of the case is "the importance of the discovery in resolving the issues." *Id*. To the extent that a party will rely on an expert for damages, "the computation of damages may be deferred until the time for Expert Disclosures . . . ." (Dkt. 35, Disc. Ord. ¶ 3(c).)

## III. ARGUMENT

### A. Samsung Has Provided All Relevant Information Responsive to Interrogatory No. 7

Interrogatory No. 7 requests an identification of the person or persons that "would have participated in the Hypothetical Negotiation" on Samsung's behalf and the person who would have been the decisionmaker. (Mot., Ex. A at 6.) Samsung objected that the interrogatory was "not proportional to the needs of the case considering the minimal benefit of the information to any party's claims and defense in this litigation versus the substantial costs of identifying and providing relevant information." Samsung further objected to this interrogatory as calling for expert discovery. Notwithstanding, Samsung fully responded by stating that "[t]he Licensing Team within Samsung Electronics Co., Ltd., would have negotiated the hypothetical license." It is unclear how CyWee could ask Samsung to provide any more specific information, given that no such negotiation actually occurred; any response from Samsung would be mere speculation.

The actual identity of the person who would have participated in the hypothetical negotiation is not relevant to the *Georgia-Pacific* factors. *See, e.g.*, *Georgia-Pacific Corp. v. U.S.*

*Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (listing factors relevant to the modeling of hypothetical negotiation). Although *Georgia-Pacific* does refer to a hypothetical negotiation, CyWee cannot and does not cite a single case relating to the precise identity of the individuals who would have participated. Instead, *Georgia-Pacific* refers solely to the "licensor," "licensee," "patentee," and "infringer." *Id.* Any individual or group of individuals on Samsung's Licensing Team would not have been any of these things.

Notably, Samsung has propounded its own damages contention interrogatory on CyWee. Nowhere did CyWee identify or even refer to the specific individual who would have negotiated on its behalf in the hypothetical negotiation. (Brann Decl. ¶ 3.) Therefore, CyWee has implicitly admitted that this topic is not relevant.

CyWee now asks that Samsung be compelled to respond to Interrogatory No. 7 by "identify[ing] all individuals on Samsung's Licensing Team from 2010 to the present," including the individual Samsung believes would have been the "decisionmaker." (Mot. at 4–5.) CyWee never proposed that Samsung provide this information in response to this interrogatory before filing its motion. Further, this request is not reasonable because it is not proportional to the needs of the case given that the individuals' specific identities are not relevant. Indeed, CyWee has provided no reason why it needs this information.

### B. Samsung Has Provided All Relevant Information Responsive to Interrogatory No. 8

Interrogatory No. 8 requests that Samsung identify every license agreement that all individuals identified in Interrogatory No. 7 negotiated. Samsung objected to this interrogatory on the ground that it is "broad, oppressive and unduly burdensome to the extent it seeks discovery for systems, products and services for which CyWee failed to chart in its Infringement Contentions and technology irrelevant to this case." Samsung also objected that this

interrogatory is "not proportional to the needs of the case considering the minimal benefit of the information to any party's claims and defenses in this litigation versus the substantial costs of identifying and providing relevant information." Nonetheless, relying on Rule 33(d), Samsung agreed to produce comparable licenses "upon receiving consent to do so from all parties required to provide consent under the terms of each agreement." (Mot., Ex. B at 25.) Samsung has produced two licenses since serving that response and continues to seek permission from other third parties to produce their agreements. It is unclear how any other license could be properly discoverable.

CyWee has proposed that Samsung identify all members of its Licensing Team since 2010 in response to Interrogatory No. 7. Interrogatory No. 8 calls for all licenses negotiated by individuals identified in response to Interrogatory No. 7 and hence would require Samsung to produce all licenses negotiated since 2010. But production of licenses is not required unless the requested licenses cover technology "comparable or analogous to . . . the devices accused of infringement." *Wi-Lan Inc. v. Research in Motion Corp.*, No. 10cv859-W, 2010 U.S. Dist. LEXIS 77776, at *14 (S.D. Cal. Jul. 28, 2010); *see also Georgia-Pacific*, 318 F. Supp. at 1120 (S.D.N.Y. 1970) (factor 2 ("rates paid by the licensee for the use of other patents comparable to the patent in suit")). Demanding such licenses is particularly inappropriate if it would place an unreasonable burden on the producing party. *Wi-Lan*, 2010 U.S. Dist. LEXIS 77776, at *15–16.

CyWee cannot argue that a license agreement is comparable simply because it was negotiated by a particular individual. As noted in *Wi-Lan*, whether a license agreement is comparable depends on the degree of similarity between the technology allegedly covered by the asserted patents and the technology covered by the license agreement. Thus, CyWee's request

for any license agreements other than those Samsung has already produced or promised to produce is not reasonable.

### C. Samsung Has Provided All Relevant Information Responsive to Interrogatory No. 10

Samsung also has provided the factual information in its possession that is potentially responsive to Interrogatory No. 10. Interrogatory No. 10 requests that Samsung identify all of its products "in existence or development at the time of the Hypothetical Negotiation whose sales (both actual and projected) would have been considered [] during the Hypothetical Negotiation." (Mot., Ex. B at 25.) Samsung objected that this Interrogatory prematurely sought expert discovery. *Id.* at 26. Samsung responded by stating that "Samsung is aware that CyWee has identified Accused Instrumentalities but is not aware of any product that it imports, makes, uses, sells, or offers to sell in the United States that practices any claim of the patents-in-suit." *Id.*

To the extent that the *Georgia-Pacific* factors relate to the potential licensee's products, they refer to the products that practice the relevant patent. *Georgia-Pacific*, 318 F. Supp. at 1120 (factors 6 ("effect of selling patented specialty"), 8 ("established profitability of the product made under the patent"), 11 ("extent to which the infringer has made use of the invention")). Therefore, Samsung referred back to the products accused of infringement in this case, although it disagrees that they infringe CyWee's patents. Samsung does not believe it has ever sold a product that practices CyWee's patents and therefore cannot identify additional products. Notably, CyWee's damages contention interrogatory response does not identify any additional Samsung products even though Samsung's products are publicly marketed and sold. Without something more, it is not clear what other relevant information CyWee wants Samsung to provide.

### D. Samsung Has Provided All Relevant Information Responsive to Interrogatory No. 19

Samsung has provided as much information as possible in response to Interrogatory No. 19. It requests "all features of the Accused Products that You believe should be included in a conjoint study used to determine the value of the inventions claimed in the Patents-in-Suit." (Mot., Ex. B at 39.) Samsung objected to this interrogatory as prematurely seeking expert discovery from Samsung. *Id.* at 39–40. Notwithstanding, Samsung searched for conjoint studies potentially relevant to the features accused of infringement in this matter and did not find any. *Id.* at 40.

This interrogatory calls for a premature disclosure of Samsung's expert's opinion on a conjoint study, if that expert has such an opinion. In its responses to Samsung's interrogatories, CyWee has refused to provide any details regarding its damages allegations because the information will be the subject of expert discovery. (Brann Decl. ¶ 3.) Indeed, the Discovery Order provides that "the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert." (Disc. Ord. ¶ 3(c).) Therefore, CyWee cannot credibly argue that Samsung should be required to provide its own expert's opinions now, particularly given that CyWee bears the burden of proof to establish damages.

### IV. CONCLUSION

CyWee's interrogatories request information that is either not relevant to the damages inquiry or more properly the subject of expert discovery. Indeed, CyWee itself has not provided the same information it has requested from Samsung. Notwithstanding, Samsung has provided the potentially responsive facts in its possession. Therefore, Samsung respectfully requests that the Court deny CyWee's motion to compel Samsung to further respond to those interrogatories.

DATED: December 14, 2017          Respectfully submitted,

By: */s/ Christopher W. Kennerly*
Christopher W. Kennerly
TX Bar No. 00795077
chriskennerly@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Ave.
Palo Alto, California 94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Elizabeth L. Brann (*pro hac vice*)
CA Bar No. 222873
elizabethbrann@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, California 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Attorneys for Defendants
SAMSUNG ELECTRONICS CO. LTD AND
SAMSUNG ELECTRONICS AMERICA,
INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on December 14, 2017. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a) (3) (A).

                                                        */s/ Christopher W. Kennerly*
                                                        Christopher W. Kennerly