IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **CYWEE GROUP LTD.,** *Plaintiff,* **SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.** *Defendants.* | CASE NO. 2:17-cv-00140-RWS-RSP JURY TRIAL DEMANDED |

**PLAINTIFF CYWEE'S REPLY IN SUPPORT OF MOTION TO COMPEL INTERROGATORY RESPONSES**

Samsung's Response to CyWee's Motion to Compel (Dkt. 51, "Response") ignores the parties' lengthy meet and confer efforts, and tries to hide behind unfounded objections in an effort to avoid responding to the most basic, simple questions.[1] The Court should order Samsung to fully answer Interrogatory Nos. 7, 8, 10, and 19.

## I. ARGUMENT

The Federal Rules are clear—interrogatories can relate to any matter that may be broadly inquired into under Rule 26. *See* Fed. R. Civ. P. 33(a)(2). An interrogatory is not objectionable "merely because it asks for an opinion or contention that relates to fact or the application of law to fact." *Id.* Despite these broad tenets, Samsung has refused to provide even the most rudimentary information concerning the identities of persons with knowledge of relevant facts,

---

[1] Samsung also filed a motion to strike CyWee's motion to compel. (Dkt. 50). That motion contends that CyWee exceeded the page limitations imposed by a standing order that should not even apply to this case, and the motion contains blatant misrepresentations regarding a meet-and-confer held by counsel prior to its filing. CyWee will timely file a separate response to the motion to strike in order to address those issues.

1

identification of relevant documents, and information regarding Samsung's products that CyWee's experts need in order to develop their opinions in this matter. The discovery CyWee seeks is narrow and not burdensome. Samsung has tacitly conceded the relevance of much of the information sought. But Samsung has taken it upon itself to be the sole arbiter of the scope of what it must produce, and it persists in refusing to provide basic information CyWee needs to develop its case. The Court should order Samsung to fully respond to the interrogatories.

A. **Interrogatory No. 7: Samsung has conceded relevance, but still refuses to answer the question.**

CyWee's Interrogatory No. 7 seeks one of the most basic categories of discovery—identification of individuals who may have knowledge of relevant facts. Samsung's Response initially states that it has "provided all relevant information responsive to Interrogatory No. 7." (Response at 3). But that is obviously not true, because Samsung then spends over a page of its Response trying to justify why it should not be required to identify the individuals who would have participated in the Hypothetical Negotiation on Samsung's behalf. According to Samsung, broadly identifying "[t]he Licensing Team within Samsung Electronics Co., Ltd." is sufficiently responsive, but disclosing the *identities of the individuals* who comprise that team is outside the bounds of discoverability. Samsung's position is meritless.

The Federal Rules explicitly state that "the identity and location of persons who know of any discoverable matter" is within the bounds of permissible discovery. Fed. R. Civ. P. 26(b)(1). By generally identifying its "Licensing Team," Samsung has already admitted that Interrogatory No. 7 seeks relevant and discoverable information. Since Samsung has acknowledged the existence of a "Licensing Team," then it can easily identify the members of that team. CyWee needs this information in order to conduct discovery into its damages

theories, and to identify individuals at Samsung who might be the subject of depositions. The Court should order Samsung to respond.

**B. Interrogatory No. 8: Samsung has conceded relevance; but still refuses to provide the requested information.**

Like the preceding question, CyWee's Interrogatory No. 8 is simple—it asks Samsung to identify license agreements that were negotiated by the individuals on the Licensing Team. Samsung tacitly admits that this request seeks relevant information, insofar as it has committed to producing what it subjectively believes are "comparable licenses." (Response at 5). But inexplicably, Samsung still has not disclosed what responsive documents (if any) it contends have already been produced, or what responsive documents remain to be produced. Nor has Samsung disclosed the criteria that it has used to unilaterally determine which licenses are "comparable" to the Hypothetical License in this case. Samsung is not the sole arbiter of relevance, and simply protesting that other licenses are dissimilar to the Hypothetical License at issue is insufficient to evade their production. *Mirror Worlds Technologies, LLC v. Apple, Inc.*, Case No. 6:13-cv-419, 2016 WL 4265758, at *1 (E.D. Tex. March 17, 2016) (Schroeder, J.) ("Apple's response that the technologies are dissimilar, by itself, does not demonstrate that the withheld [license] agreements are irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be produced"). The Court should order Samsung to either produce all responsive license agreements, or provide a full and complete written response to this interrogatory which identifies those agreements.

**C. Interrogatory No. 10: Samsung has conceded relevance, and its objection is meritless.**

Interrogatory No. 10 asks Samsung to identify its products that would have been considered in a Hypothetical Negotiation. As discussed in CyWee's motion to compel (Dkt. 49), Samsung conceded the relevance of this question by identifying CyWee's list of accused

products in its answer. But Samsung did not fully answer the question that was asked, which requests identification of products that should be included in a Hypothetical Negotiation.

In its Response, Samsung reiterates its objection that Interrogatory No. 10 "prematurely sought expert discovery." (Response at 6). The question, however, seeks *Samsung's* opinions and contentions regarding the appropriate products for analysis, not an *expert's* opinions. An adequate answer to this interrogatory does not require an expert opinion—it merely requires Samsung to articulate its own opinion. Thus, the interrogatory is well within the bounds of discovery, is not premature, and must be answered. *See* Fed. R. Civ. P. 33(a)(2); *Mosaid Technologies Inc. v. Micron Technology, Inc.*, Case No. 2:06-cv-302, 2008 WL 11344763, at *4 (E.D. Tex. June 18, 2008) (Folsom, J.) (holding that "factual opinions or any other evidence of non-litigation-expert opinions . . . is discoverable"). The Court should order Samsung to fully respond to Interrogatory No. 10.

**D. Interrogatory No. 19: Samsung's objections are meritless.**

Samsung also contends that CyWee's Interrogatory No. 19 prematurely seeks expert opinions. (Response at 7). According to Samsung, because it purports to have conducted no conjoint studies of its own, it is not required to answer this interrogatory. But the interrogatory does not ask for the results of conjoint studies or the opinion of any expert witness—CyWee simply seeks information regarding the features of accused products that *Samsung believes* should be included in a conjoint study used to determine the value of the patented inventions. As discussed with regard to the previous interrogatory, Samsung's opinions and contentions are relevant and discoverable, and Samsung may not avoid disclosing them by hiding behind an expert opinion objection. Fed. R. Civ. P. 33(a)(2); *Mosaid*, 2008 WL 11344763, at *4

(citing *Cable & Computer Tech. v. Lockheed Sanders, Inc.*, 175 F.R.D. 646, 652 (C.D. Cal. 1997)). Samsung's reliance on the fact that the Discovery Order in this case allows damages calculations to be deferred pending expert discovery is similarly misplaced. (Response at 7). The interrogatory at issue does not ask for a computation of damages—rather, it seeks underlying factual information which CyWee's experts will use in order to ultimately derive a reasonable royalty. The Court should order Samsung to fully respond to Interrogatory No. 19.

## II. CONCLUSION

For the reasons set forth above and in CyWee's motion to compel, CyWee respectfully requests the Court overrule Samsung's objections to Interrogatory Nos. 7, 8, 10, and 19, and order Samsung to provide complete responses to those Interrogatories.

Date: December 20, 2017

Respectfully submitted,

/s/ Christopher Evans
Michael W. Shore
Texas State Bar No. 18294915
mshore@shorechan.com
Alfonso Garcia Chan
Texas State Bar No. 24012408
achan@shorechan.com
Christopher L. Evans
Texas State Bar No. 24058901
cevans@shorechan.com
Ari B. Rafilson
Texas State Bar No. 24060456
arafilson@shorechan.com
William D. Ellerman
Texas State Bar No. 24007151
wellerman@shorechan.com
Paul T. Beeler
Texas State Bar No. 24095432
pbeeler@shorechan.com

SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111

Attorneys for Plaintiff
CyWee Group Ltd.

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 20, 2017.

/s/ Christopher Evans
Christopher Evans