IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **CYWEE GROUP LTD.,**<br><br>*Plaintiff,*<br><br>**SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.**<br><br>*Defendants.* | CASE NO. 2:17-cv-00140-RWS-RSP<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF CYWEE'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE CYWEE'S MOTION TO COMPEL**

Samsung has made it abundantly clear that it will stop at nothing to avoid answering the interrogatories that are the subject of CyWee's Motion to Compel (Dkt. 49). Its Motion to Strike (Dkt. 50) is further evidence of that. Samsung's motion completely discounts and mischaracterizes CyWee's efforts to confer in good faith to resolve this dispute. Samsung's contention that CyWee "refused . . . to provide any basis for its position" (Dkt. 50 at 1) during the parties' last conference is simply false—counsel for CyWee explained in detail the reasons for opposing Samsung's motion, all of which are discussed herein. CyWee further suggested that the issues raised in Samsung's motion could be more efficiently resolved with a call to the Court's Discovery Hotline, a proposition that Samsung initially agreed with, but then inexplicably ignored. Samsung's motion is a meritless and dilatory tactic, and should be denied.

1

## I. BACKGROUND

Samsung's Motion to Strike omits important facts, and misrepresents others. Accordingly, it is necessary for CyWee to present the following complete summary of the background underlying this discovery dispute:

Samsung served its initial objections and responses to CyWee's First Set of Interrogatories on September 11, 2017. (Dkt. 49-2). Because Samsung's initial responses lacked any substantive answers to many of the interrogatories, on September 12, 2017, counsel for CyWee reached out to Samsung's counsel to schedule a time to confer regarding the responses. (Dkt. 49-3 at 8). Counsel then held a conference on September 20, 2017, at which the parties discussed all of Samsung's responses to CyWee's interrogatories and reached certain agreements. (Dkt. 49-3 at 3-5). CyWee's counsel followed up with Samsung again on September 29, 2017 to inquire whether Samsung would finally agree to supplement some of its interrogatory answers. (Dkt. 49-3 at 4). Samsung responded, stating that it would supplement its responses to 22 of the interrogatories, but that it would not budge on nine of the responses. (Dkt. 49-3 at 3). With respect to Interrogatory Nos. 7, 10, and 19 (which are at issue in CyWee's Motion to Compel), Samsung articulated specific reasons why it refused to supplement those interrogatories—and it still maintains those same objections today, as illustrated by its response to CyWee's Motion to Compel (Dkt. 51). On October 12, 2017, CyWee followed up again, asking Samsung when it would serve its supplemental responses. (Dkt. 49-3 at 2).

Samsung served its supplemental interrogatory responses on October 13, 2017. (Dkt. 49-2). Consistent with its prior representations, Samsung did not provide any further responses to Interrogatory Nos. 7, 8, 10, or 19. Reasonably concluding that the parties had reached an

impasse on those interrogatories, and that further discussions would lead nowhere, CyWee notified Samsung of its intent to file a Motion to Compel. (Dkt. 50-4). CyWee filed its motion on November 30, 2017. (Dkt. 49).

On December 12, 2017, Samsung informed CyWee that it intended to file a Motion to Strike CyWee's Motion to Compel, based on the assertion that the motion exceeded the applicable page lengths by slightly over one page. (Ex. A, Ellerman Decl., at Ex. 1). Counsel for CyWee responded, disagreeing with Samsung's position regarding the page length, and emphasizing that the motion's length could be reduced or obviated entirely if Samsung would reconsider its position and respond to the interrogatories. *Id*. Counsel for CyWee further suggested that if Samsung believed that its Motion to Strike had any merit, a call to the Court's Discovery Hotline was warranted. Samsung agreed to confer with CyWee the following day, and Samsung agreed that if the conference was unsuccessful, a Hotline call would be appropriate to resolve the matter. *Id*.

On December 13, 2017, counsel for CyWee and Samsung held a telephone conference to discuss the matters presented in the Motion to Strike. During the conference, counsel for Samsung[1] cited Judge Schroeder's June 3, 2016 Standing Order Regarding "Meet and Confer" Obligations relating to Discovery Disputes for the proposition that CyWee's motion to compel should have been limited to seven pages (the motion was slightly over eight pages). (Ex. 1 at p. 3). In response, counsel for CyWee explained in detail that CyWee did not believe that its Motion to Compel was subject to the page limitations asserted by Samsung because: (1) Samsung based its opinion on Judge Schroeder's Standing Order, which contains the page limitations that Samsung believed were applicable; (2) On February

---

[1] Samsung's local counsel was not involved in this conference.

17, 2017, this case was transferred to Judge Payne's court for all pre-trial matters, which includes the current discovery dispute; (3) Judge Payne's Standing Orders do not contain page limitations on discovery motions, and, therefore, CyWee believed that the default fifteen page limit imposed by the Local Rules should apply; and (4) the Discovery Order in this case (Dkt. 35) contains no page limit restrictions on discovery motions. (*Id.* at ¶ 5). Counsel for CyWee stated that based on the foregoing, CyWee did not believe that its motion, which was well within the page limitations imposed by the Local Rules, should be withdrawn or struck. *Id*. Counsel for CyWee also stated that even if Judge Schroeder's page limits could be deemed to apply, CyWee had exceeded them only slightly, and the length was necessitated by the sheer volume of objections Samsung had lodged to CyWee's interrogatories. *Id*. Counsel for CyWee again urged that if Samsung intended to raise this issue with the Court, a call to the Discovery Hotline would be the most efficient way of resolving the dispute. *Id*.

Samsung did not initiate a Hotline call, despite its earlier indication that it would do so. Instead, on December 14, 2017, it filed the Motion to Strike. In the motion, Samsung incorrectly states that "CyWee refused" to provide the legal bases for why it believed the page limitations in Judge Schroeder's Standing Order did not apply. (Dkt. 50 at 2). As discussed above, CyWee provided plenty of reasons justifying its belief that the restrictions did not apply.

## II. ARGUMENT

### A. CyWee and Samsung adequately conferred before CyWee filed the Motion to Compel.

CyWee has gone to extraordinary lengths to obtain answers to its interrogatories without seeking Court intervention. Samsung has evaded those efforts every step of the way, through

4

multiple communications and discovery conferences, through its opposition to CyWee's motion, and now in its attempt to strike CyWee's motion. Despite Samsung's protest that CyWee failed to adequately confer before filing its Motion to Compel, Samsung does not explain how it believes further conferences would have resolved any issues before the Court.[2] It has been apparent since before Samsung served its supplemental responses to CyWee's interrogatories that it has no intention of ever complying absent a Court order. (Dkt. 49-3 at 3).

The Local Rules require, at a minimum, a conference between counsel prior to filing an opposed motion. L.R. CV-7(h). Here, in addition to a personal conference at which all of the matters presented in CyWee's Motion to Compel were discussed, the parties engaged in multiple email communications prior to Samsung serving its supplemental responses. (Dkt. 49-3). Those emails made it abundantly clear that Samsung was standing on its objections to the interrogatories at issue, and that the parties had reached an impasse that would require Court resolution. For Samsung to now pretend that one more attempt to confer would have prompted it to change its position is disingenuous, especially given the fact that it has so vigorously opposed CyWee's Motion to Compel. *See Samsung Electronics America, Inc. v. Chung*, 321 F.R.D. 250, 288 (N.D. Tex. 2017) (citations omitted) (stating that further conferences are unnecessary when it is clear that a motion is opposed and further efforts would be a waste of time). The Motion to Strike is meritless and should be denied.

---

[2] During counsel's December 13, 2017 conference on the motion to strike, counsel for Samsung did not articulate the basis for its new assertion that CyWee failed to adequately confer before filing its motion to compel, nor did it state any belief that further conferences would be fruitful. (Ex. A at ¶ 6). Counsel for Samsung only raised the issue of page limitations (discussed below).

**B. CyWee's Motion to Compel does not exceed the applicable page limits.**

Samsung contends that CyWee's Motion to Compel is over one page too long. (Dkt. 50 at 3). In support, CyWee cites Judge Schroeder's Standing Order Regarding "Meet and Confer" Obligations relating to Discovery Disputes, which limits such motions to seven pages. *Id.* As CyWee explained to Samsung, however, this case has been transferred to Judge Payne for all pre-trial matters, including discovery disputes, and Judge Payne has no similar standing order. Thus, CyWee believes that the Local Rules apply, and that its motion to compel is well within the fifteen page limit imposed by those rules. L.R. CV-7(a)(2). Samsung also cites the Court's Sample Discovery Order for Patent Cases as requiring discovery motions to be limited to seven pages. (Dkt. 50 at 3). However, the Discovery Order that was *entered in this case* differs from the Sample Order, insofar as it contains no such restriction. (Dkt. 35). This further indicates that the seven page limit does not apply in this case.

Regardless of the foregoing, the Court should refuse to entertain Samsung's arguments, because the length of CyWee's motion was the result of Samsung's own doing. Samsung lodged volumes of objections to CyWee's interrogatories, and the motion could have been significantly shorter (or completely unnecessary) had Samsung simply been cooperative in responding to CyWee's discovery. The Court should deny the Motion to Strike, and grant CyWee's Motion to Compel in its entirety.

### III. CONCLUSION

For the reasons set forth above, CyWee respectfully requests the Court deny Samsung's Motion to Strike CyWee's Motion to Compel.

Date: December 27, 2017                  Respectfully submitted,

/s/ *Christopher Evans*
Michael W. Shore
Texas State Bar No. 18294915
mshore@shorechan.com
Alfonso Garcia Chan
Texas State Bar No. 24012408
achan@shorechan.com
Christopher L. Evans
Texas State Bar No. 24058901
cevans@shorechan.com
Ari B. Rafilson
Texas State Bar No. 24060456
arafilson@shorechan.com
William D. Ellerman
Texas State Bar No. 24007151
wellerman@shorechan.com
Paul T. Beeler
Texas State Bar No. 24095432
pbeeler@shorechan.com

SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111

Attorneys for Plaintiff
CyWee Group Ltd.

**CERTIFICATE OF SERVICE**

      The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 27, 2017.

/s/ *Christopher Evans*
Christopher Evans