# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CYWEE GROUP LTD., | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 2:17-CV-00140-RWS-RSP |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | |
| Defendants. | § | |

## ORDER

In its Motion to Compel Interrogatory Responses [Dkt. # 49], CyWee Group Ltd. contends Defendants have not fully answered its Interrogatory Nos. 7, 8, 10, and 19. CyWee asks the Court to compel Defendants to do so.

## Interrogatory No. 7

In this interrogatory, CyWee asks Defendants to

> Identify the Person or people that You believe would have participated in the Hypothetical Negotiation on Your behalf. If more than one Person, also Identify the Person who would have been the decisionmaker.

Pl.'s First Set of Interrogs. to Samsung [Dkt. # 49-1]. Defendants responded, "The Licensing Team within Samsung Electronics Co., Ltd., would have negotiated the hypothetical license." Defs.' Supp. Objs. & Resps. [Dkt. # 49-2] at 23. CyWee argues Defendants should identify all individuals on the Licensing Team from 2010 to the present "because it will

unquestionably lead to the discovery of admissible evidence and, at a minimum, . . . allow CyWee to obtain evidence necessary to prepare and evaluate its claims." Pl.'s Motion [Dkt. # 49] at 5. CyWee does not explain what that necessary evidence is or why such evidence is critical.

Regardless, the Court will grant the motion as to the identity of Licensing Team members, which can be reasonably expected to have knowledge concerning how Defendants conduct real-world licensing negotiations and what information Defendants typically consider. That knowledge is relevant to a hypothetical-negotiation analysis. *See Lucent Technologies, Inc., v. Gateway, Inc.*, 580 F.3d 1301, 1334 (Fed. Cir. 2009) (cautioning against creating "a hypothetical negotiation far-removed from what parties regularly do during real-world licensing negotiations"); *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1081 (Fed. Cir. 1983) ("The issue of the infringer's profit is to be determined . . . on the basis of what the parties to the hypothetical license negotiations would have considered at the time of the negotiations.").

The Court, however, will deny CyWee's motion as to the remainder of Interrogatory No. 7, which seeks to compel Defendants to form a concrete belief as to which individuals would have actually participated in a negotiation that never happened. The Court knows of no basis for compelling a party to form such a belief. Of course, should Defendants form such a concrete belief in the future—such as incident to the development of expert reports—the Court expects timely supplementation.

## Interrogatory No. 8

With this interrogatory, CyWee asks Defendants to,

> [f]or the Person identified in Your Response to Interrogatory No. 7, Identify every License Agreement they have participated in negotiating.

Pl.'s First Set of Interrogs. to Samsung [Dkt. # 49-1] at 6. CyWee defines "License Agreement" to mean

> any agreement (past and present) that includes a license, covenant not to sue or release for the infringement of any patent or other rights to use, make, sell, offer to sell or import Accused Products or Additional Products in the United States, including those where the granted rights include additional jurisdictions.

*Id.* at 3. Together, Accused Products and Additional Products include all Samsung mobile phones sold in the United States since 2010. *See id.* at 1–2.

Defendants respond they have already provided all relevant information. Defs.' Resp. [Dkt. # 51] at 4. Moreover, Defendants complain this interrogatory is too broad because it calls for all licenses regardless of subject matter. *Id.* Defendants also claim identifying all licenses would be unreasonably burdensome, and that this interrogatory is not proportional to the needs of the case. *Id.* at 4–5.

Defendants, however, have not met their burden of showing either lack of proportionality or undue burden. *See Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, No. 3:15-CV-4108-D, 2017 WL 896897, at *11 (N.D. Tex. Mar. 7, 2017) ("a party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by [Fed. R.

Civ. P. 26(b)]"). As to the former, Defendants have not proffered any specifics concerning the "substantial costs" of identifying the requested information. Similarly, Defendants' undue-burden objections are boilerplate. And although Defendants complain about *producing* the agreements, the interrogatory does not require production—only identification. Given Defendants' position as a sophisticated business entity, such identification should be straightforward.

Although only comparable licenses are proper in a hypothetical-negotiation analysis, Defendants' position allows them to unilaterally decide which licenses are comparable and therefore worthy of production. CyWee should be able to explore whether Defendants' selection of "comparable" licenses are too exclusive, and Defendants' identification of the requested licenses is part of allowing CyWee to do so. Thus, the Court will grant the motion as to Interrogatory No. 8.

### **Interrogatory No. 10**

With this interrogatory, CyWee asks Defendants to

> Identify all of Your products in existence or development at the time of the Hypothetical Negotiation whose sales (both actual and projected) would have been considered by You during the Hypothetical Negotiation.

Pl.'s First Set of Interrogs. to Samsung [Dkt. # 49-1] at 7. CyWee contends this interrogatory "simply asks Samsung to identify a category of products." Pl.'s Motion [Dkt. # 49] at 7. Defendants responded they are "not aware of any product that it imports, makes, uses, sells, or offers to sell in the United States that practices any claim of the patents-in-suit." Defs.' Supp. Objs. & Resps. [Dkt. # 49-2] at 26. Defendants urge they can do no more

given the hypothetical nature of the interrogatory.

The Court agrees with Defendants. This interrogatory seeks Defendants' contention as to which products are comparable for purposes of a hypothetical-negotiation analysis. Considered in that light, the Court sees no basis to compel Defendants to form a belief as to a negotiation that didn't take place. *See Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1280 (Fed. Cir. 2012) ("[A]nswers to [contention] interrogatories may not come into focus until the end of discovery."); *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006) ("Answers to [contention] interrogatories are often postponed until the close of discovery."). The Court will therefore deny the motion as to this interrogatory, expecting that Defendants will respond at such time as they or their expert actually form such a belief.

## **Interrogatory No. 19**

Finally, CyWee asks Defendants to

> Identify all features of the Accused Products that You believe should be included in a conjoint study used to determine the value of the inventions claimed in the Patents-In-Suit.

Pl.'s First Set of Interrogs. to Samsung [Dkt. # 49-1] at 8. Defendants object to this interrogatory as prematurely seeking expert discovery. Defs.' Resp. [Dkt. # 51] at 7. Defendants also note they searched for conjoint studies potentially relevant to the features accused of infringement, but found none. *Id.*

Here, too, the Court agrees with Defendants. This interrogatory requires Defendants to form a belief as to (1) whether a conjoint study is appropriate or desirable; and (2) how

such a study's analysis should be conducted. The appropriate time for Defendants' response, if any, is during the expert disclosure phase of this proceeding. Thus, the Court will deny CyWee's motion as to this interrogatory.

## Conclusion

The Court **GRANTS** CyWee's Motion to Compel Interrogatory Responses [Dkt. # 49] **IN PART**. Specifically, the Court **ORDERS** Defendants to:

(1) Identify all members of its Licensing Team from 2010 to the present; and

(2) Identify any agreement (past and present) that includes a license, covenant not to sue or release for the infringement of any patent or other rights to use, make, sell, offer to sell or import Accused Products or Additional Products in the United States, including those where the granted rights include additional jurisdictions.

The Court otherwise **DENIES** the Motion.

**SIGNED this 23rd day of January, 2018.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE