IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CYWEE GROUP LTD., | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 2:17-CV-00140-RWS-RSP |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

In this patent case, the Court now considers Plaintiff CyWee's Motion for Leave to Amend Its Infringement Contentions [Dkt. # 44]. After considering the parties' briefing, the Court will **GRANT** the Motion.

**I.     BACKGROUND**

**A.     The Asserted Patents**

This lawsuit concerns U.S. Patents 8,441,438 and 8,552,978 (the Asserted Patents), each of which teach a "pointing" device that translates its own movement relative to a first reference frame into a movement pattern in a display plane of a second, display reference frame. Because the display plane is chosen to correspond with a particular display device, such as a computer screen, an associated processor generating a display signal to the display device can then "move" an indicator (e.g., a computer icon or cursor) on the display

according to the movement pattern. '438 Patent at (57); '978 Patent at (57).

Generally, this concept predates the Asserted Patents. *See, e.g.*, '438 Patent at 2:38–47 (referencing prior art). The patents, however, specifically purport to solve a prior-art problem of inaccurately calculating or obtaining the change in angular velocities and accelerations of the device when subjected to unexpected movements, particularly in a direction parallel to the force of gravity. *See id.* at 2:55–3:5. The patents also criticize the prior art for outputting only a two-dimensional movement pattern. *See id.* at 2:47–55 ("the pointing device of Liberty cannot output deviation angles readily in [a] 3D reference frame but rather a 2D reference frame only and the output of such device having 5-axis motion sensors is a planar pattern in [a] 2D reference frame only").

To address these shortcomings, the '438 Patent teaches (1) use of various sensors to measure angular velocities and axial accelerations of three reference axes of the device and, (2) predicting the axial accelerations of the three references axes from the measured angular velocities. The claimed device uses the measured angular velocities, measured axial accelerations, and predicted axial accelerations to calculate a deviation of the yaw, pitch, and roll angles of the device over a change in time. The claimed device then translates that deviation into a movement pattern within the display reference frame. *See generally* '438 Patent at 7:56–9:5.

The '978 Patent, which is a continuation-in-part of the '438 Patent, introduces magnetism to the methodology. Specifically, a magnetometer measures magnetism associated with the three reference axes of the first reference frame. In addition, the '978

Patent teaches predicting the magnetism associated with each of the three axes and using both the measured and predicted magnetisms—along with the measured angular velocities, measured axial accelerations, and predicted axial accelerations already contemplated by the '438 Patent—to determine deviation of the yaw, pitch, and roll. *See generally* '978 Patent at 22:9–23:10.

### B. CyWee's Preliminary Infringement Contentions and Proposed Amended Infringement Contentions

In July 2017, CyWee served infringement contentions accusing 15 Samsung devices of infringing claims of the Asserted Patents. Pl.'s P.R. 3-1 & 3-2 Disclosures [Dkt. # 41-2] at 2. But CyWee only provided claim charts for 14 of the identified devices.

In September 2017, CyWee served additional contentions charting the Galaxy Note 7, which was the only identified device without an associated claim chart, and three previously unidentified devices: the Galaxy J7 (2017), the Galaxy J7 V, and the Galaxy S8 Active. CyWee contends specific information about these last three devices was unavailable when its preliminary contentions were due because Samsung did not release these devices until March 2017 or later. Pl.'s Motion [Dkt. # 44] at 2. Given that timing, CyWee asserts it has been diligent in amending its infringement contentions to include the Galaxy J7 models and the Galaxy S8 Active. CyWee's motion is silent about why it did not chart the Note 7 in its preliminary contentions.[1]

---

[1] CyWee previously argued a worldwide recall of the Note 7 prevented it from obtaining a unit for analysis. Pl.'s Opp'n to Defs.' Mot. to Strike [Dkt. # 43] at 2–3.

Samsung's response is threefold. First, Samsung disputes CyWee's representations about the availability of public information concerning the two Galaxy J7 products. Defs.' Resp. [Dkt. # 47] at 3–6. Second, CyWee's existing claim charts should not be considered "representative" such that Samsung is deemed to have notice of the four new devices because of their similarity to the devices charted in CyWee's preliminary infringement contentions. *Id.* at 6–7. Third, allowing CyWee to amend its contentions would unfairly prejudice Samsung. *Id.* at 7–8. Thus, says Samsung, CyWee cannot show the good cause required for leave to amend.

## II. APPLICABLE LAW

When a party seeks to amend its infringement contentions, leave to amend is generally required and may only be granted upon a showing of good cause. P.R. 3-6(b). In determining good cause, courts consider (1) the reason for the delay and whether the party has been diligent; (2) the importance of what the court is excluding and the availability of lesser sanctions; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S&W Enters., LLC v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003); *see also Motion Games, LLC v. Nintendo Co.*, No. 6:12-CV-00878, 2015 WL 1774448, at *2 (E.D. Tex. Apr. 16, 2015).

## III. DISCUSSION

### A. CyWee's Diligence

This consideration weighs against leave for the Galaxy Note 7 and Galaxy J7 V devices. As to the Note 7, CyWee does not explain why it could not at least chart aspects

of the device in July 2017 given it now relies on public information available at that time. Regarding the Galaxy J7 V, its March 2017 release date allowed CyWee ample time to seek leave to amend before it filed the present motion. Because CyWee waited until October to seek leave for these two devices, its lack of diligence weighs against leave.

But this consideration weighs in favor of leave as to the Galaxy J7 (2017) and Galaxy S8. The Galaxy J7 (2017) was not available until July 2017. Samsung released the Galaxy S8 in August 2017. Having filed the present motion in October, CyWee was reasonably diligent in seeking leave as to these devices.

### B. Importance of the Subject Matter to the Case

This factor is neutral. Clearly, the additional products are important to CyWee from an efficiency standpoint, and CyWee would prefer to try one case involving all accused devices. But these devices are not otherwise important to the lawsuit as it currently stands. CyWee would not be prejudiced if the Court excluded these devices from this lawsuit given CyWee could file a new lawsuit directed to these devices.

### C. Potential Prejudice to Samsung

There is little, if any, prejudice to Samsung in granting leave. First, the Court has reviewed the proposed contentions and compared them with CyWee's timely claim charts for the S7 Edge.[2] Based on that comparison, the Court concludes CyWee is not changing

---

[2] CyWee's proposed amended contentions are Exhibits G–N to CyWee's Response to Def.'s Motion to Strike [Dkt. # 43]. Exhibits B–C are CyWee's preliminary infringement contentions for the S7 Edge.

its infringement theory relative to its preliminary infringement contentions.

Second, although Samsung argues it would have to expend significant resources analyzing CyWee's claims for the devices at issue, that's true even if the devices had been identified in the July 2017 contentions. And although Samsung suggests adding the devices could impact its claim construction positions, that's unlikely given accused products are generally irrelevant to claim construction. *See NeoMagic Corp. v. Trident Microsystems, Inc.*, 287 F.3d 1062, 1074 (Fed. Cir. 2002) (noting "[i]t is well settled that claims may not be construed by reference to the accused device").

### D. Availability of a Continuance and Stage of the Proceeding

Even if Samsung were to suffer some prejudice, the stage of the proceeding provides the Court and the parties with options for addressing any actual prejudice arising from the addition of these devices. The parties have only recently filed their Joint Claim Construction and Prehearing Statement [Dkt. # 57] (filed Jan. 12, 2018), and CyWee's opening claim construction brief is not due until February 23. Dkt. Control Order [Dkt. # 34] at 3. If necessary, Samsung can move for additional time to address specific unanticipated claim construction issues caused by the addition of these devices to CyWee's infringement contentions. This consideration therefore weighs in favor of leave.

### IV. CONCLUSION

The Court concludes the good-cause considerations justify leave to amend as to each of the four devices, even considering CyWee's lack of diligence as to the Note 7 and Galaxy J7 (2017). The lack of probable prejudice to Samsung from leave, combined with the

Court's ability to address any actual prejudice in light of the current stage of the proceeding, outweighs lack of diligence as to those two devices. Moreover, the Court finds judicial efficiency weighs in favor of leave so all accused products alleged to infringe under the same infringement theory can be considered in the same proceeding. The Court therefore **GRANTS** Plaintiff CyWee's Motion for Leave to Amend Its Infringement Contentions [Dkt. # 44] as to all four devices.

    **SIGNED this 26th day of January, 2018.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE