# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CYWEE GROUP LTD., | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | NO. 2:17-CV-00140-WCB-RSP |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD. | § | |
| AND SAMSUNG ELECTRONICS | § | |
| AMERICA, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S CLAIM CONSTRUCTION ORDER**

I.      INTRODUCTION

Throughout the claim construction process, Plaintiff CyWee Group Ltd. ("CyWee") stated merely that a 3D pointing device should be given its plain and ordinary meaning, which it framed as "a handheld device that uses at least a rotation sensor comprising one or more gyroscopes, and one or more accelerometers to determine deviation angles or the orientation of a device." CyWee criticized Samsung's proposed construction, which required a cursor or pointer on the display. Subsequently, the Court construed "3D pointing device" to have its plain and ordinary meaning and stated that it would prohibit Samsung from arguing before the jury that a 3D pointing device requires a cursor or pointer on a display.

Reconsideration of that prohibition is warranted based on the official positions recently taken on that very point by CyWee in its preliminary responses to Google LLC's *inter partes* review petitions. There, CyWee argued that a 3D pointing device must point to or control a pointer (or similar graphic) on a screen, which is wholly inconsistent with the positions it has advanced before the Court in this case. Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (collectively "Samsung") therefore move for reconsideration of the Court's August 14, 2018 Order (Dkt. No. 153) with respect to its prohibition regarding the term "three-dimensional (3D) pointing device"/"3D pointing device" recited in Claims 1, 3, 4, 5, 14, 15, 16, 17, and 19 of the '438 Patent and Claim 10 of the '978 Patent.

II.     BACKGROUND

A.      **CyWee's Positions in the District Court Litigation**

On February 23, 2018, CyWee filed its Opening Claim Construction Brief in this case, arguing that the term "three-dimensional (3D) pointing device"/"3D pointing device" should either be construed to have its plain and ordinary meaning or construed very broadly as "a handheld device that uses at least a rotation sensor comprising one or more gyroscopes, and one

or more accelerometers to determine deviation angles or the orientation of a device." Dkt. No. 66 at 13–17. As set forth in its Responsive Claim Construction Brief, Samsung's proposed construction differed from CyWee's in one key respect—Samsung's proposed construction required a 3D pointing device to perform a pointing function and "control the movement of a cursor or pointer on a display." Dkt. No. 67 at 17–22. CyWee replied that the asserted patents "in no way suggest[] that a pointer or curser [sic] is required." Dkt. No. 71 at 6–7.

On July 9, 2018, Magistrate Judge Payne concluded that Samsung's proposed construction was unnecessary and that the term "three-dimensional (3D) pointing device"/"3D pointing device" required no special definition. Dkt. No. 117 at 8. On July 23, 2018, Samsung objected to Magistrate Judge Payne's Order, noting that he had not resolved the dispute between the parties as to whether a 3D pointing device must point to something. Dkt. No. 125 at 3.

At the hearing on Samsung's Objections, CyWee represented to the Court that there was no requirement that a "3D pointing device" perform a pointing function and argued this would read out embodiments where the display was integrated with the 3D pointing device. 8/10/18 Hr'g Tr. at 49–50. The Court subsequently held that a 3D pointing device should be construed to have its plain and ordinary meaning, further adding that a 3D pointing device does not have to control a cursor or pointer on a display. Dkt. No. 153 at 2–3.

### B. CyWee's Subsequent Inconsistent Position Before the Patent Trial and Appeal Board

In June 2018, Google filed two *inter partes* review petitions challenging Claims 1 and 3–5 of the '438 Patent and Claims 10 and 12 of the '978 Patent. On September 14, 2018, CyWee filed its preliminary responses to both petitions. In discussing the proper construction of the term "3D pointing device," CyWee abruptly reversed the position advanced before the Court in this

case. Pointing specifically to the example of a 3D pointing device shown in Figure 1 of the '438 Patent, CyWee argued that:

> In order to give the meaning to the term "pointing device" as used in the phrase, ***the device must be able to point to or control something on a display.*** Ex. 2001, ¶67. A PHOSITA would understand that a "pointing device" is used to "perform control actions and movements . . . for certain purposes including entertainment such as playing a video game, on the display device ***through the [] pointer on the screen***." Id.; Ex. 1001, 1:48-51.

Ex. 1[1] at 19 (PR to IPR No. 2018-01257); Ex. 2 at 20 (PR to IPR No. 2018-01258) (emphasis added). CyWee's expert provided an identical explanation. Ex. 3 (Expert Decl. to IPR No. 2018-01257) ¶ 61; Ex. 4 (Expert Decl. to IPR No. 2018-01258) ¶ 67. CyWee further argued that "3D pointing device" should be construed to mean "a device capable of sensing movement and orientation in three dimensions ***to point to or control actions on a display***." Ex. 1 at 20; Ex. 2 at 21 (emphasis added).

## III. LEGAL STANDARD

In proceedings before the PTAB, patent claims are afforded their broadest reasonable interpretation. *In re Cuozzo Speed Techs., LLC*, 793 F.3d 1268, 1279 (Fed. Cir. 2015). In a district court proceeding, patent claims are construed to have their ordinary and customary meaning to a person of ordinary skill in the art at the time of invention. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312–13 (Fed. Cir. 2005).

A claim construction order is not necessarily a final ruling as to the court's construction of the claims. Instead, in certain circumstances claim construction may be an "ongoing process that leads to refinements in the court's claim construction in the course of the case as the court

---

[1] Unless otherwise stated, all exhibits referenced herein are attached to the Declaration of Elizabeth Brann, filed concurrently herewith.

gains a better understanding of the claims." *Kroy IP Holdings v. Autozone, Inc.*, No. 2:13-cv-888-WCB, 2015 U.S. Dist. LEXIS 15684, at *9 (E.D. Tex. Feb. 10, 2015).

IV. **ARGUMENT**

Reconsideration of the Court's prohibition against Samsung arguing that a "3D pointing device" requires a cursor or pointer on a display is justified because CyWee's new arguments before the PTAB directly contradict the positions it has taken in this case and advanced before this Court. Specifically, CyWee argued throughout the claim construction proceedings in this case that the plain and ordinary meaning of "3D pointing device" did not require control of a cursor or pointer and succeeded in obtaining a plain and ordinary meaning construction from the Court. Dkt. No. 66 at 15–17; Dkt. No. 71 at 5–7; 8/10/18 Hr'g Tr. at 52:1–21. The Court also stated it would prohibit Samsung from making this argument to the jury. Dkt. No. 153 at 2–3.

Now, however, CyWee argues before the PTAB that the 3D pointing device must be able to point to or control a pointer (or similar graphic) on a display. Ex. 1 at 19; Ex. 2 at 20. Two of CyWee's experts confirmed this new interpretation. Dkt. No. 67 at 21; Ex. 3 ¶ 61; Ex. 4 ¶ 67. This interpretation directly contradicts the Court's prohibition that Samsung cannot argue that a "3D pointing device" requires a cursor or pointer on a display. Therefore, CyWee's arguments before the PTAB demonstrate that this prohibition was not warranted and should be reconsidered.

CyWee's PTAB arguments are even more striking when considering the different claim construction standards applicable in IPRs as compared with district court litigation. In an IPR, claim terms are given their broadest reasonable interpretation ("BRI"). *In re Cuozzo*, 793 F.3d at 1279. In district court litigation, claim terms are construed in accordance with their ordinary and customary meaning. *See Phillips*, 415 F.3d at 1312–13. Although there is some overlap, the

*Phillips* standard is generally accepted to yield potentially narrower constructions than the BRI standard. "The broadest reasonable interpretation of a claim term may be the same as or broader than the construction of a term under the Phillips standard. But it cannot be narrower." [2] *Facebook, Inc. v. Pragmatus AV, LLC*, 582 F. App'x 864, 869 (Fed. Cir. 2014).

That difference in standards makes CyWee's proposed construction before the PTAB all the more striking. CyWee's position to the PTAB is that the broadest reasonable interpretation of "3D pointing device" requires that the device point to or control a pointer (or similar graphic) on a display. Yet, here, CyWee argued that the "3D pointing device" did not require such a pointer or cursor even when viewed under the narrower *Phillips* standard. CyWee should not be allowed to obtain a broader construction under the *Phillips* standard before this Court than it argued was proper under the BRI standard before the PTAB.

## V. CONCLUSION

For these reasons, Samsung respectfully requests that the Court reconsider its prohibition against Samsung arguing to the jury that the plain and ordinary meaning of "3D pointing device" requires a cursor or pointer on a display.

DATED: October 3, 2018

Respectfully submitted,

By: */s/ Christopher W. Kennerly*
Christopher W. Kennerly
TX Bar No. 00795077
chriskennerly@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Ave.
Palo Alto, California 94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

---

[2] Samsung takes no position as to whether CyWee's proposed construction is correct under the BRI standard.

-4-

-5-

        Elizabeth L. Brann (*pro hac vice*)
        CA Bar No. 222873
        elizabethbrann@paulhastings.com
        Bob Chen (*pro hac vice*)
        CA Bar No. 273098
        bobchen@paulhastings.com
        PAUL HASTINGS LLP
        4747 Executive Drive, 12th Floor
        San Diego, California  92121
        Telephone:   (858) 458-3000
        Facsimile:    (858) 458-3005

        Melissa R. Smith
        TX Bar No. 24001351
        melissa@gillamsmithlaw.com
        GILLAM & SMITH, LLP
        303 S. Washington Ave.
        Marshall, TX 75670
        Telephone: (903) 934-8450
        Facsimile: (903) 934-9257

        Attorneys for Defendants
        SAMSUNG ELECTRONICS CO., LTD AND
        SAMSUNG ELECTRONICS AMERICA,
        INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on October 3, 2018. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

          */s/ Christopher W. Kennerly*
          Christopher W. Kennerly