IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CYWEE GROUP LTD., | § § § | |
| Plaintiff | § § | |
| v. | § § | NO. 2:17-CV-00140-WCB-RSP |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | |
| Defendants. | § § | |

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FULLY RESPONSIVE ANSWERS TO DEPOSITION ON WRITTEN QUESTIONS**

**TABLE OF CONTENTS**

Page

I. STATEMENT OF RELEVANT FACTS ............................................................................. 1
II. ARGUMENT ....................................................................................................................... 3
    A. The Responses to the Financial Information Questions (Numbers 6, 8–14, 40–42, and 64–67) Were Not Materially Deficient ............................................... 3
        1. Question Number 6 ................................................................................. 3
        2. Question Number 8 ................................................................................. 5
        3. Question Number 9 ................................................................................. 5
        4. Question Number 10 ............................................................................... 7
        5. Question Numbers 11–14 ........................................................................ 7
        6. Question Numbers 40, 64, and 65 ........................................................... 8
        7. Question Numbers 41 and 42 .................................................................. 9
        8. Question Numbers 66 and 67 .................................................................. 9
    B. The Responses to the Questions Regarding SAM_CYWEE00172322 (Numbers 64–67 and 72–79) Were Not Materially Deficient ............................... 9
        1. Question Numbers 64–67 ........................................................................ 9
        2. Question Numbers 72–77 ...................................................................... 10
        3. Question Numbers 78 and 79 ................................................................ 10
    C. The Questions Regarding "Critical Components" (Numbers 82–87) Exceed the Scope of the Deposition ................................................................... 11
    D. The Questions Regarding SEA Financial Information Spreadsheets (Numbers 88–124) Exceed the Scope of the Deposition .................................... 12
III. CYWEE'S REQUESTED RELIEF IS IMPRACTICAL .................................................. 13
IV. CONCLUSION .................................................................................................................. 14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*United States ex rel. Fago v. M & T Mortg. Corp.*,
 235 F.R.D. 11 (D.D.C. 2006) ............................................................................................ *passim*

**Other Authorities**

Fed. R. Civ. P. 30(b)(6) ................................................................................................................. 13

CyWee's Motion to Compel demands extensive information never contemplated to be provided through this deposition on written questions. It should be denied for three reasons. First, a number of the questions seek highly detailed information not previously requested from or provided by Samsung Electronics Co., Ltd. ("SEC"). Such questions are beyond the Court-ordered scope of this deposition, which is the financial information already produced by SEC in this case. Moreover, these questions are more properly suited for interrogatories and therefore are an attempt to propound additional interrogatories after the close of fact discovery. Second, CyWee's Motion raises questions that were never asked in the deposition on written questions. Third, the remaining alleged deficiencies are based on mischaracterizations—and even false recitations—of the deponent Mr. Kyuhyun Han's responses. Accordingly, CyWee's Motion to Compel further supplemental answers to these questions should be denied.

I.      STATEMENT OF RELEVANT FACTS

CyWee filed two separate motions to compel asking for a deponent in Texas on SEC financial data and material cost files. Dkt. Nos. 136 at 3; 130 at 7. Samsung declined to produce deponents on this information because, among other reasons, CyWee delayed in asking for this information and fact discovery had closed. Dkt. Nos. 141 at 1–2; 135 at 3. Those requests were limited to topics on SEC financial information and not Samsung Electronics America, Inc. ("SEA") financial information, and indeed CyWee had already deposed Mr. Sean Diaz on those topics. The Court heard argument on those motions to compel on August 10.

During the August 10 hearing, the Court was quite clear that the scope of the deposition on written questions was limited to questions on SEC financial information already produced in this case. The Court stated that the deposition would be "directed to the Samsung Korea financial information and drilling down into the components of the information that has been produced." 8/10/2018 Hr'g. Tr. at 104:12–14. Counsel for Samsung, Chris Kennerly, clarified the scope of

this deposition, stating "I heard drilling into SAP system and getting more data, and I don't think that that's what we're contemplating. We've produced the information. So what I would expect are questions about what we've produced," to which the Court responded, "Right." *Id*. at 106:4–8. The Court's subsequent Order confirmed the limited scope of this deposition, stating "[w]ith respect to CyWee's questions regarding the financial information of Samsung Electronics Co., Ltd., CyWee shall serve its questions . . . by August 17, 2018." Dkt. No. 145 at 1.

CyWee, however, presented deposition questions that far exceeded the Court's Order. CyWee included questions attempting to force Samsung to provide every individual cost for every Accused Product. CyWee also tried to retake its live deposition of SEA's financial witness, Mr. Diaz, asking questions about SEA data as well.

Samsung made good faith efforts to provide the information requested, within the scope contemplated by the Court's Order. Samsung's witness, Mr. Kyuhyun Han, personally reviewed the SEC financial information produced in the case and responded to the questions. He testified that ███████████████████████████████████████████████████████████ ███████████████. His responses were compiled and served on CyWee. Dkt. No. 164-8. CyWee, however, claimed it was not satisfied and complained about certain responses. Dkt. No. 164-2. Samsung made every attempt to resolve CyWee's alleged concerns, and Mr. Han served supplemental answers to the deposition questions. Dkt. No. 164-3. CyWee still was not satisfied and filed the instant Motion to Compel.

███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████

## II. ARGUMENT

### A. The Responses to the Financial Information Questions (Numbers 6, 8–14, 40–42, and 64–67) Were Not Materially Deficient

CyWee's Motion to Compel complains that Samsung's responses to questions 5–79 were "materially incomplete." Dkt. No. 164 at 4. In reality, CyWee only ever raised an issue with—and its Motion only addressed—less than twenty of these questions, rather than seventy-four. *Id.* at 5–10; Dkt. No. 164-2. Regardless, each of those questions either was fully responded to, asked for additional document production and was thus inappropriate, or was misrepresented in CyWee's Motion.

#### 1. Question Number 6

Question Number 6 asks, ███████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████ Additionally, to the extent this request asks for additional information, it is outside the Court-ordered scope of the deposition. Further, this question, as CyWee views it, requires exacting detail which a deponent is not expected to provide and instead is more suited for interrogatories. *United States ex rel. Fago v. M & T Mortg. Corp.*, 235 F.R.D. 11, 25 (D.D.C. 2006) (finding corporate testimony would not be compelled on topics requiring detailed

information—including loan numbers for hundreds of loans, and employee names for those that reviewed over one hundred loans—and instructing that to the extent further discovery was required on these topics, it need only be provided pursuant to interrogatories already propounded on these precise topics). Accordingly, this can be viewed as an improper attempt by CyWee to belatedly propound interrogatories.

CyWee also claims that it is entitled to  To the extent CyWee requests written instructions, that is beyond the scope of the deposition. If this request is asking the deponent to recall the instructions word for word, it is improper since a deponent is not required to provide that level of detail. *Fago*, 235 F.R.D. at 25. Again, this appears to be an improper attempt to ask interrogatories after the close of discovery. Further, such communications are protected by the attorney-client privilege, a privilege which CyWee explicitly said during a September 6, 2018 meet and confer that it would not consider waived in regards to the instructions. Declaration of Elizabeth L. Brann ("Brann Decl.") ¶ 2. CyWee's current request for the written instructions without reference to this conversation is misleading or at best incomplete.

CyWee's Motion also asks Samsung to respond to an additional five questions.[1] These questions were not present in Question 6 either literally or inherently. For example, Question 6

asking the deponent to 

. Further, this request is outside the scope of the deposition set by the Court. To the extent this request asks the deponent to recall from memory, it is improper since a deponent is not required to provide this extraordinary level of detail. *Fago*, 235 F.R.D. at 25. This appears to be nothing more than an attempt to ask additional, belated interrogatories. CyWee's complaints that the answers regarding Question 6 were materially deficient are without merit.

2. **Question Number 8**

Question Number 8 simply asked . It does not ask, literally or inherently, the additional six questions to which CyWee now seeks to compel answers.[2] CyWee had the opportunity to ask these separate questions, but it did not. Apparently recognizing this, CyWee now improperly seeks a second deposition to ask them. Samsung fully and fairly answered the question asked, and CyWee's alleged complaints are again without merit.

3. **Question Number 9**

Question Number 9 asks . CyWee admits that this



question could have been properly answered simply as "no." Dkt. No. 164-2 at 2. In the spirit of cooperation, however, Samsung provided additional detail. It now appears that all of CyWee's complaints about this response stem from this voluntarily provided information.

CyWee's only actual request in regards to this question appears to be ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ It is wholly unreasonable for CyWee to argue it is a material deficiency not to answer a question that was never asked. Instead this is a follow up question based on Mr. Han's response.

CyWee's remaining complaints seem to stem from its failure to read the supplemental responses ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Accordingly, these complaints are meritless.

### 4. Question Number 10

CyWee appears to believe the answer to Question Number 10 is deficient purely because it is not the answer CyWee wanted. Specifically, CyWee argues the answer should have listed ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████████████████████ ██████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████████████ CyWee's disagreement with this classification does not make Mr. Han's answer deficient. ████████████████████████████████████████ ██████████████████████████████ Cywee's allegation that this answer was "even more nonresponsive" than others (Dkt. No. 164 at 7) is also without merit.

### 5. Question Numbers 11–14

CyWee complains that the responses to Question Numbers 11–14 are deficient since they ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████

-7-

███████████████████████ Again, merely because CyWee does not like how the deponent answered the question does not mean the response is deficient.

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████

### 6.     Question Numbers 40, 64, and 65

Question Number 40 merely asked for ████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████ Once again, it appears that CyWee failed to read Samsung's supplemental responses ████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████ Third, to the extent CyWee is asking for ████████████████, that again exceeds the Court-ordered scope of the deposition. Fourth, to the extent these requests ask the deponent to recall each and every ████████████████, they are improper since a deponent is not required to provide such exacting detail. *Fago*, 235 F.R.D. at 25. Once again, this appears to be an improper attempt to ask interrogatories after the close of fact discovery.

### 7. Question Numbers 41 and 42

Question Numbers 41 and 42 relate to how ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and were fully and fairly answered as asked. Dkt. Nos. 164-8 at 13–14; 164-3 at 9–10. CyWee makes no argument as to why the answers to these specific questions are deficient.

### 8. Question Numbers 66 and 67

Question Numbers 66 and 67 inquire about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮." Dkt. No. 164-5 at 11. For these questions, CyWee requests ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. No. 164 at 10. To the extent these questions request the production of additional financial data, they are outside the Court-ordered scope of the deposition. To the extent these requests ask the deponent to recall each and every ▮▮▮▮▮▮▮▮▮▮▮▮▮▮, they are improper since a deponent is not required to provide that level of detail. *Fago*, 235 F.R.D. at 25. Once again, this seems to be an attempt to propound belated interrogatories. Samsung objected to these questions accordingly. Dkt. No. 164-8 at 22; Dkt. No. 164-3 at 12.

## B. The Responses to the Questions Regarding SAM_CYWEE00172322 (Numbers 64–67 and 72–79) Were Not Materially Deficient

### 1. Question Numbers 64–67

CyWee's Motion requests ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Accordingly, CyWee's statement that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Dkt. No. 164 at 11) is incorrect. Additionally, as stated above, to the extent Question Numbers 64–67 request production of additional financial data,

they are outside the scope of the deposition or not a proper inquiry for a deponent. *Fago*, 235 F.R.D. at 25.

### 2. Question Numbers 72–77

These questions ask for additional data on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Dkt. No. 164-5 at 11–12. CyWee moves to compel responses to these questions, but these questions are improper for at least three reasons. First, they effectively call for additional document production in light of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮. They are therefore outside the scope of the SEC financial data already produced in this case. Second, to the extent these requests ask the deponent ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, they are improper since a deponent is not required to provide that amount of detail. *Fago*, 235 F.R.D. at 25. This appears instead to be an improper attempt to ask interrogatories long after the close of fact discovery. Third, as outlined in Mr. Han's response, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is therefore outside the scope of the deposition. Dkt. No. 164-8 at 24–27. Samsung objected to these questions accordingly. *Id.*

### 3. Question Numbers 78 and 79

These questions ask for ▮▮▮▮▮▮▮. Dkt. No. 164-5 at 12. CyWee seeks to compel ▮▮▮▮▮▮▮▮▮▮▮▮. Dkt. No. 164 at 12. First, as Mr. Han stated in his response, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Second, these requests are outside the scope of the deposition limited to already produced SEC financial information. Third, to the extent CyWee wants this response in narrative form, that is improper since a deponent is not required to provide this level of detail. *Fago*, 235 F.R.D. at 25. This is yet another attempt to propound belated interrogatories. Samsung objected accordingly. Dkt. No. 164-8 at 27. Notwithstanding, Samsung provided an explanation ▮▮▮▮▮▮▮

███████████████████████████████████. *Id*. It is unclear how this allegedly renders the response materially deficient.

      **C.    The Questions Regarding "Critical Components" (Numbers 82–87) Exceed the Scope of the Deposition**

CyWee demands that Samsung be made to answer Questions 82–87. Dkt. No. 164 at 13. Each of these questions refers to "Critical Components," which CyWee defined as "Components required for an SKU or Model of an Accused Product to perform Critical Functions." Dkt. No. 164-5 at 2, 13. "Critical Functions" is defined as

> making and receiving a voice phone call, sending and receiving text messages with attachments, sending and receiving emails with attachments, taking and storing photos, accessing and searching the internet, displaying retrieved or created content related to the other Critical Functions, storing data and retrieving data in the form of digital files, PDFs or music/video files.

*Id*. These questions are improper for three reasons. First, given the definitions, responses would require a technical opinion. Therefore, the questions are outside the Court-ordered scope of the deposition, limited to SEC financial information already produced in this case. Regardless, Mr. Han answered ████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████.
Second, a number of the questions request additional financial data. That too is outside the scope of the court-ordered deposition. Third, to the extent CyWee requires a narrative response, these questions improperly require the deponent to recall overly detailed information. *Fago*, 235 F.R.D. at 25. This appears to be yet another attempt to propound interrogatories after the close of fact discovery. Samsung objected to each of these questions for these reasons. *Id*.

### D. The Questions Regarding SEA Financial Information Spreadsheets (Numbers 88–124) Exceed the Scope of the Deposition

CyWee demands responses to Question Numbers 88–124. Dkt. No 164 at 13–14. Each of these questions relate to spreadsheets prepared by SEA. CyWee says that the questions must be answered since the deposition was addressed to both SEC and SEA. *Id*. But who CyWee directed the questions to is of no consequence. The Court was clear that the scope of the deposition was SEC financial information already produced in this case. In fact, CyWee appears to understand that the scope was so limited given its statements at the most recent hearing:

> 17 [THE COURT:] … And I would expect that the questions you ask -
> 18 - I don't want to buy a pig in a poke here -- but within reason
> 19 would be questions that you're entitled to frame.
> 20 MR. SHORE: They would be just like the questions of
> 21 Mr. Diaz about the Samsung America information that they
> 22 produced Mr. Diaz for Samsung America. He was noticed for
> 23 both --
> 24 THE COURT: Yeah.
> 25 MR. SHORE: -- but they only produced him for one.
> 1 But I would like to ask those types of questions and follow-up
> 2 questions of a Samsung Korea witness.
> 3 THE COURT: All right.

8/10/2018 Hr'g Tr. at 101:17–102:3. Accordingly, CyWee represented that the purpose was to ask an SEC witness questions on SEC financial data analogous to the questions it asked the SEA witness on SEA financial data. Given the limited scope, Samsung's responses began by stating "[t]he Court's August 10, 2018 order only required a deposition by written questions regarding the financial information of SEC and therefore these responses do not reflect information from Samsung Electronics America, Inc. ('SEA')." Dkt. No. 164-8 at 1.

Further, CyWee appears to believe that ███████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

███████████████████████

████████████████████

These questions are additionally improper insofar as they purport to require additional document production. This deposition was limited to documents already produced. Also, to the extent these requests ask the deponent to recall detailed financial information, they are improper since a deponent is not required to provide such exacting detail. *Fago*, 235 F.R.D. at 25. These are merely interrogatories CyWee is attempting to propound after the close of fact discovery.

Additionally, CyWee has already had a full opportunity to depose an SEA witness on SEA's produced financial data. Brann Decl. ¶ 7. Accordingly, CyWee's questions are either cumulative of information CyWee already possesses or are an attempt to ask questions it failed to ask in Mr. Diaz's deposition.

### III. CYWEE'S REQUESTED RELIEF IS IMPRACTICAL

CyWee requests that the Court "[o]rder Samsung to immediately produce a prepared witness, in Dallas, Texas, to fully answer CyWee's questions." Dkt. No. 164 at 15. Many of CyWee's requests are for extremely detailed information ████████████████████ ███████████████████████████████████████████████████ for each and every Accused Product. Dkt. No. 164 at 9. These questions cannot properly be answered during a deposition, nor is a deponent expected to provide this level of detail. *Fago*, 235 F.R.D. at 25 ("Although Rule 30(b)(6) requires a designated witness to thoroughly educate him or herself on the noticed topic, it should go without saying that the witness should not have to memorize hundreds of [] numbers."). While Samsung objects to these questions as outside the scope of the deposition insofar as they request additional document production, if the Court finds any answers materially deficient, Samsung requests that it be allowed to supplement the answer at the direction of the Court rather than produce a deponent.

## IV. CONCLUSION

Overall, CyWee's Motion to Compel should be denied because a number of the requests seek extremely detailed information not previously requested from SEC and are therefore far beyond the Court-ordered scope of this deposition, because a number of questions were never asked in the deposition, and because the remaining alleged deficiencies are based on incorrect characterizations of the deponent's testimony.

Samsung naturally disagrees with the numerous mischaracterizations in CyWee's request for sanctions, including that Samsung "hid" (Dkt. No. 164 at 14) any information. The opposite is true. Instead, Samsung requests appropriate sanctions against CyWee for intentionally failing to heed the Court's prescribed scope for the deposition, and then compounding that violation by filing the instant Motion based on clear mischaracterizations of the record, unsupported arguments, and a complete failure to read all of the deponents responses. CyWee has not acted in good faith and sanctions are warranted.

DATED: October 3, 2018

Respectfully submitted,

By: */s/ Christopher W. Kennerly*
Christopher W. Kennerly
TX Bar No. 00795077
chriskennerly@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Ave.
Palo Alto, California 94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Elizabeth L. Brann (*pro hac vice*)
CA Bar No. 222873
elizabethbrann@paulhastings.com
Bob Chen (*pro hac vice*)
CA Bar No. 273098
bobchen@paulhastings.com
PAUL HASTINGS LLP

        4747 Executive Drive, 12th Floor
San Diego, California  92121
Telephone:  (858) 458-3000
Facsimile:  (858) 458-3005

Melissa R. Smith
TX Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Attorneys for Defendants
SAMSUNG ELECTRONICS CO., LTD AND
SAMSUNG ELECTRONICS AMERICA,
INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on October 3, 2018. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email.

                              */s/ Christopher W. Kennerly*
                              Christopher W. Kennerly

## CERTIFICATE OF AUTHORIZATION TO SEAL

I hereby certify that under Local Rule CV-5(a)(7), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

                              */s/ Christopher W. Kennerly*
                              Christopher W. Kennerly