**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CYWEE GROUP LTD., | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | NO. 2:17-CV-00140-WCB-RSP |
| | § | |
| SAMSUNG ELECTRONICS CO. LTD. | § | |
| AND SAMSUNG ELECTRONICS | § | |
| AMERICA, INC., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG
<u>ELECTRONICS AMERICA, INC.'S MOTION FOR SANCTIONS</u>**

## <u>TABLE OF CONTENTS</u>

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF FACTS ........................................................................................... 3

    A. Mr. Shore's Uncivil Conduct ............................................................................ 3

    B. Improper Communications with Samsung ......................................................... 4

    C. Retaliatory Threats ............................................................................................ 6

III. ARGUMENT ................................................................................................................ 8

    A. Violations of the Standards of Practice to Be Observed by Attorneys ................. 8

    B. Violations of the Protective Order ..................................................................... 11

    C. Violations of Rule 4.02 of the Texas Disciplinary Rules of Professional
        Conduct ........................................................................................................... 12

    D. Threats of Criminal Prosecution ....................................................................... 14

IV. CONCLUSION ............................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Armstrong*,
    487 B.R. 764 (E.D. Tex. 2012) ................................................................................8

*Chambers v. NASCO, Inc.*,
    501 U.S. 32 (1991) ................................................................................................8

*Commissariat A L'Energie Atomique v. Samsung Elecs. Co.*,
    430 F. Supp. 2d 366 (D. Del. 2006) ......................................................................12

*Dondi Props. Corp. v. Commerce Sav. & Loan Ass'n*,
    121 F.R.D. 284 (N.D. Tex. 1988) ...........................................................................8

*Horaist v. Doctor's Hosp. of Opelousas*,
    255 F.3d 261 (5th Cir. 2001) ................................................................................12

*Mylan Pharms. Inc. v. Saint Regis Mohawk Tribe*,
    No. IPR2016-01127, *et seq.* (P.T.A.B. Jan. 4, 2018) ............................................10

*In re News Am. Publ'g, Inc.*,
    974 S.W.2d 97 (Tex. App. 1998) ...........................................................................13

*Power Mosfet Techs. L.L.C. v. Siemens AG*,
    No. 2:99-cv-00168-DF (E.D. Tex. Mar. 22, 2001) ................................................10

*Power Mosfet Techs. L.L.C. v. Siemens AG*,
    No. 2:99-cv-00168-DF (E.D. Tex. Sept. 30, 2002) ...............................................10

*Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*,
    685 F.3d 486 (5th Cir. 2012) ................................................................................11

*Stevenson v. Green*,
    108 F.3d 333 (5th Cir. 1997) ..................................................................................8

*Trustees of Boston Univ. v. Everlight Elecs. Co.*,
    No. 1:12-cv-11935-PBS (D. Mass. Jan. 25, 2016) ............................................9, 10

**Other Authorities**

Fed. R. Civ. P. 37(b) ................................................................................................11

Local Rule AT-2 ...............................................................................................8, 12

Local Rule AT-3 .........................................................................................2, 8, 9, 10

## <u>TABLE OF AUTHORITIES</u>
**(continued)**

**Page(s)**

Tex. Disciplinary Rules Prof'l Conduct, Preamble .........................................................................9

Tex. Disciplinary Rules Prof'l Conduct, Rule 4.02 ............................................................6, 12, 13

Tex. Disciplinary Rules Prof'l Conduct, Rule 4.04 .....................................................................14

## I.   INTRODUCTION

This motion seeks relief for an unfortunate situation relating to Plaintiff CyWee Group,
Ltd.'s ("CyWee") lead counsel Michael Shore.  For months, Defendants Samsung Electronics
Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Defendants" or "Samsung") and
their counsel have been subject to harassment and abuse from Mr. Shore.  Mr. Shore was
recently sanctioned for sending "toxic" emails to opposing counsel in another case, and has
continued the same pattern of harassment and abuse here.  This has included, by way of example,
the following:



The offending communications are attached and highlighted for the Court.  All of them are
highly improper and violate the local and ethical rules relating to, among other things, civility
among lawyers and using criminal threats in a civil case.



 Samsung merely seeks an end to the harassment and abuse.  The Texas ethical rules require it to stop.  Another court has already sanctioned Mr. Shore for similar tactics and offensive communications.  This Court should sanction Mr. Shore for his misconduct here.

As a result, Defendants respectfully request that the Court issue an order (1) prohibiting Mr. Shore from directly or indirectly sending abusive, harassing or threatening communications, and requiring Mr. Shore to strictly adhere to the standards of practice to be observed by attorneys as delineated in Local Rule AT-3; (2) prohibiting Mr. Shore from threatening Samsung or its counsel with criminal prosecution, including on matters unrelated to this action; (3) requiring Mr. Shore to strictly adhere to all provisions of the protective order (Dkt. No. 39) entered by the Court in this case; and (4) prohibiting Mr. Shore, Mr. Shey, and any other person or entity affiliated with CyWee from communicating or attempting to communicate with anyone at or affiliated with Samsung regarding this action without the prior written consent of Samsung's counsel.

While his conduct would certainly warrant it, Samsung has elected not to seek monetary sanctions or disqualification of Mr. Shore at this time.

## II.   STATEMENT OF FACTS

### A.   Mr. Shore's Uncivil Conduct

Mr. Shore has conducted himself in an increasingly uncivil and inappropriate manner in this matter.  For example:



---

[1] All exhibits referenced herein are attached to the Declaration of Elizabeth Brann ("Brann Decl."), filed concurrently herewith.



**B.**     **Improper Communications with Samsung**



████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████

**C.      Retaliatory Threats**

████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

████████████████

████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

## III.    ARGUMENT

After giving an attorney an opportunity to show cause to the contrary, this Court is empowered to take any appropriate disciplinary action against any attorney "for conduct unbecoming a member of the bar," "for failure to comply with these local rules or any other rule or order of this court," "for unethical behavior," or "for inability to conduct litigation properly." E.D. Tex. L.R. AT-2(d)(1).

Moreover, a federal court has both specific and inherent power to control its docket, including the power to dismiss a case. *See Stevenson v. Green*, 108 F.3d 333 (5th Cir. 1997) ("This court has confined the sanction of dismissal under the district court's inherent power to instances of bad faith or willful abuse of the judicial process.") (internal citation omitted). Moreover, federal courts have the inherent power to "fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991).

### A.    Violations of the Standards of Practice to Be Observed by Attorneys

The local rules dictate "Standards of Practice to be Observed by Attorneys," which originated with the opinion in *Dondi Props. Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988). E.D. Tex. L.R. AT-3. "That opinion was issued *en banc* by the Northern District of Texas as it took a nationally prominent position in the fight to curtail 'Rambo' litigation." *In re Armstrong*, 487 B.R. 764, 773 (E.D. Tex. 2012). Thus "[i]n fulfilling his or her primary duty to the client, a lawyer must be ever conscious of the ***broader duty*** to the judicial system that serves both attorney and client." *See id.* (citations and quotations omitted). Among these standards of practice include "a duty of courtesy and cooperation," and "personal dignity and professional integrity." E.D. Tex. L.R. AT-3(C), (D). As this Court's local rules explain, "[e]ffective advocacy does not require antagonistic or obnoxious behavior, and members of the bar will adhere to the higher standard of conduct which judges, lawyers, clients, and the public

may rightfully expect." *Id.* at AT-3(K); *see also* Tex. Disciplinary Rules Prof'l Conduct, Preamble § 4 ("A lawyer should demonstrate respect for the legal system and for those who serve it, including judges, other lawyers and public officials."); *id.* § 2 ("As negotiator, a lawyer seeks a result advantageous to the client but consistent with requirements of honest dealing with others.").

Mr. Shore's inappropriate behavior, some of which is summarized above, has no excuse. Indeed, it appears to be Mr. Shore's *modus operandi* to badger and insult his opposing counsel. He has already been sanctioned once for such conduct.  In *Trustees of Boston University v. Everlight Electronics Co*., the court sanctioned Mr. Shore for sending "toxic" emails to opposing counsel, and prohibited him from sending any further emails whatsoever to defendants' counsel: "[Y]ou are the author of the toxic email series, and we're supposed to have civility among attorneys, and you do not exemplify civility. . . . No more emails, okay. . . . The sanction is no more emails." No. 1:12-cv-11935-PBS, slip op. at 2 (D. Mass. Jan. 25, 2016) (Ex. 32). Apparently the court there had seen enough from Mr. Shore.  Here, Samsung does not seek to prohibit all email communication form Mr. Shore, just harassing and abusive ones.

Mr. Shore's penchant for flouting court rules is further demonstrated by his failure to disclose this sanctions order in *pro hac vice* applications he filed subsequently.

Misconduct like that at issue here seems to follow Mr. Shore.  In the *Trustees of Boston*

*University* case, Judge Saris noted that "[t]here is more toxicity in this case than in criminal cases where people are going away for 20 or 30 years." *See* Trial Tr. at 8-5:15–16, *Trustees of Boston Univ.*, No. 1:12-cv-11935-PBS (Ex. 31).  In *Power Mosfet Technologies L.L.C. v. Siemens AG*, Judge Folsom of this Court wrote that "looking back at the parties' overall conduct, it sometimes seemed that they thought themselves to be in a totally different universe, a Wonderland where up was down and down was up and none of the normal rules applied."  No. 2:99-cv-00168-DF, slip op. at 3 (E.D. Tex. Sept. 30, 2002) (Ex. 30).  In that case, the Court issued an order including a declaration to "be completed by each attorney having any involvement in this matter," which included Mr. Shore, stating their understanding that they would comply with local rule AT-3 (the very same rule that Mr. Shore has violated in this action).  *See Power Mosfet Techs.*, No. 2:99-cv-00168-DF, slip op. at 2–3 (E.D. Tex. Mar. 22, 2001) (Ex. 29).  This past January, the Patent Trial and Appeal Board cautioned Mr. Shore "that failure to comply with an applicable rule or order, abuse of discovery, and abuse of process are all grounds for sanctions.  We strongly advise counsel for the Tribe [Mr. Shore] to review our rules and caution that any further actions that demonstrate a disregard for our process will not be tolerated."  *See Mylan Pharms. Inc. v. Saint Regis Mohawk Tribe*, No. IPR2016-01127, *et seq*., slip op. at 5 (P.T.A.B. Jan. 4, 2018) (Ex. 33).

Samsung is not in a position to re-litigate all of Mr. Shore's past troubles regarding his misconduct in other cases.  Samsung merely notes that Mr. Shore's misconduct in this case follows a well-worn pattern of incivility that far exceeds the lines drawn by the rules.  At a minimum, the Court is well within its authority to issue the requested order to put a stop to such conduct here.  *See Trustees of Boston Univ.*, No. 1:12-cv-11935-PBS, slip op. at 3–4 (Ex. 32) (sanctioning Mr. Shore) ("Attorneys have on a number of occasions been disbarred for vitriolic and unfounded personal assaults on opposing counsel.") (internal punctuation omitted).

**B.     Violations of the Protective Order**

This Court is also entitled to impose appropriate sanctions for violations of the protective

order under Federal Rule of Civil Procedure 37(b).  *Smith & Fuller, P.A. v. Cooper Tire &*

*Rubber Co.*, 685 F.3d 486, 488–90 (5th Cir. 2012).   "In addition to a broad range of sanctions,

including contempt, [Rule] 37(b)(2) authorizes the court to impose a concurrent sanction of

reasonable expenses, including attorney's fees, caused by the failure to obey a discovery order."

*Id.* at 488 (quoting *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir.

1983)).  In addition to contempt and expenses, a finding of bad faith or willful misconduct can

"support the severest remedies under Rule 37(b)—striking pleadings or dismissal of a case."  *Id.*

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████

████████████████████████████████████████

████████████████████

**C.     Violations of Rule 4.02 of the Texas Disciplinary Rules of Professional Conduct**

Rule 4.02(a) of the Texas Disciplinary Rules of Professional Conduct, which are

applicable in this Court pursuant to the local rules (E.D. Tex. L.R. AT-2(a))[4] provides:

> In representing a client, a lawyer shall not communicate or cause or encourage another to communicate about the subject of the representation with a person, organization or entity of government the lawyer knows to be represented by another lawyer regarding that subject, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

---

[4] While Mr. Shore argues that the Texas rules are irrelevant for practice in the Fifth Circuit, claiming that "the Rules that govern attorney conduct are based upon national standards," *see* Ex. 23, the case that Mr. Shore cites to in his email actually notes that "[d]isqualification cases are governed by *state* and national ethical standards adopted by the court." *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 266 (5th Cir. 2001) (emphasis added). Indeed, the court noted that the local rules of the district court in that case "specifically adopt[ed]" the state rules of professional conduct. Moreover, as a Texas attorney, Mr. Shore's conduct is clearly governed by the Texas ethical rules.

-12-

The comments to this rule explain that it is "directed at efforts to circumvent the lawyer-client relationship existing between other persons, organizations or entities of government and their respective counsel."  *See id*. cmt. 1.  Such communications are permissible only "as long as the lawyer does not cause or encourage the communication without the consent of the lawyer for the other party."  *Id*.  Thus the key question for purposes of Rule 4.02(a) is the scope of an attorney's involvement in the communication.  *See In re News Am. Publ'g, Inc.*, 974 S.W.2d 97, 100–01 (Tex. App. 1998), subsequent mandamus proceeding sub nom. *In re Users Sys. Servs., Inc.*, 22 S.W.3d 331 (Tex. 1999) ("The issue presented here, however, is not whether it was unethical for Landreth to contact Frazier without the knowledge, advice, and consent of Frazier's attorney. Rather, the issue is focused on Akin, Gump's participation in the meeting at their law offices without Cannan's consent.").

██████████████████████████████████████████████████████████

████████████████████████████████████████████

### D.     Threats of Criminal Prosecution

Under Rule 4.04(b)(1) of the Texas Disciplinary Rules of Professional Conduct, "[a]

lawyer shall not present, participate in presenting, or threaten to present . . . criminal or

disciplinary charges solely to gain an advantage in a civil matter[.]"  ████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

███████████████████████████████████████

## IV.     CONCLUSION

There is no excuse for Mr. Shore's uncivil and inappropriate conduct.  Samsung and its

counsel must interact with him for many more months, if not years.  As a result, Samsung

respectfully requests that the court prohibit Mr. Shore from continuing to engage in the

misconduct described above, and enter the proposed order accordingly.

DATED: October 4, 2018

Respectfully submitted,

By: */s/ Barry Sher*

Barry Sher (*pro hac vice*)
NY Bar No. 2325777
barrysher@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
Facsimile:   (212) 230-7444

Christopher W. Kennerly
TX Bar No. 00795077
chriskennerly@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Ave.
Palo Alto, California  94304
Telephone:  (650) 320-1800
Facsimile:    (650) 320-1900

Elizabeth L. Brann (*pro hac vice*)
CA Bar No. 222873
elizabethbrann@paulhastings.com
Bob Chen (*pro hac vice*)
CA Bar No. 273098
bobchen@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, California  92121
Telephone:  (858) 458-3000
Facsimile:    (858) 458-3005

Melissa R. Smith
TX Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Attorneys for Defendants
SAMSUNG ELECTRONICS CO., LTD AND
SAMSUNG ELECTRONICS AMERICA,
INC.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule CV-7(g), Defendants respectfully request an oral hearing on this

Motion.  Defendants estimate that a hearing time of 30–45 minutes will be sufficient.

*/s/ Barry Sher*
Barry Sher


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed

electronically in compliance with Local Rule CV-5 on October 4, 2018.  As of this date, all

counsel of record had consented to electronic service and are being served with a copy of this

document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email.

*/s/ Barry Sher*
Barry Sher


## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the Defendants met and conferred

with counsel for the Plaintiff on October 4, 2018 in a good faith attempt to resolve the matters

raised by this motion.  No agreement could be reached.  Mr. Shore indicated that he opposes the

relief requested by this motion.  Mr. Shore said he would not violate the protective order in this

case in the future; admitted that he could be "volatile;" said he would agree to be a "choir boy"

and "as sweet as can be" in the future; that he would conform to the rules of the "Marquess of

Queensberry" and "Emily Post."  However, Mr. Shore refused to accept responsibility for his

prior misconduct, argued that Samsung and its counsel are simply being overly "sensitive,"  and

refused to have any agreement so ordered by the Court.  Mr. Shore also repeated his threats of

criminal exposure to Mr. Sher several times.  Thus, these discussions have conclusively ended in

an impasse and leave an open issue for the Court to resolve.

<i>/s/ Barry Sher</i>
Barry Sher

## <u>CERTIFICATE OF AUTHORIZATION TO SEAL</u>

I hereby certify that under Local Rule CV-5(a)(7), the foregoing document is filed under

seal pursuant to the Court's protective order entered in this matter.

<i>/s/ Barry Sher</i>
Barry Sher