IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CYWEE GROUP LTD., § | | |
| § | | |
| Plaintiff § | | |
| § | | |
| v. § | NO. 2:17-CV-00140-WCB-RSP | |
| § | | |
| SAMSUNG ELECTRONICS CO. LTD. § | | |
| AND SAMSUNG ELECTRONICS § | | |
| AMERICA, INC., § | | |
| § | | |
| Defendants. § | | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT EXPERT REPORTS TO INCLUDE THIRD PARTY DISCOVERY**

CyWee's motion for leave to supplement its expert reports to include discovery from Qualcomm ignores one simple fact: Qualcomm provided all of the code CyWee needed for its expert report in late July. Under the Court's Discovery Order, CyWee was required to supplement its infringement contentions to account for that code in late August. Now, however, CyWee requests permission to informally supplement its contentions (without actually doing so) by seeking leave to update its expert reports in late October in violation of the Court's order. Samsung has been more than accommodating to CyWee but cannot agree to endless extensions.

In particular, Samsung's opening invalidity report is due October 8. Under CyWee's proposal, therefore, Samsung will be required to serve its invalidity report more than two weeks before CyWee completes its infringement expert disclosures. CyWee should not be allowed to fine tune its infringement allegations to account for Samsung's invalidity report. Therefore, CyWee's motion for leave should be denied.

I.  **BACKGROUND**

CyWee's motion for leave contains pages of facts not relevant to this dispute. Certain facts are beyond dispute and relevant, however. On July 12, 2017, CyWee served its original infringement contentions accusing fifteen Samsung products of infringement. Ex. 1.[1] ▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[1] Unless otherwise stated, all documents referenced herein are attached to the Declaration of Elizabeth L. Brann ("Brann Decl."), filed concurrently herewith.

-2-

▮▮▮. On May 30, 2018, CyWee finally served its own subpoena on Qualcomm, requesting the code. Dkt. No. 176-12. ▮▮▮. Over the ensuing months, CyWee and Qualcomm negotiated the code that Qualcomm would provide. Samsung was not a party to those communications. ▮▮▮ CyWee admits that the relevant code was produced on July 25, 2018. Dkt. No. 176-15.

On August 20, almost a month after the Qualcomm code was made available, CyWee served a deposition subpoena on Qualcomm. This deposition proceeded on October 2. ▮▮▮

During this time, the parties negotiated another extension of deadlines in this case. On August 30, Samsung agreed to extend the time for expert reports by one month, until October 8.

Dkt. No. 155. That was the third major extension of the expert report deadlines that Samsung had agreed to. Dkt. Nos. 96, 123, 156. Never during this process did CyWee state that it would not be able to meet the new October deadline. Indeed, CyWee did not do so until September 10. Ex. 5.

## II. **LEGAL STANDARD**

Expert reports may not introduce theories that were not previously set forth in the contentions required by the Patent Local Rules. *See L.C. Eldridge Sales Co. v. Azen Mfg. PTE., Ltd.*, No. 6:11-cv-599, 2013 U.S. Dist. LEXIS 186309, at *17 (E.D. Tex. Oct. 11, 2013). Under the Court's Discovery Order:

> If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

Dkt. No. 35 at 2. Otherwise, under Patent L.R. 3-6, a party can amend its infringement contentions only "by order of the Court, which shall be entered only upon a showing of good cause." Patent L.R. 3-6(b). Good cause in this context requires "'a showing of diligence' from the plaintiff." *See Implicit, LLC v. Trend Micro, Inc.*, No. 6:16-cv-00080-JRG, slip op. at 2–3 (E.D. Tex. July 21, 2017), ECF No. 162 (quoting *O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)). In considering whether there is good cause for leave to amend, courts consider: "(1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded if the proposed amendment is not allowed; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *Id.* at 3 (quoting *Packet Intelligence LLC v NetScout Sys., Inc.*, No. 2:16-CV-230-JRG, 2017 WL 2531591, at *1 (E.D. Tex. Apr. 27, 2017)).

### III. ARGUMENT

#### A. The Local Rules Prohibit CyWee from Amending Its Infringement Contentions, So It Is Likewise Prohibited from Including Qualcomm Code in Its Expert Report.

CyWee should not be permitted to informally amend its infringement contentions by supplementing its expert report to include Qualcomm source code. Under the Discovery Order, a party claiming patent infringement has until thirty days after source code is made available to identify what code it alleges satisfies the software limitations for the asserted claims. Dkt. No. 35 at 2. CyWee admits that Qualcomm's code was made available on July 25, 2018. Dkt. No. 176 at 8. CyWee, however, still has not supplemented its infringement contentions to account for that code.

Instead, CyWee informally seeks to do so by seeking leave to supplement its expert report. Under Patent L.R. 3-6, CyWee cannot show good cause to do so. This Court has made clear that good cause requires a showing of diligence in the plaintiff. In *Implicit, LLC*, the Court denied a plaintiff's motion for leave to amend its infringement contentions after the plaintiff waited for seven months after source code was made available for inspection before undertaking a source code review. No. 6:16-cv-00080-JRG, slip op. at 2–3. In *Computer Acceleration Corp. v. Microsoft Corp.*, the Court struck a plaintiff's infringement contentions directed to Microsoft Vista when it had received source code for this product after requesting it and then delayed for months with no indication that it would amend its claim chart or even seek leave to do so. 503 F. Supp. 2d 819, 824–25 (E.D. Tex. 2007).

Similarly here, CyWee never even filed a motion for leave to amend its infringement contentions (and still has not done so) and cannot show good cause to supplement its expert reports. CyWee delayed serving a subpoena on Qualcomm to request the code, ▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Even though the code was

made available in July and purportedly reviewed in early August, CyWee still has not sought to supplement its infringement contentions.  Despite this, the time has passed for CyWee to include Qualcomm code in its infringement contentions.

The infringement contentions govern the scope of CyWee's infringement expert report. The Eastern District of Texas has stricken expert reports in analogous circumstances. In *L.C. Eldridge Sales*, the defendants unsuccessfully sought leave to amend their invalidity contentions to include certain prior art combinations. 2013 U.S. Dist. LEXIS 186309, at *5. At the same time, the plaintiff moved to strike the defendant's expert report on the basis that it relied on prior art combinations not included in the invalidity contentions. *Id.* at *4. The court denied leave to amend because the defendants had not been diligent. *Id.* at *7–10. Consequently, the court granted the plaintiff's motion to strike the expert report. *Id.* at *17.

Similarly here, CyWee has long passed the deadline to amend its infringement contentions to include the Qualcomm code or informally attempt to do so by seeking leave to supplement its expert report. . Therefore, it has no basis to seek an extension of time to serve an expert report on the Qualcomm code.

### B. The Potential Prejudice to Samsung Is Substantial

Samsung will suffer significant unfair prejudice if CyWee is allowed to supplement its expert report to assert a fundamentally different theory of infringement.

██████████████████████████████████████

████████████████████

This is not a case where a plaintiff is seeking to supplement its expert report to add additional detail or code citations. Here, CyWee is seeking to fundamentally change its theory of infringement, has failed to supplement its infringement charts to show how it is doing so, and has still not provided those details. Given this, Samsung has been deprived of a significant amount of time that could have been used to develop its non-infringement positions. Instead, Samsung is left essentially to guess at CyWee's theories directed to the Qualcomm code as Samsung prepares its opening invalidity expert report. In contrast, CyWee will have the full benefit of Samsung's invalidity report to fine tune its own infringement allegations.

CyWee has already had the benefit of three schedule extensions. Dkt. Nos. 96, 123, 156. Yet CyWee chose to wait for months before asserting this new theory. A fourth extension, further delaying the case, is not warranted and would not remedy the substantial prejudice that CyWee has already imposed on Samsung through its dilatory tactics.

## IV.     CONCLUSION

CyWee did not serve supplemental infringement contentions within the time limits set by the Discovery Order or seek leave to do so. Instead, CyWee seeks leave to supplement its expert report, which will likely introduce an entirely new theory of infringement, significantly prejudicing Samsung. Therefore, Samsung respectfully requests that the Court deny CyWee's motion for leave to supplement its expert reports to include third-party discovery.

DATED: October 5, 2018

Respectfully submitted,

By: */s/ Christopher W. Kennerly*
Christopher W. Kennerly
TX Bar No. 00795077
chriskennerly@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Ave.
Palo Alto, California 94304
Telephone: (650) 320-1800

Barry Sher (*pro hac vice*)
NY Bar No. 2325777
barrysher@paulhastings.com
Zachary Zwillinger (*pro hac vice*)
NY Bar No. 5071154
zacharyzwillinger@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000

Elizabeth L. Brann (*pro hac vice*)
CA Bar No. 222873
elizabethbrann@paulhastings.com
Bob Chen (*pro hac vice*)
CA Bar No. 273098
bobchen@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, California 92121
Telephone: (858) 458-3000

Melissa R. Smith
TX Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450

Attorneys for Defendants
SAMSUNG ELECTRONICS CO., LTD AND
SAMSUNG ELECTRONICS AMERICA,
INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on October 5, 2018. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

                                                            */s/ Christopher W. Kennerly*
                                                            Christopher W. Kennerly

## **CERTIFICATE OF AUTHORIZATION TO SEAL**

I hereby certify that under Local Rule CV-5(a)(7), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

                                                            */s/ Christopher W. Kennerly*
                                                            Christopher W. Kennerly