IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CYWEE GROUP LTD., | § § § | |
| Plaintiff | § § | |
| v. | § § | NO. 2:17-CV-00140-WCB-RSP |
| SAMSUNG ELECTRONICS CO. LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., | § § § § | |
| Defendants. | § § | |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S UNTIMELY
SUPPLEMENTAL INFRINGEMENT CHARTS**

CyWee waited an unreasonable and prejudicial amount of time to attempt to supplement its infringement contentions. It has been months since Samsung made the relevant source code available, but CyWee nonetheless waited to seek to amend its contentions until just two weeks ago. The potential prejudice to Samsung is substantial. ███████████████████████

███████████████████████████████████████████

███████████████████████

CyWee cannot meet its burden of showing good cause for these amendments. CyWee did not ask to inspect Samsung's source code until over a month after Samsung made it available. Under the Court's Discovery Order, it was already too late for CyWee to amend its infringement contentions because that had to be done within thirty days of the code being available. Despite being warned by the Court regarding its lack of diligence in amending its contentions previously, CyWee delayed four months after inspecting Samsung's code to serve its supplemental charts asserting a new and different theory of infringement. To compound this error, CyWee again did not properly seek leave of Court to amend, as was required. CyWee's supplemental claim charts and its associated new theories of infringement should be stricken.

I.  **BACKGROUND**

   A.  **CyWee's Original Charts for the J3 Emerge, J7, and J7V**

On July 12, 2017, CyWee served its original infringement contentions accusing fifteen Samsung products of infringement, including the J3 Emerge. Ex. 1.[1]

Samsung promptly notified CyWee of the deficiencies in those infringement contentions. Ex. 2. During an August 28, 2017 meet and confer, rather than address the noted deficiencies in

---

[1] Unless otherwise stated, all documents referenced herein are attached to the Declaration of Elizabeth L. Brann ("Brann Decl."), filed concurrently herewith.

its contentions, CyWee offered to serve additional claim charts for one uncharted product and three previously unidentified products. The products included the J7 and J7V. Ex. 3. Samsung replied that it would not agree to CyWee's untimely attempt to amend its contentions unless and until CyWee properly requested leave from the Court and demonstrated good cause, as required under the Patent Local Rules. Ex. 4.

On September 18, 2017, over Samsung's objections and more than two months after its infringement contentions were due under the Patent Local Rules, CyWee served supplemental charts directed to the previously uncharted and unidentified Samsung products. Brann Decl. ¶ 6. ███████████████████████████████████████████████████████████████████████ ███████████████████████████████

On October 12, 2017, Samsung moved to strike CyWee's untimely charts directed to the J7 and J7V. Dkt. No. 41. On October 27, a month and a half after it had improperly served its new charts, CyWee finally sought leave to amend its infringement contentions to include the J7 and J7V along with two other products. Dkt. No. 44. In granting the motion for leave for other reasons, the Court specifically noted CyWee's lack of diligence in amending its contentions to include the J7V. Dkt. No. 63 at 4–5.

B. **Samsung Makes Its Sensor Fusion Algorithm and Whole Phone Source Code for the J3 Emerge Available in March**

On March 9, 2018, months after serving its infringement contentions, CyWee requested for the first time that Samsung make its source code available for inspection. Brann Decl. ¶ 7. A week later, on March 13, Samsung informed CyWee that it would make its code available for CyWee's review beginning on March 23. Ex. 9. ████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████

On April 25, over a month after Samsung first made its code available for inspection, CyWee notified Samsung that it would review Samsung's code on May 8–9 in Atlanta, GA. Ex. 10. ███████

On May 11, Samsung provided CyWee with the printed copies of the source code that CyWee had requested during its review.

### C. Samsung Makes Its Whole Phone Source Code for the J3 Emerge Available in July

███████ For CyWee's convenience, Samsung offered to make the code available in Tyler, TX. Ex. 13.

On July 30, Samsung confirmed that it made the code for these representative products

available for inspection in Texas as an accommodation to CyWee. Ex. 14. CyWee inspected this code on August 14–15.

### D. CyWee Serves Supplemental Claim Charts in September

On September 10, 2018, over a year after serving its original infringement contentions and months after Samsung first made code for the J3 Emerge available for inspection, CyWee served supplemental claim charts for the J3 Emerge. Exs. 15–16. CyWee further served supplemental charts for the J7 and J7V relying on code from the J3 Emerge. Exs. 17–20.

CyWee's supplemental charts for the J3 Emerge, J7 and JV are fundamentally different than its original charts. ██████████████████████████████████████ ██████████████████████████████████████████████████ ██████████ The code that CyWee cites in these new charts has been available to CyWee since March, and is the same code that Samsung provided printed copies of on May 11.

## II. LEGAL STANDARD

Under the Court's Discovery Order:

> If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

Dkt. No. 35 at 2.

Otherwise, under Patent L.R. 3-6, a party can amend its infringement contentions only "by order of the Court upon a timely showing of good cause." Patent L.R. 3-6 (emphasis added). Good cause in this context requires "'a showing of diligence' from the plaintiff." *See Implicit, LLC v. Trend Micro, Inc.*, No. 6:16-cv-00080-JRG, slip op. at 2–3 (E.D. Tex. July 21, 2017),

ECF No. 162 (quoting *O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)). In considering whether there is good cause for leave to amend, courts consider: "(1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded if the proposed amendment is not allowed; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *Id.* at 3 (quoting *Packet Intelligence LLC v NetScout Sys., Inc.*, No. 2:16-CV-230-JRG, 2017 WL 2531591, at *1 (E.D. Tex. Apr. 27, 2017)).

### III. ARGUMENT

#### A. CyWee's Supplemental Claim Charts Are Untimely Under the Court's Discovery Order

CyWee's supplemental charts are clearly untimely under the Discovery Order. Under the Discovery Order, a party claiming patent infringement has until thirty days after source code is made available to identify what code it alleges satisfies the software limitations for the asserted claims. Dkt. No. 35 at 2. Samsung offered to make the ▮▮▮▮▮▮▮▮▮▮ code used in its products available for CyWee's inspection as early as March 23, 2018. CyWee's supplemental charts were therefore due by at least April 23.

Instead, CyWee did not even ask to inspect Samsung's source code until April 25. At this point, CyWee's request was already untimely under the Discovery Order. CyWee then delayed further, waiting until May 8–9 to actually inspect Samsung's code. CyWee then delayed again for several months before serving its supplemental charts on September 10.

#### B. CyWee Cannot Show Good Cause to Amend Its Infringement Contentions

Under Patent L.R. 3-6, CyWee has not shown good cause to amend its infringement contentions. This Court has made clear that good cause requires a showing of diligence in the plaintiff. In *Implicit, LLC*, the Court denied a plaintiff's motion for leave to amend its

infringement contentions after the plaintiff waited for seven months after source code was made available for inspection before undertaking a source code review. No. 6:16-cv-00080-JRG, slip op. at 2–3. In *Computer Acceleration Corp. v. Microsoft Corp.*, the Court struck a plaintiff's infringement contentions directed to Microsoft Vista when it had received source code for this product after requesting it and then delayed for months with no indication that it would amend its claim chart or even seek leave to do so. 503 F. Supp. 2d 819, 824–25 (E.D. Tex. 2007).

Similarly here, CyWee never even filed a motion for leave to amend and attempt to show good cause. Indeed, it is clear that CyWee cannot explain away its significant delay. CyWee first delayed for months after serving its infringement contentions before even requesting to inspect Samsung's source code. It then delayed again for over a month after Samsung made this code available before reviewing it. It then delayed again for months before serving its supplemental claim charts. CyWee cannot provide any satisfactory explanation for any of these delays. Indeed, the code CyWee cites in its supplemental charts was available since March and was provided in printed form to CyWee on May 11.

C.   **The Potential Prejudice to Samsung Is Substantial**

Samsung will suffer significant unfair prejudice if CyWee's supplemental claim charts are allowed to stand. CyWee's supplemental charts set forth a new and fundamentally different theory of infringement.



-7-





This is not a case where a plaintiff simply supplemented its charts to add code citations. Here, CyWee fundamentally changed its theory of infringement and did not provide details of how it was doing so until just a few weeks before opening expert reports are due. Given this, Samsung was deprived of a significant amount of time that could have been used to develop its non-infringement positions. Indeed, until receiving these new, untimely charts, Samsung was forced to guess at CyWee's infringement theories.

CyWee has already had the benefit of three schedule extensions. Dkt. Nos. 96, 123, 156. Yet CyWee chose to wait for months before asserting this new theory. A third extension, further delaying the case, is not warranted and would not remedy the substantial prejudice that CyWee has already imposed on Samsung through its dilatory tactics.

## IV. CONCLUSION

CyWee did not serve supplemental infringement contentions within the time limits set by the Discovery Order. CyWee has also failed to obtain leave to amend its contentions and lacks

good cause to do so, as required under the Local Patent Rules. CyWee's supplemental charts also introduce an entirely new theory of infringement, significantly prejudicing Samsung. Therefore, Samsung respectfully requests that the Court strike CyWee's supplemental charts and associated contentions for the Galaxy J3 Emerge, Galaxy J7, and Galaxy J7 V.

DATED: October 5, 2018

Respectfully submitted,

By: */s/ Christopher W. Kennerly*
Christopher W. Kennerly
TX Bar No. 00795077
chriskennerly@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Ave.
Palo Alto, California 94304
Telephone: (650) 320-1800

Barry Sher (*pro hac vice*)
NY Bar No. 2325777
barrysher@paulhastings.com
Zachary Zwillinger (*pro hac vice*)
NY Bar No. 5071154
zacharyzwillinger@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000

Elizabeth L. Brann (*pro hac vice*)
CA Bar No. 222873
elizabethbrann@paulhastings.com
Bob Chen (*pro hac vice*)
CA Bar No. 273098
bobchen@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, California 92121
Telephone: (858) 458-3000

Melissa R. Smith
TX Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP

303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450

Attorneys for Defendants
SAMSUNG ELECTRONICS CO., LTD AND
SAMSUNG ELECTRONICS AMERICA, INC.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the Defendants met and conferred with counsel for the Plaintiff on September 24, 2018 in a good faith attempt to resolve the matters raised by this motion. No agreement could be reached. Plaintiff indicated it opposes the relief requested by this motion. Thus, these discussions have conclusively ended in an impasse and leave an open issue for the Court to resolve.

                /s/ Christopher W. Kennerly
                Christopher W. Kennerly

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on October 5, 2018. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email.

                /s/ Christopher W. Kennerly
                Christopher W. Kennerly

## CERTIFICATE OF AUTHORIZATION TO SEAL

I hereby certify that under Local Rule CV-5(a)(7), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

                                                 */s/ Christopher W. Kennerly*
                                                 Christopher W. Kennerly