# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CYWEE GROUP LTD., | § § § | |
| Plaintiff | § § | |
| v. | § § | NO. 2:17-CV-00140-WCB-RSP |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | |
| Defendants. | § § | |

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL CORPORATE REPRESENTATIVE DEPOSITION ON THE SUBJECT OF IMPORTATION AND SALES TO SAMSUNG SUBSIDIARIES**

CyWee's Motion to Compel Corporate Representative Deposition not only mischaracterizes the facts but also demands information that is unimportant to the remaining issues in this case. The motion rests on allegations that Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung") hid ██████ ██████ ██████ ██████. However, Samsung voluntarily disclosed the existence of ██████, and CyWee cites no facts supporting its allegation that Samsung is hiding other U.S. subsidiaries. The motion appears to be nothing more than an attempt to depose an additional witness after the close of fact discovery. The motion should therefore be denied.

I.  STATEMENT OF FACTS

   A.  **Samsung Voluntarily Disclosed** ██████ **and the Relevant Financial Information**

Samsung disclosed the existence of ██████ not in response to a court order but rather in response to a letter from CyWee. CyWee claims that "Samsung was forced by an Order from this Court to reveal for the first time that SEC subsidiary ██████ ██████" Dkt. No. 168 at 5. This is completely false, and CyWee's citation for this claim is confusing and at best unavailing. Dkt. No. 168 at 5. CyWee cites to paragraph 3 of the Shore declaration, which does not cite any court order. Dkt. No. 168-1. Instead—and contrary to CyWee's claim that Samsung has ██████ ██████ ██████ were offered and produced voluntarily by Samsung.

Specifically, on August 13, two weeks after the close of fact discovery, CyWee sent a letter to Samsung seeking "all documents showing importation of the Accused Products" to determine who "record importer[s]" were. Dkt. No. 157-4. Despite the questionable relevance of the existence of any other importers, and despite the fact that discovery had closed, Samsung voluntarily stated that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ for the Accused Products. Dkt. No. 157-5 at 2. Samsung further offered to produce "▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. No. 157-8. This voluntary production of information and documents directly contradicts CyWee's unsupported claim that the information was "intentionally hidden," "fraudulently concealed," or that "Samsung was forced by an Order from this Court to reveal for the first time ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." Dkt. No. 168 at 5. In reality, Samsung voluntarily disclosed this information. Additionally, it is unclear that Samsung could have hidden the existence ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Samsung's investigation related to this case has revealed that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Brann Decl. ¶ 4. CyWee already has extensive financial information for SEA, and importation information for SEA is currently the

-2-

subject of a pending motion to compel. Dkt. No. 157. Additionally, Samsung has already produced a deponent for SEA, Sean Diaz. Brann Decl. ¶ 5.

### B. CyWee Mischaracterizes Sean Diaz's Testimony

CyWee's motion mischaracterizes the testimony of Sean Diaz as falsely admitting that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

CyWee also states that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ That is incorrect. It appears instead that counsel for CyWee asked Mr. Diaz ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

████████████████████████████████████████████████████████████████████

Neither of these statements shows that Mr. Diaz was ██████████████████████████

██████████████████████████████████████████████ nor does CyWee explain why it believes this is the case. *Id*.

    **C.    CyWee Changed the Scope of Its Demanded 30(b)(6) Deposition Even After Filing This Motion.**

After CyWee filed this motion, it sent Samsung a 30(b)(6) deposition notice on some of these same topics and some additional topics. Ex. 4. CyWee told Samsung, "When you respond to the Motion to Compel, consider the notice as the topics actually at issue." Ex. 5. Once again CyWee has moved the target on Samsung making it difficult to meet, let alone comprehend, its ever-shifting demands. It appears CyWee has set a moving target for the Court as well by filing a motion to compel a deponent on certain topics, then adding and subtracting topics mid-briefing.

**II.    ARGUMENT**

Samsung will not address the merits of the specific topics listed in CyWee's motion (Dkt. No. 168) because it understands those topics to no longer be operative. Instead Samsung will address the demand to compel a deponent on importation information generally. Such a deposition is inappropriate because it was made after the close of discovery and CyWee has not demonstrated good cause for the deposition. *Lucent Techs., Inc. v. Gateway, Inc.*, No. 07-cv-2000-H CAB, 2008 WL 183637, at *2 (S.D. Cal. Jan. 17, 2008) (stating that "[a] party may obtain relief from a 'cut-off' date only by demonstrating good cause for allowing further discovery" and granting a motion for protective order where the party seeking a deposition after the close of fact discovery "offer[ed] no reasons as to why it could not have completed this discovery in a timely manner").

### A. CyWee Has No Basis to Compel a Deponent

CyWee cannot dispute that its deposition notice was served without leave and long after the close of discovery. Leave to take the deposition should not be granted because the discovery is not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Specifically, the discovery is not important to resolving any outstanding issue. *Id.* CyWee argues that it is entitled to a deponent on importation ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████. CyWee has offered no evidence that any other importer of record exists. Therefore, the requested deposition will not resolve any outstanding substantive issue but instead is a blatant fishing expedition. *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1327–28 (Fed. Cir. 1990) ("An unfounded suspicion regarding [a party]'s infringement does not support discovery into that subject matter. . . . While the expression 'fishing expedition' has been generally denigrated as a reason for objecting to discovery, in some situations, such as the one at hand, it remains apt.").

CyWee argues that a deposition is also justified because ████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████. No discovery fraud exists because Samsung's voluntary disclosures and further acts of cooperation cannot be fraud. Yet again, CyWee has taken a forthcoming disclosure and used it to generate additional baseless disputes.

████████████████████████████████████████████

████████████████████████████████████████████



### B. CyWee's Additional Demands Are Not Justified

In the last sentence of its motion, CyWee makes four additional demands: (i) "that the Court order Samsung (SEC and SEA) to supplement their disclosures to reveal all Samsung subsidiaries to whom SEC or SEA sell Accused Products"; (ii) "all imports of Accused Products by SEC and SEA subsidiaries"; (iii) "to whom those subsidiaries sell or transfer Accused Products after they receive them"; and (iv) "the terms and conditions of those sales." Dkt. No. 168 at 9. These requests are problematic for two reasons. First, the parties have not conferred about these requests, and they are therefore premature for a motion to compel. Brann Decl. ¶ 6. Second, the majority of these requests have questionable relevance. For example, the identity of "all Samsung subsidiaries to whom SEC or SEA sell Accused Products" is wholly unrelated to this case because it includes subsidiaries whose importation and sales occur entirely outside of the United States. CyWee does not state why these requests are necessary. Accordingly, the Court should deny these additional requests.

### C. Sanctions Should Be Awarded Against CyWee, Not Samsung

This motion marks another in a long pattern of motions to compel by CyWee that are based on mischaracterized or completely false facts. For example, as outlined above, CyWee's statements of concealment in this case are completely untrue. In reality,

███████████████████████████ was voluntarily produced by Samsung. Further, CyWee's characterizations of Mr. Diaz's testimony are false.

CyWee also makes a number of inflammatory—and, by CyWee's own admission, false—statements regarding an alleged fraud that it perceives Samsung committed in other cases. For example, CyWee states that it believes Samsung may have "in all prior Eastern District of Texas cases, intentionally withheld infringing sales evidence that would cumulatively total over ███████ and that "Samsung's misconduct [is] perhaps the most extensive discovery fraud in the history of the United States legal system." Dkt. No. 168 at 8. It further states Samsung "fail[ed] to disclose the information in hundreds of other cases in this Court." *Id.* at 9.

Putting aside that these allegations are wholly unrelated to CyWee's Motion to Compel a Deponent, these are serious accusations for which CyWee provides no support besides the bald allegation that "this estimate" is based on at least one hundred cases in the last three years where ███████████ "have not been disclosed." *Id*. CyWee makes no attempt to explain how it came to the conclusion that ████████ was relevant and not disclosed in those one hundred-plus cases. In fact, CyWee later admitted that it did not do a review of those cases until after it made these representations to the Court. Ex. 6. CyWee's review revealed that its "estimate" was too high and CyWee drastically narrowed the list of allegedly offending cases to only thirty-five in the last five years. *Id*. CyWee corrected the declaration of Rhonda Polvado to reflect this. Dkt. No. 169. CyWee still does not explain how it investigated or determined that ████████ was relevant and not disclosed in these cases.

The numerous misstatements CyWee uses to support its motion are directly and clearly rebutted by the record and even CyWee's own subsequent corrections. Further, a number of these statements, such as CyWee's narrative on its belief that Samsung committed fraud in other

cases, are wholly unrelated to the matter at hand and a distraction. Accordingly, Samsung requests attorney's fees for time spent preparing this Opposition to CyWee's baseless and moot motion to compel.

### III. CONCLUSION

Samsung respectfully requests that the Court deny CyWee's Motion to Compel Corporate Representative Deposition on the Subject of Importation and Sales to Samsung Subsidiaries. Dkt. No. 168.

DATED: October 9, 2018

Respectfully submitted,

By: */s/ Christopher W. Kennerly*
Christopher W. Kennerly
TX Bar No. 00795077
chriskennerly@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Ave.
Palo Alto, California 94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Barry Sher (*pro hac vice*)
NY Bar No. 2325777
barrysher@paulhastings.com
Zachary Zwillinger (*pro hac vice*)
NY Bar No. 5071154
zacharyzwillinger@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

Elizabeth L. Brann (*pro hac vice*)
CA Bar No. 222873
elizabethbrann@paulhastings.com
Bob Chen (*pro hac vice*)
CA Bar No. 273098
bobchen@paulhastings.com
PAUL HASTINGS LLP

>4747 Executive Drive, 12th Floor
>San Diego, California 92121
>Telephone: (858) 458-3000
>Facsimile: (858) 458-3005
>
>Melissa R. Smith
>TX Bar No. 24001351
>melissa@gillamsmithlaw.com
>GILLAM & SMITH, LLP
>303 S. Washington Ave.
>Marshall, TX 75670
>Telephone: (903) 934-8450
>Facsimile: (903) 934-9257
>
>Attorneys for Defendants
>SAMSUNG ELECTRONICS CO., LTD AND
>SAMSUNG ELECTRONICS AMERICA,
>INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on October 9, 2018. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email.

>*/s/ Christopher W. Kennerly*
>Christopher W. Kennerly

## CERTIFICATE OF AUTHORIZATION TO SEAL

I hereby certify that under Local Rule CV-5(a)(7), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

>*/s/ Christopher W. Kennerly*
>Christopher W. Kennerly