IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CYWEE GROUP LTD.,<br><br>*Plaintiff,*<br><br>V.<br><br>SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants.* | CASE NO. 2:17-cv-00140-WCB-RSP<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR PARTIAL
RECONSIDERATION OF THE COURT'S CLAIM CONSTRUCTION ORDER**

Michael W. Shore
Texas State Bar No. 18294915
mshore@shorechan.com
Alfonso Garcia Chan
Texas State Bar No. 24012408
achan@shorechan.com
Christopher L. Evans
Texas State Bar No. 24058901
cevans@shorechan.com
Ari B. Rafilson
Texas State Bar No. 24060456
arafilson@shorechan.com
William D. Ellerman
Texas State Bar No. 24007151
wellerman@shorechan.com
Paul T. Beeler
Texas State Bar No. 24095432
pbeeler@shorechan.com
SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111
Attorneys for Plaintiff CyWee Group Ltd.

## I.  INTRODUCTION

Samsung's motion misinterprets statements made by CyWee and its expert in *inter partes* review proceedings in an attempt to have this Court discard its well-reasoned interpretation of the term "3D pointing device." Samsung improperly attempts to graft limitations onto the asserted claims arising from an ***example*** of a 3D pointing device disclosed in the prior art. Samsung's latest attempt to urge the Court to reconsider its claim construction order should be denied.

## II.  FACTUAL BACKGROUND

On July 9, 2018 the Court correctly rejected Samsung's proposal that this term be narrowly construed as "a device that detects the motion of the device in three dimensions and translates the detected motions ***to control the movement of a cursor or pointer on a display***." Dkt. 117 at 7 (emphasis added). The Court further held that "Defendants' proposed construction is unnecessary, and this term requires no special definition." *Id.* at 8. In addressing Samsung's first motion for reconsideration of its claim construction order, the Court's affirmed its construction on August 14, 2018, specifically holding that a cursor or pointer is not required:

> The Court agrees with Judge Payne that the 3D pointing device recited in the claims is not required to control a "cursor or pointer on a display." ***Even though a 3D pointing device may be associated with a cursor or pointer, and even though cursors are mentioned in some of the embodiments discussed in the specifications, nothing in the patents supports such a restrictive reading of the term "3D pointing device***." A device practicing the patents may indicate movement in a variety of ways, including displaying "some video effect on the display screen" to "exhibit a movement pattern on the display screen." '438 patent, col. 17, ll. 36-37; '978 patent, ll. 61-62.

Dkt. 153 at 2 (emphasis added).

On June 18, 22018, Google filed two petitions for *inter partes* review regarding the patents-in-suit: IPR2018-01258 (challenging claims 1 and 3–5 of the '438 patent) and IPR2018-01257

(challenging claims 10 and 12 of the '978 patent).[1] On September 14, 2018, CyWee filed its preliminary responses to those petitions, along with supporting declarations from its expert, Dr. Gary L. Blank. Dkt. Nos. 179-2, 179-3, 179-4, 179-5. Dr. Blank has further submitted a declaration supporting CyWee's response to the instant motion ("Blank Decl.").

### III. ARGUMENT

Samsung alleges that statements by CyWee and Dr. Blank demonstrate that a 3D pointing device ***must*** "control the movement of a ***cursor or pointer*** on a display." In making this argument, Samsung asserts that CyWee argued "the 3D pointing device must be able to control a pointer (***or similar graphic***) on a display." (emphasis added). Samsung attempts to tie the phrase "or similar graphic" to a cursor, but the term "similar graphic" appears nowhere in the preliminary responses or Dr. Blank's supporting declarations, and, as described below, CyWee has never argued that the only embodiment of a 3D pointing device is one that displays a pointer or cursor as implied by Samsung.

Instead, in the Google IPRs, CyWee and its expert testified that the term need not be construed, and that, if needed for clarity, the term may properly be construed as "a device capable of sensing movement and orientation in three dimensions to point to or control actions on a display." Dkt. 179-2 (P.O.'s Prelim. Resp. for IPR2018-01257) at 19-20; Dkt. 179-3 (P.O. Prelim. Resp. for IPR2018-1258) at 20-21; Dkt. 179-4 (Dr. Blank declaration re: IPR2018-01257) ¶¶ 61-63; Dkt. 179-5 (P.O.'s Prelim. Resp. for IPR2018-01258) at ¶¶ 67-69). CyWee's alternative construction in the Google IPRs is not limited to a pointer or cursor, but instead states that the claimed device must be capable of pointing to ***or*** controlling actions on a display. This construction does not require any particular graphic element at all, much less a cursor or a

---

[1] The proceedings have not been instituted. For convenience, the proceedings are referred to as the "Google IPRs."

pointer. Further, as Dr. Blank testifies, it is not his opinion that a graphical output must be displayed for the '438 patent:

> Additionally, it is not my opinion that, in order to practice the '438 patent, a graphical output must be displayed. Instead, it is my opinion that a 3D pointing device must be capable of pointing to or controlling actions on a display. Claim 1 of the '438 patent for example does not require that anything be displayed. In contrast, the '978 patent requires a "transformed output associated with a display device."

Blank Decl. ¶ 27.

Samsung reads the underlined language below in a vacuum, without considering the surrounding language from CyWee's preliminary responses—and Dr. Blank's declarations—indicating that the term need not be construed, and that if it is construed for clarity, it means "a device capable of sensing movement and orientation in three dimensions to point to or control actions on a display."

> Patent owner believes that the term "3D Pointing Device" may be afforded its plain and ordinary meaning and does not require construction. However, Petitioner's positions suggest that clarification may be necessary. . . . <u>In order to give the meaning to the term "pointing device" as used in the phrase, the device must be able to point to or control something on a display. Ex. 2001, ¶ 67. A PHOSITA would understand that "a pointing device" is used to "perform control actions and movements … for certain purposes including entertainment such as playing a video game, on the display device through the [] pointer on the screen. *Id.*; Ex. 1001, 1:48-51</u>. . . . Giving plain and ordinary meaning to each term, this phrase should be construed to mean "a device capable of sensing movement and orientation in three dimensions to point to or control actions on a display." Ex. 2001, ¶ 69.

In its motion, Samsung latches onto the "pointer on the screen" language above. As Dr. Blank testifies, this example comes directly from the patents-in-suit. Blank Decl. ¶ 25 (citing '438 patent 1:48-51; '978 patent 1:52-55). Dr. Blank further testifies that he "in no way meant to state or imply that the claims at issue are limited to those that display a pointer or that a pointer is required." *Id.* Indeed, the cited language above contains the phrase "for certain purposes *including*," which is open-ended and allows for other possibilities. *See Lucent Techs., Inc. v. Gateway, Inc.*, 525 F.3d 1200, 1214 (Fed. Cir. 2008) (categorizing "including" as open-ended

like "comprising").

Samsung's mission is clear: it attempts to construe this term narrowly. For example, Samsung stated, during the August 10, 2018 hearing regarding its prior objections to the Court's constructions, that its construction, which is limited to a device displaying a pointer or cursor, would exclude an example of controlling a car in a 3D environment on a display screen:

> Even like the car example that they have, you're not pointing at anything, you're just trying to steer a car in that example; whereas under our construction, you should be pointing at something on the phone.

Tr. 57:7-10. But, as the Court held, "[a] device practicing the patents may indicate movement in a variety of ways, including displaying 'some video effect on the display screen' to 'exhibit a movement pattern on the display screen.'" Dkt. 153 at 2 (citing '438 patent, col. 17, ll. 36-37; '978 patent, ll. 61-62). Samsung's overly narrow construction is unwarranted and is inconsistent with these teachings and the embodiment of Figure 6 in which the screen is integrated with the 3D pointing device itself.

Further, although Samsung did not cite additional portions of the preliminary responses or Dr. Blank's prior declarations, both CyWee and Dr. Blank testified that the *Bachmann* prior art reference does not disclose a 3D pointing device:

> *Bachmann* also does not disclose a 3D pointing device. The invention in *Bachmann* is directed towards tracking the motion of an articulated rigid body. *Bachmann* can detect orientation in three-dimensional space, but the signals measured by the sensors in *Bachmann* are not mapped onto a display screen for the purposes of pointing or controlling anything on the display screen. Notably, Petitioner does not assert that the *Bachmann* device is a 3D pointing device, thereby acknowledging that it is not a 3D pointing device.

Dkt 179-2 at 24; Dkt. 179-3 at 26; Dkt. 179-4 ¶ 87, Dkt. 179-5 ¶ 89. As Dr. Blank testifies, this statement does not mean that the claims of the '438 patent ***require*** a display as Figures 1 and 2 show that the 3D pointing device may work with a ***separate*** display screen. Blank Decl. ¶ 28.

The device does not stop being a 3D pointing device in the absence of such a screen; that would

be nonsensical. *Id.* Rather, according to Dr. Blank, the device must have the ***capability*** of pointing to or controlling something on a display screen to be considered a 3D pointing device. *Id.*

Finally, Samsung's arguments regarding the different claim construction standards between district court and the PTAB are of no import because, as described above, CyWee has not taken the position in the Google IPRs that a cursor or pointer is required by the claims. Simply put, CyWee's assertion that a 3D pointing device should be "capable of sensing movement and orientation in three dimensions to point to or control actions on a display" does not require any particular graphical output.

## IV. CONCLUSION

Samsung's latest attempt to overcome the Court's well-reasoned constructions should be denied for the reasons stated herein.


Date: October 15, 2018                              Respectfully submitted,

                                                               */s/ Ari Rafilson*
                                                               Michael W. Shore
Texas State Bar No. 18294915
mshore@shorechan.com
Alfonso Garcia Chan
Texas State Bar No. 24012408
achan@shorechan.com
Christopher L. Evans
Texas State Bar No. 24058901
cevans@shorechan.com
Ari B. Rafilson
Texas State Bar No. 24060456
arafilson@shorechan.com
William D. Ellerman
Texas State Bar No. 24007151
wellerman@shorechan.com
Paul T. Beeler
Texas State Bar No. 24095432
pbeeler@shorechan.com

SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111

Attorneys for Plaintiff
CyWee Group Ltd.

## CERTIFICATE OF SERVICE

      The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per L.R. CV-5(a)(3) on October 15, 2018.

                                                                  */s/ Ari Rafilson*
                                                                    Ari Rafilson