# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| CYWEE GROUP LTD.,<br><br>*Plaintiff,*<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. AND<br>SAMSUNG ELECTRONICS AMERICA, INC.<br><br>*Defendants.* | CASE NO. 2:17-cv-00140-RWS-RSP<br><br>JURY TRIAL DEMANDED<br><br>**FILED UNDER SEAL** |

## PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT EXPERT REPORTS TO INCLUDE THIRD-PARTY DISCOVERY

Plaintiff CyWee Group Ltd. ("CyWee") requests a short, two-week period of leave in which to supplement its expert reports following the current October 8, 2018 expert disclosure deadline. CyWee requires this relief in order to accommodate the fact that, despite CyWee's diligence, certain third-party discovery issues critical to CyWee's expert analyses in this case remain outstanding and will not be resolved in sufficient time for CyWee to incorporate that discovery into its expert reports prior to the current deadline. Even though CyWee's difficulties in obtaining the information at issue herein are beyond

CyWee's control and are largely the result of Samsung's[1] failures to cooperate in discovery, and even though Samsung will suffer no prejudice from the requested relief, Samsung opposes this motion. The interests of justice require that CyWee obtain leave to supplement its expert reports with discovery that could not have been obtained prior to the current deadline.

## I. BACKGROUND

Although it is now after the close of fact discovery, CyWee *still* has not received adequate and complete information regarding the source code utilized in Samsung's Accused Products.[2] CyWee's counsel has endeavored for months to review source code for the Accused Products and to gain an understanding from Samsung regarding what sensor fusion code is used in which Accused Products (█████████████████████████████████████████████). But Samsung has provided incomplete and conflicting information, it has forced CyWee to engage in third-party discovery (some of which has been needless), and █████████████████████████████████████ Accused Products, ████████████████ ███████████████. Despite these obstacles, CyWee has managed to obtain most of the discovery it needs, but it is still engaging in discovery as to ████████████

---

[1] "Samsung" refers collectively to Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.

[2] The Samsung products CyWee accuses of infringing the patents-in-suit are referred to herein as the "Accused Products."

PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT EXPERT REPORTS
TO INCLUDE THIRD-PARTY DISCOVERY (FILED UNDER SEAL) – Page 2

source code due to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and as it pertains to this motion, CyWee still needs an explanation of the functionality of source code that is in the possession of third-party Qualcomm, Inc. ("Qualcomm").

The history of CyWee's discovery efforts regarding source code used in the Accused Products is illustrative and necessary to an understanding of CyWee's need for the requested relief:

### A. CyWee's Efforts to Obtain Source Code

Samsung did not commit to make any source code available for review until March 23, 2018, which was the deadline to substantially *complete* document discovery. When CyWee's counsel and expert traveled to review the code in Atlanta in early May, they learned that Samsung had only made a small subset of source code for a subset of Accused Products available for review.[3] After CyWee complained, Samsung provided more code the next day for a different Accused Product, but the code was stored on an external drive that was not indexed, frequently locked up during review, and could not be searched to determine where functions related to sensor fusion were used.[4] Thus, CyWee's initial attempt to gain an understanding of what source code Samsung uses on the Accused Products (and how that code works) was largely a waste of time.

---

[3] *See* Ex. A, Rafilson Decl. ¶ 2; Ex. 4 (May 9, 2018 email from Ari Rafilson).
[4] *Id*. The Protective Order requires that source code be produced on a stand-alone computer in searchable form. Dkt. 39 ¶ 10(d). The produced code was not produced on the computer, nor was it searchable.

PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT EXPERT REPORTS
TO INCLUDE THIRD-PARTY DISCOVERY (FILED UNDER SEAL) — Page 3

CyWee's attempts to review and understand Samsung's source code only got worse after that. ███████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████.[5] But throughout discovery, Samsung has provided inconsistent information regarding the third-party code allegedly used in certain of the Accused Products.[6] And on top of that, ████████████████████

████████████████████████  ████████████████████

████████████████████.[7] Thus, CyWee's efforts to obtain discovery about source

---

[5] CyWee's complaint and infringement contentions show how Android code running on the accused devices infringes. CyWee's complaint and infringement contentions were based on publicly-available information, including the fact that Samsung devices run Android source code. ████████████████████████████████████████████
████. *Id.* at Ex. 1 (September 22, 2018 email from Bob Chen).

[6] For instance, in response to CyWee's first set of interrogatories, Samsung identified three Qualcomm chips that were contained in some Accused Products, but later identified only two such chips *Id.* at Ex. 2 (Supplemental Response to Interrogatory No. 21); Ex. 3 (June 22, 2018 email from Bob Chen). ████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
█████████████████████ Thus, third-party discovery against Invensense was a waste of time that could have been avoided if Samsung had provided accurate information in discovery.

[7] ████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT EXPERT REPORTS
TO INCLUDE THIRD-PARTY DISCOVERY (FILED UNDER SEAL) – Page 4

code used in the Accused Products, ███████████████████████████████, has been fraught with difficulty, to say the least.

CyWee still does not have sufficient information regarding ████████ ███ source code as it is allegedly used in the Accused Products. As but one example, Samsung represented that the S6, S6 Edge, S6 Edge+, and Note 5 ███████████████████████████████████████████ █████ ███ sensor fusion algorithm, and that the S6 is representative of those products.[8] ███████████████████████████████████████████ ███████████████████████████████████████████ ██████████████████████████.[9]

With respect to the alleged third-party code used on Accused Devices, third-party discovery should have been unnecessary due to Samsung's customer and

---

███████████████████████████████████████████
█████████████████████████████████████
█████████████████████████████████████
█████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███ Counsel for CyWee and its experts have spent weeks subsequently attempting to sort out the intricacies of Samsung's own proprietary code, and those efforts continue to this day. *Id.* at ¶ 13.

[8] *Id.* at Ex. 9 (July 17, 2018 email from Elizabeth Brann ███████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ████████████████████████████████

[9] *Id.* at ¶ 3; Ex. 10 (September 25, 2018 email from Bob Chen). CyWee's counsel reviewed that code on September 26 after returning to Dallas from a business trip. CyWee printed relevant excerpts of code on September 26, 2018, but has not yet received printouts of the code, which is delaying its ability to further analyze the code.

contractual relationships with those parties, and its superior ability to obtain and produce the code.[10] Thus, CyWee asked Samsung to produce any relevant third-party code for inspection.[11] .[13] This indicated that Samsung already possessed the third-party source code and had possessed it since the inception of the suit. To CyWee's knowledge, Samsung never followed up on those requests, in an apparent attempt to run out the clock and obstruct CyWee's ability to obtain critical information from those parties. But having anticipated that Samsung was unlikely to make any serious effort to obtain the information, CyWee began serving subpoenas on the third-parties beginning on May 30, 2018.[14]

---

[10] Samsung has concealed the nature of its relationships with the third-party chip manufacturers. For instance, Samsung has disclosed that it is a party to a joint defense agreement with Qualcomm, but it has not produced that agreement or described what, if any, indemnity or cooperation provisions are contained in that agreement that might apply to this lawsuit or compel Qualcomm's cooperation in discovery. *Id.* at Ex. 2 (Supplemental Response to Interrogatory No. 25).
[11] *Id.* at Ex. 4 (May 15, 2018 email from Michael Shore).
[12] *Id.* (May 17, 2018 email from Elizabeth Brann).
[13] *Id.* at Exs. 5, 6, and 7.
[14] ███████████. *Id.* at ¶ 14; Ex. 11. Only the Qualcomm subpoena is at issue here.

PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT EXPERT REPORTS
TO INCLUDE THIRD-PARTY DISCOVERY (FILED UNDER SEAL) – Page 6

B. **CyWee's Efforts to Obtain Qualcomm Source Code**

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████.[15] The following is a timeline of only some of CyWee's diligent efforts to gain access to, and understanding of, Qualcomm's source code:

- CyWee served its subpoena for Qualcomm's source code on May 30, 2018.[16]

- Despite originally purporting to cooperate in obtaining discovery from Qualcomm, Samsung actually *served objections* to CyWee's subpoena for Qualcomm's source code.[17] This reveals that Samsung's intent was never to facilitate, but rather to obstruct, CyWee's discovery from Qualcomm.

- Qualcomm served written objections to CyWee's subpoena for production of source code on June 15, 2018.[18]

- On June 18, 2018, counsel for CyWee reached out to counsel for Qualcomm to meet and confer about the objections and responses.[19]

- Counsel for CyWee and counsel for Qualcomm began conferring on June 20, 2018.[20]

- ███████████████████████████████████████
  ███████████████████████████████████████
  ███████████████████████████████████████

---

[15] The Accused Products that allegedly contain Qualcomm code are the Galaxy S8, S8+, S8 Active, Note 7, Tab S3 9.7, S7, S7 Edge, and S7 Active.
[16] *Id.* at Ex. 11.
[17] *Id.* at Ex. 12 (Objections and Document Request No. 5).
[18] *Id.* at Ex. 13.
[19] *Id.* at Ex. 14 (June 18, 2018 email from William Ellerman).
[20] *Id.* (June 20 emails between counsel for CyWee and counsel for Qualcomm).

PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT EXPERT REPORTS
TO INCLUDE THIRD-PARTY DISCOVERY (FILED UNDER SEAL) – Page 7

Products. CyWee obtained that information from Samsung and provided it to Qualcomm.[21]

- After further conferences, Qualcomm objected that the Protective Order entered in this case (Dkt. 39) did not offer sufficient protection for a production of its source code. Accordingly, counsel for CyWee and counsel for Qualcomm negotiated the terms of a Supplemental Protective Order to govern the production.[22]

- While the parties were finalizing the Supplemental Protective Order to submit to the Court, CyWee disclosed to Qualcomm information about CyWee's expert witnesses so that it could determine whether to allow them to review code.[23]

- CyWee responded to multiple follow-up questions from Qualcomm regarding its expert witnesses in order to satisfy Qualcomm's onerous requirements for qualifying them to review code. Eventually, Qualcomm approved CyWee's experts on or around July 20, 2018.[24]

- The Court entered the Supplemental Protective Order on July 11, 2018.[25]

- After the above-process was completed, counsel for Qualcomm arranged for the source code to be produced on a computer located at a secure, third-party escrow facility in Los Angeles. Qualcomm's counsel notified CyWee that all software builds were ready for inspection on July 25, 2018.[26]

---

[21] *Id.* (June 22, 2018 email from William Ellerman). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* (July 4, 2018 email from Ari Rafilson). All of this illustrate that CyWee was required to facilitate the exchange of information between Samsung and Qualcomm, which should have been unnecessary due to the vendor/customer relationship and joint defense agreement between those parties.
[22] *Id.* at ¶ 19.
[23] *Id.* at Ex. 14 (July 8, 2018 email from William Ellerman).
[24] *Id.* (July 20, 2018 email from Donn Waslif).
[25] Dkt. 120.
[26] Ex. A, Rafilson Decl. Ex. 14 (July 25, 2018 email from Donn Waslif).

When the Qualcomm code was finally made available for review, CyWee's counsel was in South Korea taking depositions of Samsung personnel. Nevertheless, during that time, CyWee arranged for one of its experts to travel to Los Angeles to review Qualcomm's source code.[27] The review took place on August 6, 2018, and pursuant to the Supplemental Protective Order, Qualcomm thereafter produced limited printouts of selected source code.[28] ███████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███.[29]

Qualcomm's counsel was initially receptive to CyWee's questions following the source code review, and stated that in order to address the concerns, ███████

████████████████████████████████

██▐ ████████████████████████████████

████████████████████████████████

████████████████████████████[31] The parties

---

[27] *Id.* at Ex. 15 (August 3, 2018 email from Ari Rafilson).
[28] *Id.* at Ex. 16 (August 8, 2018 email from Freeda Lugo).
[29] *Id.* at Ex. 16 (August 10, 2018 email from William Ellerman).
[30] *Id.* (August 10, 2018 email from Freeda Lugo).
[31] *Id.* (August 10, 2018 emails from Freeda Lugo).

PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT EXPERT REPORTS
TO INCLUDE THIRD-PARTY DISCOVERY (FILED UNDER SEAL) – Page 9

conferred on August 14, 2018, and CyWee sought Qualcomm's cooperation in identifying the relevant portions of source code that perform sensor fusion functions without the need for a deposition. Counsel for Qualcomm promised to communicate CyWee's questions to Qualcomm and attempt to get answers to them.[32] ███████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████[33] It was clear at that point that Qualcomm had no intention of cooperating with CyWee to facilitate the efficient production and identification of relevant information that CyWee needs for this case.

On August 17, 2018, ███████████████████████████████████

███████████████████████████████████████, CyWee served Qualcomm with a deposition subpoena.[34] Qualcomm's counsel accepted service of the subpoena on August 20, 2018.[35] Although the subpoena sought a deposition to occur on September 4, 2018, Qualcomm served objections to the subpoena, including objections to the date of the deposition, on August 31, 2018.[36] Counsel for CyWee and Qualcomm conferred about the deposition on September

---

[32] *Id.* at ¶ 23.
[33] *Id.* at Ex. 16 (August 17, 2018 email from Donn Waslif).
[34] *Id.* (August 17, 2018 email from William Ellerman).
[35] *Id.* at Ex. 17 (August 20, 2018 email from Donn Waslif).
[36] *Id.* at Ex. 18.

PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT EXPERT REPORTS
TO INCLUDE THIRD-PARTY DISCOVERY (FILED UNDER SEAL) – Page 10

6, 2018, at which time counsel for Qualcomm promised to get proposed dates for a deposition of a Qualcomm representative.[37] Counsel for CyWee followed up about a date for the deposition on September 10, 2018, and provided more detail about the anticipated limited scope of the deposition in order to assist Qualcomm in preparing for it.[38]

Counsel for Qualcomm responded that the only date available to conduct the deposition is October 2, 2018.[39] Because of the October 8, 2018 expert disclosure deadline in this case, counsel for CyWee urged Qualcomm to present a witness sooner, and provided even more detail regarding the anticipated scope of the deposition.[40] On September 13, 2018, counsel for Qualcomm responded that no other potential dates were available, and that the deposition would have to be conducted on October 2, 2018.[41]

## II.   ARGUMENT AND AUTHORITIES

CyWee is not seeking to amend the Docket Control Order or extend any deadlines. CyWee intends to serve its expert disclosures by the current deadline of October 8, 2018. CyWee merely needs the ability to supplement its expert reports to include discovery from Qualcomm, which is information that CyWee could not

---

[37] *Id.* at ¶ 26.
[38] *Id.* at Ex. 20 (September 10, 2018 email from Ari Rafilson).
[39] *Id.* (September 10, 2018 email from David Kays).
[40] *Id* (September 11, 2018 email from Ari Rafilson).
[41] *Id.* (September 13, 2018 email from David Kays).

have obtained by the current deadline, despite its extraordinary diligence in attempting to do so. Allowing CyWee an additional two weeks in which to supplement its expert reports under these circumstances is a simple request that Samsung should have simply agreed to. However, due to Samsung's refusal to agree, CyWee has no choice but to present the matter to the Court.

To determine whether "good cause" exists for supplementing expert reports, the Fifth Circuit generally considers four factors: "(1) the explanation for the failure to [submit a complete report on time]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990). Here, each of these factors weigh heavily in favor of granting leave to supplement, particularly when CyWee's deadline for expert designations has not yet passed.

As to the first factor, the reasons that CyWee will be unable to include information obtained from Qualcomm in its initial expert reports are myriad. Among other things, it has taken CyWee's counsel months to: (1) obtain answers from Samsung regarding what source code it contends is used on its Accused Products (███████████████████████████████████); (2) review ████████ source code, which was produced in a piecemeal fashion and

often not in accordance with the Protective Order; (3) conduct depositions of Samsung representatives who were unprepared to testify about its source code and ███████████████████████████████████████; (4) engage in third-party discovery, much of which has proven to have been needless; (5) pursue discovery of Qualcomm's source code, which required CyWee to jump through numerous hoops in order to comply with Qualcomm's onerous production requirements; (6) conduct expert review of Qualcomm's source code; and (7) subpoena Qualcomm for a deposition regarding its source code and confer with Qualcomm's counsel regarding the logistics of the deposition. Now, CyWee is at the mercy of Qualcomm, a third-party, as to when that deposition will occur, and unfortunately it must occur only six days prior to the deadline for expert disclosures. As the facts demonstrate, CyWee has done everything it can to obtain discovery from Qualcomm within the current deadlines.

As to the second factor, Qualcomm's testimony is critically important. As discussed above, ███████████████████████████████████████████████████████████████████████████████████████████. After reviewing Qualcomm's source code, CyWee's expert was unable to locate files within the produced code that performed key sensor fusion operations. Accordingly, CyWee needs the deposition of a Qualcomm representative who is familiar with the code in order to determine where those files are located and how they operate. CyWee estimates

that it will need an extra two weeks in order to evaluate this information and include it in supplemental expert reports.

As to the third factor, Samsung will suffer no prejudice as a result of the relief requested herein. CyWee intends to serve its expert disclosures on the current deadline, but simply needs two extra weeks in order to have its experts review, analyze, and supplement their opinions with information obtained from the deposition of Qualcomm's corporate representative. This is not a situation where CyWee is attempting to supplement expert reports after expert discovery has closed or pretrial preparations are underway—because experts have not even been disclosed in this case yet, Samsung does not stand to suffer any prejudice and, given the record on this issue, it has no legitimate basis for opposing the relief requested.

Finally, the fourth factor is irrelevant here, and thus countenances in favor of granting the requested leave to supplement. There is no need for a continuance to cure any prejudice because Samsung will suffer no prejudice. Again, CyWee is proactively raising this issue now and seeking this requested relief *before* it has even disclosed its experts, rather than waiting until after it has done so. Under the Docket Control Order, trial is not scheduled to commence until at least late February or early March of 2019. Expert discovery has not even begun, and Samsung will have plenty of time for its own experts to evaluate the

supplementation by CyWee's experts prior to issuing their reports or giving their depositions. And if Samsung needs additional time to analyze CyWee's supplementation, CyWee will certainly accommodate any reasonable requests in that regard.

### III.  CONCLUSION

CyWee respectfully requests that it be granted leave to supplement its expert reports prior to October 22, 2018 in order to incorporate opinions based upon discovery received from third-party Qualcomm, Inc.

Date: October 1, 2018

Respectfully submitted,

*/s/ William D. Ellerman*
William D. Ellerman

Michael W. Shore
Texas State Bar No. 18294915
mshore@shorechan.com
Alfonso Garcia Chan
Texas State Bar No. 24012408
achan@shorechan.com
Christopher L. Evans
Texas State Bar No. 24058901
cevans@shorechan.com
Ari B. Rafilson
Texas State Bar No. 24060456
arafilson@shorechan.com
William D. Ellerman
Texas State Bar No. 24007151
wellerman@shorechan.com
Paul T. Beeler
Texas State Bar No. 24095432
pbeeler@shorechan.com

SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111

Attorneys for Plaintiff
CyWee Group Ltd.

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 1, 2018.

/s/ *William D. Ellerman*
William D. Ellerman

## CERTIFICATE OF CONFERENCE

This is to certify that counsel has complied with the meet and confer requirement in Local Rule CV-7(h) and the issues are presented to the Court to resolve.

/s/ *William D. Ellerman*
William D. Ellerman

## CERTIFICATE OF AUTHORIZATION TO SEAL

I hereby certify that under Local Rule CV-5(a)(7), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

/s/ *William D. Ellerman*
William D. Ellerman