# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| CYWEE GROUP LTD., | CASE NO. 2:17-cv-00140-RWS-RSP |
| *Plaintiff,* | |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC. | JURY TRIAL DEMANDED |
| *Defendants.* | |

## PROTECTIVE ORDER

WHEREAS, Plaintiff CyWee Group Ltd. ("Plaintiff") and Defendants Samsung Electronics Co. Ltd. and Samsung Electronics America Inc. (collectively "Defendants"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and **ORDERED** that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or entities and individuals who are not parties to this Action ("Third Parties") to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document,

1

information or material as follows: "CONFIDENTIAL." The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the words "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" or "RESTRICTED – CONFIDENTIAL SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of said designation of some or all of that transcript.

2. Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with a designation explicitly identifying outside counsel—such as but not limited to "Confidential - Outside Counsel's Eyes Only" and "Confidential - Outside Attorneys' Eyes Only"—shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" or "RESTRICTED - CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" or "RESTRICTED - CONFIDENTIAL SOURCE CODE" both individually and collectively.

exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.     A designation of Protected Material (i.e., "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" or "RESTRICTED - CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.     "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

(a)     outside counsel of record in this Action for the Parties;

(b)     employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

3

(c)     in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d)     up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e)     outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action or other lawsuits or post-grant proceedings involving the same Party; and (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or

4

within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g)     the Court and its personnel.

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.     Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions

shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.   To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED - ATTORNEYS' EYES ONLY" or to the extent such Protected Material includes proprietary or trade secret computer source code, scripts, assembly code, binaries, object code, source code listings, descriptions of source code, object code listings, or descriptions of object code ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED - CONFIDENTIAL SOURCE CODE." Neither publicly available source code nor source code that is disclosed to third-parties without a non-disclosure agreement (or similar protection) may be designated as "RESTRICTED - CONFIDENTIAL SOURCE CODE."

9.   For Protected Material designated RESTRICTED - ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-g).

10.  For Protected Material designated RESTRICTED - CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a)   Access to a Party's Source Code Material shall be provided only on a password protected, "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) and on which all access ports have been disabled (except for one printer port). The computer shall be located in a secured room ("Source Code Review Room").

6

Case 2:17-cv-00140-RWS-RSP   Document 379-3   Filed 01/04/19   Page 7 of 23 PageID #:
12404

Additionally, except as provided in paragraph 10(s) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel. To reduce travel time for both parties, Defendants will make source code available for inspection at its outside counsels' office at Paul Hastings LLP, 1170 Peachtree Street, N.E., Suite 100, Atlanta, GA 30309 and Plaintiff will make source code available for inspection in San Diego, California.

(b)    The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)    The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d)    The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(e)    No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs,

DVDs, or drives of any kind, shall be permitted into the Source Code Review Room absent agreement of the producing Party. For example, the producing Party may, at its option, allow such devices into the Source Code Review Room if such devices are turned off.

(f)     The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy substantial portions of the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer. For purposes of this provision, fifteen or more continuous lines of code and fifty total lines of code are "substantial."

(g)     The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way. Other than the visual monitoring described above, the Producing Party may not monitor or record via any electronic or any other means the activities of the Receiving Party's representatives during any Source Code review;

(h)     The receiving Party's outside counsel and/or experts may make reasonable requests that free, shareware, or commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the receiving Party possesses an appropriate license to such software tools if needed, and (b) the producing Party approves such software tools, provided that the producing Party will not unreasonably withhold such

8

approval. The receiving Party must provide the producing Party with the CD, DVD, and/or necessary download information for the additional software tool(s) at least ten days in advance of the date upon which the receiving Party wishes to have the additional software tool(s) available for use on the Source Code Computer. For any request made less than ten days in advance of the date upon which the receiving Party wishes to have the additional software tool(s) available for use on the Source Code Computer, the producing Party will make reasonable efforts to meet the request.

(i)   Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification;

(j)   All persons who will review a Producing Party's Source Code on the Source Code Computer on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at seven (7) days in advance of the first time that such person reviews Source Code on the Source Code Computer. Such identification shall be in addition to any other disclosure required under this Order. All persons viewing Source Code on the Source Code Computer shall sign on each day they view Source Code a log

that will include the names of persons who view the Source Code on the Source Code Computer and when they enter and depart. The receiving Party shall maintain the log. The Producing Party shall be entitled to a copy of the log upon five (5) day's advance notice to the Receiving Party;

(k)     Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect;

(l)     Access to Protected Material designated RESTRICTED - CONFIDENTIAL SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[2] (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, infringement contentions, invalidity contentions, or other Court document or document that is served on or provided to opposing counsel ("Source Code Documents") provided that these

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(m)     A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, infringement contentions, invalidity contentions, or other Court document or document that is served on or provided to opposing counsel, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(n)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED - CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED - CONFIDENTIAL SOURCE CODE;

(o)     Except as otherwise provided in this protective order, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and orders, must be filed or served electronically. The parties may include limited excerpts of Source Code Material in the body of e-mails or in letter correspondence. Images or copies of excerpts of Source Code Material shall not otherwise be included in the body of e-mails or in letter

Case 2:17-cv-00140-WCB-RSP   Document 379-2   Filed 01/04/19   Page 13 of 24 PageID #:
12409
Case 2:17-cv-00140-RWS-RSP   Document 39   Filed 08/11/17   Page 12 of 23 PageID #: 751

correspondence between the Parties (references to production numbers shall be used instead). If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Party shall make such a filing while protecting the confidentiality of the Source Code. If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order. Additionally, any such electronic copies must be labeled "RESTRICTED - CONFIDENTIAL SOURCE CODE" as provided for in this order;

(p)    Except as otherwise provided in this Protective Order, no physical copies of all or any portion of the source code may leave the Source Code Review Room. The producing Party shall make available a printer that may not be linked to any network, including a LAN, an intranet or the Internet for on-site printing during inspection of the Source Code. After reviewing source code, the receiving Party may print paper copies of limited portions of source code that appear reasonably necessary for the preparation of court filings, pleadings, expert reports, infringement contentions, invalidity contentions, or other papers, or for deposition or trial. Upon printing any such portions of Source Code, the printed pages shall be

12

collected by the producing Party. Within ten (10) days, the producing Party shall either (i) provide one copy set of such pages to the receiving Party or (ii) inform the requesting Party that it objects that the printed portions are excessive. If, after meeting and conferring, the producing Party and the receiving Party cannot resolve the objection, the producing Party shall be entitled to seek a Court resolution establishing why it should not comply with the request. The printed pages of source code in question need not be produced to the requesting Party until the objection is resolved by the Court. The printed pages shall constitute part of the source code produced by the Producing Party in this action;

(q) The receiving Party shall be permitted to make up to five (5) printed copies of Source Code Material received from the producing Party, all of which shall be designated and clearly labeled "RESTRICTED - CONFIDENTIAL SOURCE CODE." The copies are subject to the same protections set forth herein;

(r) Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED - CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(s) For depositions, copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall remain with the Producing Counsel's outside counsel for secure destruction in a timely manner following the deposition.

(t)     If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or experts. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition);

(u)     A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(l) above to another person authorized under paragraph 10(l) above, on paper or removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 10(s) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer as described in paragraph 10(a). The provisions of this paragraph do not apply to excerpts of

14

Source Code Material included in a pleading, exhibit, expert report, discovery document, deposition transcript, infringement contentions, invalidity contentions, or other Court document or document that is served on or provided to opposing counsel, as well as drafts of such documents;

(v)   The receiving Party shall keep a log including: (a) the custodian of each copy of any Source Code Material and (b) the date and time any custodian receives or returns the Source Code Material. Within forty five (45) calendar days after the issuance of a final, non-appealable decision resolving all issues in the case, the receiving Party must serve upon the producing Party the log and, either serve upon the producing Party or certify the destruction of, all copies of the producing Party's Source Code Material; and

(w)   No other copying or transcribing of Source Code Material is allowed beyond that described in this Protective Order. No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the Source Code Material, unless explicitly permitted by this Protective Order.

(x)   Any source code shall be made available for inspection as it is kept in the ordinary course of business. Optionally, and only upon agreement by the receiving Party, source code can be produced in a non-native format for inspection.

11.   Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated "RESTRICTED - ATTORNEYS' EYES ONLY" and/or "RESTRICTED - CONFIDENTIAL SOURCE CODE" (collectively "HIGHLY SENSITIVE

MATERIAL"), who has reviewed the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit. "Prosecution" as used in this paragraph does not include representing a party before a domestic or foreign agency (including, but not limited to, a reissue protest, *inter partes* review, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to HIGHLY SENSITIVE MATERIAL is first reviewed by the affected individual.

12. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other

material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13.    There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14.    Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a

Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" or "RESTRICTED - CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

16. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17.     The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at any hearing or in the trial of this Action, subject to any pretrial order issued by this Court.

18.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

20.     To the extent that any discovery is taken of Third Parties and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business

19

information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" pursuant to this order any documents, information or other material, in whole or in part, produced or given by such Third Parties ("Third Party Confidential Information"). The Third Parties shall have ten (10) days after production of Third Party Confidential Information to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "RESTRICTED – ATTORNEYS' EYES ONLY" in accordance with this Order.

22. Within forty-five (45) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda and/or work product of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

23. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and

material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24.  Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25.  Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

26.  Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27.  Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**SIGNED this 11th day of August, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

21

Case 2:17-cv-00140-RWS-RSP Document 39 Filed 08/11/17 Page 22 of 23 PageID #: 761

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| CYWEE GROUP LTD., | CASE NO. 2:17-cv-00140-RWS-RSP |
| *Plaintiff,* | |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC. | JURY TRIAL DEMANDED |
| *Defendants.* | |

## APPENDIX A
## UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER

I, _____, declare that:

1. My address is _____.

   My current employer is _____.

   My current occupation is

   _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" or "RESTRICTED - CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" or "RESTRICTED - CONFIDENTIAL SOURCE CODE" that came into my

2

Case 2:17-cv-00140-RWS-RSP   Document 39   Filed 08/11/17   Page 23 of 23 PageID #: 762

possession, and all documents and things that I have prepared relating thereto, to the

outside counsel for the party by whom I am employed.

5.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.


Signature _____


Date _____

2