# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| CYWEE GROUP LTD., <br><br> *Plaintiff,* <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., <br><br> *Defendants.* | CASE NO. 2:17-cv-00140-WCB-RSP <br><br><br> JURY TRIAL DEMANDED |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY PENDING <u>*INTER PARTES*</u> REVIEW PROCEEDINGS

Michael W. Shore
Texas State Bar No. 18294915
mshore@shorechan.com
Alfonso Garcia Chan
Texas State Bar No. 24012408
achan@shorechan.com
Christopher L. Evans
Texas State Bar No. 24058901
cevans@shorechan.com
Ari B. Rafilson
Texas State Bar No. 24060456
arafilson@shorechan.com
William D. Ellerman
Texas State Bar No. 24007151
wellerman@shorechan.com
Paul T. Beeler
Texas State Bar No. 24095432
pbeeler@shorechan.com
SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111

Attorneys for Plaintiff CyWee Group Ltd

## I.  INTRODUCTION

Staying this case will not simplify the dispute between CyWee and Samsung[1] for several reasons:

First, the claims at issue in the Google IPRs and the present suit are not co-extensive.  This suit includes claims that will not be addressed in the Google IPRs.

Second, although Samsung originally identified the key reference at issue in the Google IPRs (U.S. Patent No. 7,089,148, "*Bachmann*") in this case, it later ***dropped the reference entirely*** from its invalidity contentions, and it did so after the Google IPRs were filed. And Samsung has ***never*** relied on either of the other two Google IPR references in this lawsuit. Thus, the IPRs will have no impact whatsoever on the invalidity defenses Samsung plans to raise at trial.

Third, the Google IPRs have not even been finally instituted.[2]

Fourth, the timing of Samsung's motion is grossly unfair and yet another example of Samsung's gamesmanship. Samsung did not ask for a stay as soon as the Google IPRs were initially instituted, nor did it seek a stay during any reasonable period of time thereafter. Rather, Samsung litigated this case for ***seven months*** after the IPRs were filed, and it continued to aggressively litigate for over a month after the institution decision, rushing to take ***six depositions*** of CyWee's experts prior to the close of expert discovery, and actively engaging in motion practice before the Court. It was not until the Court set this case for trial that Samsung suddenly asked to grind the case to a halt to avoid dispositive motions from CyWee that Samsung knew were coming. Samsung's requested relief is obviously not driven by concerns about judicial economy or a desire to conserve resources—it is

---

[1] "Samsung" refers collectively to Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.

[2] CyWee has filed Requests for Rehearing on the Decision to Institute. The PTAB has not issued any rulings on these requests.

instead motivated by Samsung's realization that trial is now imminent, and by its fear of the inevitable result a trial will bring.

The Court should refuse to stay this case.

## II. BACKGROUND

**A. The Background and Status of the Lawsuit.**

CyWee is not, as Samsung suggests, a non-practicing entity that stands to suffer no prejudice if the trial of this case is delayed. Quite the contrary, CyWee was formed by the named inventors as a startup of the Industrial Technology Research Institute of Taiwan ("ITRI") in cooperation with Softbank China. CyWee is in the business of developing and providing cutting-edge motion sensing technologies for handheld devices such as video game controllers and smartphones. CyWee co-developed the JIL Phone, which was an early prototype gaming smartphone that incorporated CyWee's proprietary sensor fusion technologies, and predated similar technologies currently used by Samsung and other manufacturers. CyWee licenses its Sensor Fusion Hub solution, which practices the patents-in-suit[3] and includes CyWee's proprietary software for performing sensor fusion. Thus, CyWee directly competes with companies such as Samsung that use either their own infringing sensor fusion solutions or those offered by third-parties, such as Qualcomm.[4]

CyWee filed this lawsuit on February 17, 2017, accusing Samsung of infringing certain claims of the patents-in-suit, including claims 10 and 12 of the '978 patent and claims 14-17 and 19 of the '438 patent.[5] Since that time, the parties have completed fact discovery, the Court has issued its

---

[3] The patents-in-suit are U.S. Patent Nos. 8,441,438 (the "'438 patent") and 8,552,978 (the "'978 patent").
[4] *See, e.g.*, https://www.prnewswire.com/news-releases/cyweemotions-sensor-fusion-hub-software-now-available-on-cadence-tensilica-fusion-dsp-300192855.html
[5] Prior to filing this lawsuit, CyWee sued Apple in the Northern District of California for infringement of the same claims of the patents-in-suit. *CyWee Group Ltd. v. Apple Inc.*, Case. No.

*Markman* Order[6] (and has heard and denied various requests by Samsung to reconsider that Order, one of which was based on the pending Google IPRs[7]), Samsung has already filed (and lost) one motion for summary judgment[8], and the parties have substantially completed expert discovery.[9] The following is only some examples of the amount of activity that has taken place in this case: The parties have exchanged a total of 205,701 pages of documents in discovery; the parties have taken twenty-two depositions in this case at locations in the U.S. and abroad; the parties have filed a combined total of ninety-three contested motions, responses, replies, and sur-replies;[10] the Court has conducted at least five hearings in this case including the *Markman* hearing and a number of contested discovery hearings; and CyWee has been met with an extraordinary amount of resistance from Samsung and third-parties throughout discovery, which has caused undue burden to CyWee and resulted in the need to seek Court intervention on an excessive number of issues.[11]

Despite the foregoing litany of activity spanning almost two years, Samsung contends that "[s]ignificant case milestones lie ahead."[12] Yet it can point to no such milestones save for the obvious ones—dispositive motions, pre-trial matters, and trial. The parties have invested a

---

3:14-01853 HSG (N.D. Cal). Like Samsung, Apple never attempted to file IPRs as to any asserted claims. That case eventually settled.

[6] Dkt. 117.
[7] Dkt. 153; Dkt. 242.
[8] Dkt. 249.
[9] Samsung has taken depositions of six of CyWee's experts in the last month after the Google IPRs were originally instituted. *See* Declaration of William Ellerman ("Ellerman Decl.") ¶ 2; *see also* Ex. 1. CyWee's damages expert, Walter Bratic, was unavailable for deposition prior to the deadline due to having numerous other depositions, a trial, and an arbitration on his schedule. *See* Ex. 2. The parties have thus agreed that Mr. Bratic's deposition will occur on February 20, 2018. *Id.*; Ellerman Decl. ¶ 2. CyWee has informed Samsung that one of the three listed authors of its conjoint survey report, Dr. Arvind Raghu, is unable to appear for a deposition due to conflicts that have arisen with his current employer. Ellerman Decl. ¶ 2. Dr. Raghu does not need to be deposed in this case because CyWee has agreed it will not call him to testify at trial if he is not deposed. *Id.*
[10] *Id.* ¶ 3.
[11] *See* Dkt. 49; Dkt. 93; Dkt. 110; Dkt. 126; Dkt. 130; Dkt. 137; Dkt. 157; Dkt. 164; Dkt. 168; Dkt. 176; Dkt. 251; Dkt. 270.
[12] Dkt. 291 at 2.

monumental amount of time, expense, and effort in moving this case through fact and expert discovery. The case is now at the precipice of dispositive motions (that CyWee expects to win) and, for all intents and purposes, on the eve of trial.

**B. Related Cases and the IPRs.**

After the case against Apple settled, and after this lawsuit was filed, CyWee filed suits against six other parties in various jurisdictions, asserting the same claims of the patents-in-suit: Huawei (Case No. 2:17-cv-00495, E.D. Tex), HTC (Case No. 17-cv-00932, W.D. Wa), LG (Case No. 3-17-cv-01102, S.D. Cal.); Motorola (Case No. 1-17-cv-00780, D. Del); ZTE (Case No. 3-17-cv-02130, S.D. Cal); and Google (Case No. 1:18-cv-00571, D. Del). None of those cases have progressed nearly as far as the instant case. *Markman* orders have been entered in only two of the cases (*Huawei* and *Motorola*).[13] Discovery has not been completed in any of those cases—no party or fact witness depositions have been taken, no expert reports have been served and, except for a deposition related solely to claim construction (*Huawei*), no expert depositions have been taken.[14] All of those cases are significantly behind the present case in terms of readiness for trial.[15]

On June 14, 2018, Google filed two IPR petitions as to Claims 1 and 3-5 of the '438 patent[16] and Claims 10 and 12 of the '978 patent.[17] The IPRs do ***not*** challenge Claims 14-17 and 19 of the '438 patent, which are asserted by CyWee against Samsung in this case. The IPRs rely wholly on *Bachmann* in combination with either U.S. Patent Publication 2004/00953317 ("*Zhang*") or U.S. Patent 7,158,118 ("*Liberty*"). On December 11, 2018, the PTAB instituted the two IPRs. On

---

[13] *CyWee Group Ltd. v. Mobility LLC,* Case No. 2:17-cv-00495 (E.D. Tex), Dkt. 55; *CyWee Group Ltd. v. Huawei Device Co. Ltd. et al,* Case No. 1-17-cv-00780 (D. Del), Dkt. 113.
[14] Ellerman Decl. ¶ 4.
[15] *See, e.g.,* Exs. 2 & 3.
[16] IPR2018-01258.
[17] IPR2018-01257.

December 26, 2018, CyWee filed Requests for Rehearing on the institution decisions, arguing among many other things that during claim construction, district courts (including this Court) have construed or characterized the patents-in-suit in a manner that makes clear that *Bachmann* is not and cannot be invalidating prior art—a premise with which Samsung has ***agreed*** in this case.[18] The PTAB has yet to rule on CyWee's Requests for Rehearing.

After the Google IPRs were instituted, defendants in several of the co-pending cases approached CyWee about agreeing to stay those cases pending the outcome of the IPRs. Because none of those cases have advanced through discovery, and because of a number of them have not even completed claim construction, CyWee agreed that staying those cases was appropriate so it could focus its resources on the cases against Samsung and HTC.[19] In addition, **all of the defendants in the other cases** currently rely on *Bachmann* and have not withdrawn that reference like Samsung did.[20]

## C. Samsung Ignores the IPRs and Continues to Litigate.

For seven months after the Google IPRs were filed, Samsung aggressively litigated this case. And once the Google IPRs were instituted, unlike the other defendants in the co-pending cases, Samsung did not immediately request a stay, nor did it seek a stay within any reasonable amount of time thereafter. Quite the opposite, after Samsung disclosed its rebuttal expert witnesses on

---

[18] Exs. 9 & 10; *see also* Ex. 12. As this Court held, after reviewing Samsung's motion to reconsider the Court's *Markman* order, "[a] device practicing the patents may indicate movement in a variety of ways, including displaying 'some video effect on the display screen' to 'exhibit a movement pattern on the display screen.'" Dkt. 153 at 2. *Bachmann* in no way addresses the issue of translating a device's detected motions to control a display. As mentioned, Samsung dropped *Bachmann* from its invalidity contentions after the Google IPRs were filed. *Compare* Ex. 11, *with* Ex. 12. And it has never raised *Zhang* or *Liberty* in this case. *See* Exs. 11 & 12.

[19] CyWee agreed to stay its lawsuits against Google, Huawei, ZTE, Motorola, and LG. CyWee's case against HTC has not been stayed, and will not be stayed, because among other things, that case involves significant claims (including equitable and injunctive claims) that are not governed by the patent laws.

[20] Ellerman Decl. ¶ 5; *see also* Exs. 5, 6, 7 & 8.

December 3, 2018, Samsung immediately demanded depositions of all of CyWee's experts to occur prior to the January 10, 2019 deadline for expert discovery, which required CyWee to mobilize its experts in spite of busy holiday schedules and to prepare and produce the experts for depositions in various locations in the U.S. and abroad.[21] Specifically, after the Google IPRs were instituted, Samsung took the following depositions: D. Richard Brown, III (in Dallas, Texas); Joseph LaViola (in Orlando, Florida); Thomas Richardson (in London, England); Scott Steinberg (in Las Vegas, Nevada); Mihajlo Popesku (in London, England); and Gary Blank (in Dallas, Texas).[22]

In order to ensure that expert discovery was substantially completed within the short timeframe allowed, to avoid further delays in this case, and to ease the burden on the parties, CyWee elected to forego taking depositions of ***any*** of Samsung's designated experts. Had CyWee not so agreed, given the number of expert witnesses in this case, it would have been virtually impossible for the parties to accomplish expert discovery between December 3, 2018 and January 10, 2019. CyWee has gone to extraordinary lengths to ensure that expert discovery, and thus the remainder of this case, experienced no further delays.[23]

In addition to conducting expert discovery, Samsung has engaged in significant motion practice following institution of the Google IPRs. Specifically, on January 3, 2019, Samsung filed a motion to strike CyWee's allegation of induced infringement.[24] Since the Google IPRs were instituted, Samsung has also briefed its opposition to CyWee's motion to de-designate confidential

---

[21] *See* Ex. 1.
[22] These depositions cost CyWee approximately $300,000 in expert witness fees alone. That work would likely have to be completely redone to refresh the witnesses' recollections if the case were delayed a year or more. The CyWee experts are primed and ready for trial.
[23] All expert discovery is now complete, with the exception of Mr. Bratic's deposition (discussed previously), which the parties have agreed to take on February 20, 2019. Ellerman Decl. ¶ 2; *see also* Ex. 2.
[24] Dkts. 277, 294.

documents[25], and it has opposed CyWee's motion for leave to supplement its expert reports and infringement contentions to address matters raised for the first time in one of Samsung's rebuttal expert reports.[26] At no time during any of this activity did Samsung ever raise the prospect of a stay.

**D. The Case is Set for Trial.**

On January 9, 2019, the Court issued its Fourth Amended Docket Control Order ("DCO") setting this case for trial beginning on May 13, 2019.[27] Per the DCO, the only significant deadlines remaining in this case are dispositive motions, pretrial filings and disclosures, the pretrial hearing, and trial. CyWee has been preparing dispositive motions for several weeks and expects to file them (and win them) in the next few weeks.

On January 15, 2019, less than a week after entry of the DCO, Samsung's counsel wrote to CyWee, claiming that "an immediate stay of this case is warranted," in order to avoid "pre-trial matters, preparing for trial, and conducting trial itself."[28] CyWee responded, indicating its surprise at Samsung's request for a stay given the late stage of the lawsuit, the fact that Samsung had actively and aggressively litigated for weeks after the institution decisions, and the fact that Samsung had previously touted its confidence that it would succeed at the dispositive motions stage of the case.[29] Samsung filed its motion to stay on January 18, 2019, which was over seven months after the Google IPRs were filed and five weeks after the institution decisions.

**E. The China Lawsuits.**

This case is not the only dispute between CyWee and Samsung. On January 11, 2018, CyWee filed lawsuits in the Shanghai, China IP Court for infringement of two Chinese patents claiming

---

[25] Dkt. 271.
[26] Dkt. 286.
[27] Dkt. 280.
[28] Ex. 14.
[29] *Id.*

priority to the patents-in-suit based on sales of accused Samsung Galaxy phones in that country.[30] In the Chinese court, CyWee seeks injunctive relief prohibiting all sales of the accused products. Upon information and belief, several more suits are being filed in China over the next few weeks.

### III. ARGUMENTS & AUTHORITIES

There is "no per se rule" that patent cases should be stayed pending IPR proceedings, and the decision "must be based upon the circumstances of the individual case before the court."[31] In considering whether a stay is justified, this Court has analyzed the following three factors, which it articulated in the *NFC v. HTC*[32] case: (1) whether a stay will cause the nonmoving party to suffer undue prejudice; (2) whether the case has reached an "advanced stage" of litigation; and (3) whether a stay will simplify the case.[33] Here, Samsung's request fails every test: (1) CyWee stands to incur significant prejudice, and Samsung's obviously dilatory motives should not be rewarded by giving it a tactical advantage via a stay after completion of expert discovery and on the eve of CyWee winning dispositive motions; (2) this case is in the advanced stages, and virtually on the eve of trial; and (3) given that Samsung relies on ***none*** of the prior art at issue in the Google IPRs in this case, the Google IPRs will have no preclusive effect on the multiple claims CyWee is asserting against Samsung in this case that are ***not*** part of the Google IPRs, nor will they simplify the parties' dispute, particularly given that the dispute has now expanded beyond this District and into China. Thus, staying this case will only complicate and prolong a potential global resolution. Balancing each of the above factors weighs heavily against staying this case.

---

[30] Declaration of Erick Robinson ¶ 2.
[31] *Realtime Data LLC v. Actian Corp.*, No. 6:15-CV-463-RWS-JDL, 2016 WL 9340768 at *2 (E.D. Tex. Nov. 29, 2016).
[32] *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015).
[33] *Id.* at *2.

**A. A Stay would Unduly Prejudice CyWee.**

As this Court has acknowledged, "any delay in the vindication of patent rights is prejudicial to a patent owner."[34] But CyWee is not merely a "patent owner," and Samsung's assertion that "CyWee makes no products and does not compete with Samsung" is false.[35] CyWee was founded out of ITRI by the named inventors of the patents-in-suit, and it is a leading sensor fusion technology company that licenses its Sensor Fusion Hub solution (which practices the patents-in-suit and includes CyWee's proprietary sensor fusion software) to customers and partners around the world.[36] Thus, CyWee competes with Samsung and third-parties such as Qualcomm, which have developed their own sensor fusion algorithms that are used to infringe CyWee's patents when incorporated into Samsung's accused products. Unlike the plaintiff in *NFC*, which did not dispute the defendant's contention that the parties were not competitors, CyWee stands to suffer losses to its business that cannot be measured in terms of monetary compensation if Samsung is allowed to continue its unfettered infringement while the Google IPRs are pending.[37] CyWee even made settlement offers to Samsung that included Samsung buying CyWee's sensor fusion software, so Samsung knows its implication that CyWee is a non-competitor, non-practicing entity are false.

Perhaps more importantly, Samsung cannot credibly discount the prejudice CyWee will suffer, in light of Samsung's transparently dilatory motives in seeking a stay at this juncture. In *NFC*, this Court held that an important consideration that bears on whether a stay should be entered is "whether the defendant acted with reasonable dispatch . . . in filing its motion for a stay."[38] Indeed,

---

[34] *Id.* at *2 (citations omitted).
[35] Dkt. 291 at 6.
[36] *See* https://www.prnewswire.com/news-releases/cyweemotions-sensor-fusion-hub-software-now-available-on-cadence-tensilica-fusion-dsp-300192855.html
[37] *See Realtime*, 2016 WL 9340768 at *3 (stating that merely pursuing monetary damages does not preclude a plaintiff "from experiencing prejudice" if the Court grants a motion to stay.).
[38] *NFC Tech.*, 2015 WL 1069111 at *3.

in deciding whether there is undue prejudice to a plaintiff, courts often look for evidence of "dilatory motives or tactics" by the defendant seeking a stay.[39] Here, Samsung alleges that it "has been diligent in seeking this stay," and that it "acted quickly to join the IPRs and move for a stay."[40] But those allegations are inconsistent with the indisputable record—Samsung made no effort to stay this case for over *seven months* after the Google IPRs were filed and it waited *five weeks* after the initial institution decisions.[41] And during that five-week period, Samsung persisted in aggressively litigating this case, electing among other things to push forward with expert discovery on an expedited basis at the cost of substantial time and expense to CyWee. It was only after the Court issued the DCO setting this case for trial that Samsung decided that it wanted to put the case on hold. Obviously, Samsung had no problem with the continued progression of the case—that is, until that progression reached its natural conclusion of a trial, and Samsung found itself facing the prospect of dispositive motions. Unlike the defendant in *NFC*, who acted "very promptly" in seeking a stay, Samsung did not act promptly at all.[42]

CyWee also stands to suffer prejudice because a stay will give Samsung an unfair "tactical advantage" in this lawsuit.[43] Having proceeded through expert discovery despite the institution

---

[39] *e.Digital Corp. v. Arcsoft, Inc.*, No. 15-CV-56-BEN (DHB), 2016 WL 452152, at *2 (S.D. Cal. Feb. 3, 2016); *Realtime*, 2016 WL 9340768 at *2 ("Defendants did not act with sufficient dispatch.").
[40] Dkt. 291 at 9.
[41] *Realtime*, 2016 WL 9340768 at *3 ("Staying this litigation in order to wait for an IPR decision that is not due until months *after* trial has already taken place would prejudice Plaintiff") (emphasis added).
[42] *NFC Tech.*, 2015 WL 1069111 at *3; *see also Realtime*, 2016 WL 9340768 at *2 ("Defendants' delay in filing its IPR petitions in combination with Plaintiff's interest in timely enforcement of its patent rights weigh against staying the case.").
[43] *See VirtualAgility Inc. v. Salesforce.com, Inc.* 759 F.3d 1307, 1319-20 (Fed. Cir. 2014) (recognizing that giving a "tactical advantage" to a defendant is a factor considered in the prejudice analysis); *see also NFC Tech*, 2015 WL 1069111 at *3 (analyzing plaintiff's allegations that defendants would be tactically advantaged by a stay).

decision, Samsung is now in a position where, if the case is stayed, it will have the luxury of many months to examine and dissect CyWee's expert reports and depositions in order to prepare dispositive motions and *Daubert* motions that would otherwise be due on February 6, 2019. CyWee anticipates filing its own motion for summary judgment by the current deadline, and it is fully prepared to do so. The Court should not allow Samsung to escape this looming deadline, and it certainly should not condone Samsung's tactic of hurrying through expert discovery only to then try to grind the case to a halt immediately before dispositive motions and *Daubert* motions are due.[44]

**B. This Case is Effectively on the Eve of Trial.**

That the second factor (the state of the proceedings) weighs against a stay is beyond dispute. In the *NFC* case, claim construction briefing was completed but no claim construction order had issued, there was an entire month of fact discovery remaining, the parties had not disclosed expert witnesses, and no expert discovery had occurred.[45] Nevertheless, the Court found that the state of the proceedings in that case "cuts slightly against the issuance of a stay."[46] Here, by contrast, the Court issued its claim construction order over six months ago,[47] Samsung has unsuccessfully sought reconsideration of that order twice,[48] fact discovery ended over five months ago,[49] the deadline for expert disclosures has passed,[50] and the parties have substantially completed expert discovery. All that remains are dispositive motions (Samsung already filed one such motion, which was denied),

---

[44] Samsung also makes the confusing argument that CyWee will not suffer prejudice because it has agreed to stay a number of its co-pending lawsuits against other defendants. CyWee's decision to agree to stay those cases has no bearing on how it will be prejudiced if **this case** is stayed. As mentioned, none of those cases were remotely close to the stage of this case, and all of the defendants in those cases have asserted *Bachmann*, *Zhang*, and/or *Liberty* as prior art.
[45] *NFC Tech*, 2015 WL 1069111 at *3.
[46] *Id.* at *4.
[47] Dkt. 117.
[48] Dkt. 153; Dkt. 242.
[49] Dkt. 123.
[50] Dkt. 244.

pretrial matters, and trial itself. This case is, therefore, directly analogous to the Court's opinion in *Realtime v. Actian*, which specifically distinguished *NFC*, and held that a stay was inappropriate when it was sought six weeks after the close of fact discovery, after depositions of 17 witnesses, and four months after the Court's claim construction order.[51] This case, even more so than the one in *Realtime*, is effectively ripe for trial, and under these circumstances, a stay is inappropriate.[52]

**C. A Stay will not Simplify this Case.**

The final factor weighs most heavily against staying this case. As an initial matter, CyWee has filed Requests for Rehearing of the Google IPR institution decisions, and the PTAB has yet to rule on those requests.[53] So, it is speculative to conclude that the IPRs will move forward at all, much less to assume they will serve to simplify any issues presented in this lawsuit. Moreover, as Samsung acknowledges, the IPRs do ***not*** challenge Claims 14-17 and 19 of the '438 patent, which CyWee asserts in this case. Those claims will be unaffected by the outcome of the IPRs, and staying this case would unreasonably postpone the trial while not eliminating the ultimate need for it.[54]

Samsung's primary argument for simplification is its speculation, based solely on statistics, that some or all of the asserted claims will be canceled in the Google IPRs. But generic statistics can

---

[51] *Realtime*, 2016 WL 9340768 at *4. The Court in that case also rejected the Defendants' argument that "the most significant expenses in litigation" are "dispositive motion briefing and argument, pretrial preparation, and trial preparation," which are the same exact arguments made by Samsung here. *Id.* at 5.
[52] It is worth noting that if the government shutdown continues, the PTAB will run out of funding and is expected to "cut back to essential personnel," which may result in further delays. http://www.ipwatchdog.com/2019/01/24/without-government-shutdown-solution-pto-patent-operations-funded-mid-february/id=105615/
[53] *See* Exs. 9 & 10.
[54] *Unifi Sci. Batteries, LLC v. Sony Mobile Commc'ns AB*, No. 6:12CV221 LED-JDL, 2014 WL 4494479, at *2 (E.D. Tex. Jan. 14, 2014) (holding that a stay pending IPR final decision would not fulfill the court's obligation to "secure the just, speedy, and inexpensive determination of every action."). This case also held that the litigation was too far along to justify a stay, even though claim construction was not yet completed. *Id.* at *3.

hardly serve as a measure of the merit (or lack thereof) of the particular IPRs at issue. Samsung's actions and tacit admissions, on the other hand, speak volumes. Despite being well aware of the prior art combinations that the Google IPRs are based on, Samsung never filed any IPRs of its own, and it abandoned the key prior art raised in the Google IPRs *after those IPRs were filed*.[55]

Even more telling, the Google IPRs rely wholly on *Bachmann* in combination with either *Zhang* or *Liberty*.[56] But Samsung has never cited or relied on or cited *Zhang* or *Liberty* in its invalidity contentions. And while Samsung cited *Bachmann* in its initial invalidity contentions,[57] after the Court issued its ruling requiring Samsung to narrow its invalidity contentions, and after the Google IPRs were filed, Samsung *completely eliminated* that reference from its amended contentions, and did not cite *any* of the three Google IPR references in its expert reports.[58] Thus, Samsung has not only implicitly conceded that the Google IPRs are meritless, it has *precluded itself* from claiming that any of the prior art at issue in the Google IPRs is invalidating art in this case, and it actually did so after the Google IPRs were filed.[59]

Because Samsung withdrew its reliance on *Bachmann* and has never relied on the other Google IPR references, its remaining arguments for simplification of the issues fall flat. Specifically, Samsung argues that depending on how the PTAB rules, "estoppel principles will apply and may narrow the invalidity defenses for presentation at trial."[60] But Samsung is *already estopped* from

---

[55] The Google IPRs were filed on June 14, 2018. Over a month later, on July 19, 2018, Samsung served its amended invalidity contentions, dropping its reliance upon *Bachmann*. Ellerman Decl. ¶ 5; *see also* Ex. 12.
[56] All three references are referred to herein as the "IPR references."
[57] Ex. 11 at 6, 17, 18.
[58] Ellerman Decl. ¶ 4; *see also* Exs. 12 & 13.
[59] The fact that Samsung has attempted to join the Google IPRs and file duplicative IPRs of its own is irrelevant. There is still no overlap between the issues in the IPRs and the defenses asserted by Samsung in this case.
[60] Dkt. 291 at 4.

asserting invalidity based on any of the three Google IPR references because it **removed Bachmann** from its invalidity contentions, never relied on the remaining two Google IPR references, and has offered no expert opinions on any of the Google IPR references in this case.[61] Thus, nothing the PTAB does with regard to the Google IPR references will have any impact on how Samsung's invalidity defenses are presented at trial because no invalidity defenses based on those references can be presented at all.

In the *NFC* case, this Court analyzed the "simplification of issues" component with reference to seven factors which the Court believed might serve to demonstrate the "benefits of the reexamination process for cases in litigation."[62] None of those factors are implicated here, particularly in light of the fact that there is no overlap between Samsung's invalidity contentions and any issues presented in the Google IPRs:

1. *"All prior art presented to the Court will have been first considered by the PTO."* Here, no prior art that will be considered by the PTAB in the Google IPRs is at issue in this lawsuit.

2. *"Many discovery problems related to prior art can be alleviated by the PTO examination."* The prior art at issue in the Google IPRs is not subject to discovery in this case, and in any event, discovery ended months ago, and Samsung's invalidity contentions and expert reports are frozen.

3. *"In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed."* CyWee asserts claims against Samsung that are not subject to the Google IPRs. Thus, even in the unlikely event that some claims subject to the Google IPRs are canceled, this lawsuit will survive.

4. *"The outcome of the reexamination may encourage a settlement without the further use of the Court."* Here, awaiting the outcome of the Google IPRs will have no impact on the prospects of

---

[61] Because Samsung's experts did not cite the IPR references in their reports, they are precluded from offering any opinions on them. Fed. R. Civ. P. 26(a)(2)(B)(i); *Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381 (Fed. Cir. 2013).
[62] *NFC Tech.*, 2015 WL 1069111 at *4.

settlement. CyWee's sister company has now filed lawsuits against Samsung in China alleging that substantially the same products at issue in this case, as well as additional products, infringe CyWee's Chinese patents. Staying this case will only postpone one component of what has now become a global effort by CyWee to enforce its patent rights against Samsung. Samsung has made clear that if this dispute ever settles, it must settle globally. A prompt resolution of CyWee's infringement allegations in this case by a dispositive motion will help the parties further assess the merits of CyWee's global efforts.

5. *"The record of reexamination would likely be entered at trial."* The Google IPR record will be irrelevant at trial because Samsung does not rely on the prior art at issue and the claims at issue do not entirely overlap.

6. *"Issues, defenses, and evidence will be more easily limited in pre-trial conferences after a reexamination."* Again, no defenses based upon the prior art at issue in the IPRs will be at issue in the trial of this case.

7. *"The cost will likely be reduced both for the parties and the Court."* This factor should have no impact because whether the case goes to trial now or later, the costs to the parties and the Court will be the same, and in this case, CyWee has already been forced to prepare its witnesses and experts for trial when they were deposed.

Based on the foregoing, nothing that happens in the Google IPRs will have any material impact on this litigation, and CyWee's lawsuit against Samsung will go to trial.

### IV.  CONCLUSION

CyWee respectfully requests that Samsung's Motion to Stay Pending *Inter Partes* Review Proceedings be denied.

Dated: January 25, 2019

Respectfully submitted,

/s/ William D. Ellerman
Michael W. Shore
Texas State Bar No. 18294915
mshore@shorechan.com
Alfonso Garcia Chan
Texas State Bar No. 24012408
achan@shorechan.com
Christopher L. Evans
Texas State Bar No. 24058901
cevans@shorechan.com
Ari B. Rafilson
Texas State Bar No. 24060456
arafilson@shorechan.com
William D. Ellerman
Texas State Bar No. 24007151
wellerman@shorechan.com
Paul T. Beeler
Texas State Bar No. 24095432
pbeeler@shorechan.com

SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111

Attorneys for Plaintiff
CyWee Group Ltd.

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per L.R. CV-5(a)(3) on January 25, 2019.

/s/ William D. Ellerman
William D. Ellerman