**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| CYWEE GROUP LTD., | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | NO. 2:17-CV-00140-WCB-RSP |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD. | § | |
| AND SAMSUNG ELECTRONICS | § | |
| AMERICA, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG**
**ELECTRONICS AMERICA, INC.'S SUR-REPLY IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR LEAVE TO AMEND INFRINGEMENT**
**CONTENTIONS AND EXPERT REPORTS**

CyWee had over two months to carefully analyze Qualcomm's source code and deposed a Qualcomm witness specifically regarding that source code, but nonetheless failed to properly develop support for its infringement theory relating to Claim 10 of the '978 Patent. CyWee obtained an extension of the expert report schedule so that it could incorporate what it learned. After all of that delay, however, CyWee cannot justify why its expert report failed to address each potentially relevant section of Qualcomm's code. Therefore, Samsung respectfully requests that CyWee's motion for leave be denied.

## I.   CyWee Excuses Regarding Its "Inability To Meet the Deadline" Are Irrelevant

CyWee complains about the supposed difficulties it had obtaining Qualcomm's sensor fusion source code, but it already obtained permission to serve an expert report regarding that code after the deadline. Therefore, those difficulties cannot justify its present request for leave. Any prejudice that may have been imposed on CyWee has already been remedied.

CyWee now relies on excerpts from the transcript of Mr. Lnu's deposition, but none of the testimony cited by CyWee refers to any question posed to Mr. Lnu to which information regarding whether ████████████████████████████████████████████ ██████████████████████████ would be responsive. A witness cannot be expected to answer a question that has not been asked. Notably, CyWee still does not explain why Samsung should have asked specific questions directed to Qualcomm's source code functionality at the deposition, when Samsung had no information at that time regarding what source code CyWee would later allege practices the "obtaining" limitation of Claim 10 of the '978 Patent.[1]

---

[1] Both CyWee's reply briefing here and its opposition to Samsung's motion to strike CyWee's indirect infringement allegations (Dkt. No. 294) rely on the incorrect presumption that Samsung should have divined CyWee's theories of infringement despite CyWee's failure to disclose those theories in its L.R. 3-1 disclosures.

In regard to Samsung's conversation with Qualcomm, CyWee alleges that Samsung was obligated to reach out to Qualcomm to determine ███████████████████ ███████████████████████████████████████████ ██████████████ Dkt. No. 292 at 3. However, the relevant inquiry is whether one versed in the ███████████████ would be able to determine that ███████████ ███████████[2] And, as explained in Samsung's opposition to CyWee's motion for leave, such an individual would readily make that determination because ███████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ██████████ Dr. Brown—CyWee's expert that opined on Qualcomm's sensor fusion source code—agrees that with that analysis. Ex. 8 at 107:16–108:12. Dr. Brown's report could have offered opinions on both sections of code to account for any uncertainty, but it does not do so.



## II.   Further Amendment of CyWee's Infringement Positions Would Prejudice Samsung and Derail the Case Schedule

CyWee alleges that "Qualcomm's code still infringes in the same manner in which CyWee's expert has already opined it does" and that it only "seeks leave to cite the newly identified lines of Qualcomm code" that support a substantively identical infringement theory. Dkt. 292 at 1, n.3. In support of its position that its untimely attempt to amend will not prejudice Samsung, CyWee alleges that "[p]rior to filing its motion, CyWee offered to serve its proposed supplemental expert report and infringement contentions upon request, so that Samsung would have them well in advance of the deposition of CyWee's expert, Dr. Brown." *Id.* at 4. That

---

[2] CyWee misguidedly relies on Samsung's statement that its experts "noted a number of issues— including ███████████████████████████████ to show that Samsung could not determine whether ███████████████████. As discussed above, regardless of whether one can determine if that code is used, that inquiry is not relevant to whether CyWee could have timely disclosed its theories as to how ███████████ ███████████ allegedly practice the "obtaining" limitation of Claim 10 of the '978 Patent.

argument skirts the fact that CyWee did not ask to supplement its infringement contentions until after the December 3, 2018 deadline for rebuttal expert reports, and also relies on a false characterization of Samsung's response to CyWee's request to supplement. Further, it ignores CyWee's continued failure to disclose details regarding its alternative infringement theory.[3]

CyWee first asked whether Samsung would consent to CyWee's belated supplementation of its infringement contentions to address its alternate infringement theory as to Qualcomm's sensor fusion source code on December 12, 2018—more than a week after the December 3, 2018 deadline for rebuttal expert reports. Although CyWee's counsel states in his sworn declaration that "Samsung has never accepted [CyWee's] offer or provided the courtesy of a response," CyWee asked Samsung to "Please let us know by Friday whether Samsung agrees that CyWee may amend its infringement contentions," and Samsung accordingly responded that Friday, stating that it did not agree to CyWee's request to (again) amend its infringement contentions because the relevant deadlines had passed. Ex. 9 at 1.

Further, CyWee still has not provided any analysis as to how the Accused Qualcomm Source Code Devices practice the "obtaining" limitation of Claim 10 of the '978 Patent under its new (yet supposedly equivalent) infringement theory. Although CyWee claims that Dr. Brown disclosed CyWee's relevant infringement theory during his deposition, Dr. Brown only stated the following during that deposition:[4]

---

[3] CyWee did not otherwise disclose to Samsung the lines of code by which it intended to amend its infringement contentions until Dr. Brown's deposition.

[4] Dr. Brown also conceded that his opinion supporting CyWee's allegation of how the alternate Qualcomm source code relied upon by CyWee ███████████████ practices the "obtaining" limitation of Claim 10 of the '978 Patent is not disclosed in his expert report.

Ex. 8 at 108:15–20. He provided no detail to support his claim that ███████████ ████████████████████████, despite the apparent difference in the content between those sections of source code as shown by comparing the source code originally relied upon by CyWee, which is reproduced in Samsung's opposition, Dkt. No. 286 at 1, and the source code upon which it now relies, which is reproduced below:

███████████████████████████████████████████████████

████████████

     Finally, CyWee does not address the impact that its motion for leave would have on the impending deadlines to file dispositive motions and motions to strike expert testimony on February 6, which would at the least require Samsung to take another deposition of Dr. Brown and supplement Dr. Mercer's rebuttal report on non-infringement. Those tasks would take weeks to complete, disrupting the March 19 deadline to serve pretrial disclosures and other subsequent deadlines in the current case schedule. Accordingly, Samsung respectfully requests that CyWee's motion for leave be denied.

## III.    Conclusion

     CyWee blames Samsung for CyWee's failure to adequately analyze Qualcomm's sensor fusion algorithm and timely disclose its infringement theories directed to accused devices that implement that source code. However, for the reasons discussed above, only CyWee can be blamed for its failure to timely disclose its infringement theories. Samsung respectfully requests that CyWee's motion for leave be denied.

DATED:  January 25, 2019

Respectfully submitted,

By: */s/ Christopher W. Kennerly*

Christopher W. Kennerly
TX Bar No. 00795077
chriskennerly@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Ave.
Palo Alto, California  94304
Telephone:   (650) 320-1800
Facsimile:    (650) 320-1900

Barry Sher (*pro hac vice*)
NY Bar No. 2325777
barrysher@paulhastings.com
Zachary Zwillinger (*pro hac vice*)
NY Bar No. 5071154
zacharyzwillinger@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Telephone:   (212) 318-6000
Facsimile:    (212) 319-4090

Elizabeth L. Brann (*pro hac vice*)
CA Bar No. 222873
elizabethbrann@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, California  92121
Telephone:   (858) 458-3000
Facsimile:    (858) 458-3005

Melissa R. Smith
TX Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Attorneys for Defendants
SAMSUNG ELECTRONICS CO., LTD AND
SAMSUNG ELECTRONICS AMERICA,
INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on January 25, 2019. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email.

*/s/ Christopher W. Kennerly*
Christopher W. Kennerly

## <u>CERTIFICATE OF AUTHORIZATION TO SEAL</u>

I hereby certify that under Local Rule CV-5(a)(7), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

*/s/ Christopher W. Kennerly*
Christopher W. Kennerly