**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

CYWEE GROUP LTD.,                     §
                                      §
            Plaintiff                 §
                                      §
      v.                              §          NO. 2:17-CV-00140-WCB-RSP
                                      §
SAMSUNG ELECTRONICS CO., LTD.         §
AND SAMSUNG ELECTRONICS               §
AMERICA, INC.,                        §
                                      §
            Defendants.               §
                                      §

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG
ELECTRONICS AMERICA, INC.'S REPLY IN SUPPORT OF THEIR
MOTION TO STAY PENDING INTER PARTES REVIEW PROCEEDINGS**

Recently instituted *inter partes* review ("IPR") proceedings are likely to invalidate most of the asserted claims in this case. Accordingly, a stay of this case pending these IPRs (IPR2019-00534 and IPR2019-00535) will likely significantly simplify the issues for trial. CyWee will not be prejudiced by this stay and in fact readily agreed to stay five parallel cases asserting the same patents. Samsung thus respectfully requests a stay of this case until the Patent Trial and Appeal Board ("PTAB") concludes the IPRs and any appeals have been exhausted.

## I.    ARGUMENT

### A.    CyWee's Claimed Prejudice Is Overblown and Unsupported by Law or Fact

CyWee Group Ltd., the Plaintiff in this case, contends that it is not a non-practicing entity and therefore will suffer prejudice if the trial of this case is delayed. ██████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ████████████████████████████████ CyWee cannot reasonably assert that it competes with Samsung. And CyWee offers no reason why an award of damages would not adequately compensate it for any losses it may prove in this case.

Although the Court in *Realtime Data LLC v. Actian Corp.* recognized that a non-practicing entity may experience prejudice from a stay, as it still "has an interest in the timely enforcement of its patent rights," a non-practicing entity suffers less prejudice than a competitor. No. 6:15-CV-463-RWS-JDL, 2016 WL 9340796, at *3 (E.D. Tex. Nov. 29, 2016). Such prejudice is generally applicable to any patentee, and is "not an especially strong claim of actual prejudice." *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-cv-1047-WCB, 2015 WL 1069179, at *4–5 (E.D. Tex. Mar. 11, 2015). Moreover, CyWee's argument that it stands to suffer losses to its business that cannot be measured in monetary terms is belied by the five stays

pending these IPRs that CyWee agreed to in parallel district court cases against other allegedly practicing entities.[1]

CyWee's suggestion that Samsung should have moved for a stay seven months earlier, when the Google IPRs were first filed, is inconsistent with the law. The defendant in *NFC Technologies v. HTC America, Inc.* filed its motion to stay six months after filing its IPR Petitions, which CyWee admits was "very prompt[]."No. 2:13-cv-01058-WCB, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015). As this Court noted, whether an IPR is instituted is "a highly significant factor in courts' determination of whether to stay . . . ." *Id.* at *4. Further, "the majority of courts [addressing] the issue have postponed ruling on stay requests or have denied stay requests when the PTAB has not yet acted on the petition for review." *Freeny v. Apple Inc.*, No. 2:13-cv-00361-WCB, 2014 WL 3611948, at *1–2 (E.D. Tex. Jul. 22, 2014).

Here, Samsung promptly and properly moved to stay following the PTAB's institution of Google's IPRs based on a reasonable likelihood that the challenged claims are unpatentable. *See* 35 U.S.C. § 314(a). Consistent with the law and the circumstances at the time, four of the five *stipulated* stays to which CyWee agreed were filed between January 10 and 18, 2019. Samsung's *opposed* motion was also filed on January 18, 2019. Given that the close of expert discovery was set for January 10, 2019, with significant expert discovery to be conducted as well as the holiday season during the intervening period, Samsung was not dilatory in evaluating, preparing, and filing its motion to stay just five weeks after institution of the IPRs.

The fact that CyWee elected to forego depositions of Samsung's experts has no bearing on its purported prejudice, and that waiver was neither expected nor sought by Samsung. CyWee

---

[1] The suggestion that Samsung filed its motion to stay in response to the Court setting the case for trial and a desire to avoid CyWee's dispositive motions is undermined by the similar timing of the motions to stay in the parallel cases, which are in various earlier stages of litigation.

asserts that it was forwent those depositions to "avoid further delay" and "eas[e] [the] burden on the parties." But, in the same letter where CyWee stated it would not depose Samsung's experts, CyWee sought consent to supplement its infringement contentions and expert reports—an expansion of the case likely to *increase* delay and *increase* the burden on the parties. Ex. 14.

### B.      CyWee's Arguments Regarding the Eve of Trial Miss the Point

CyWee's arguments about the stage of the case focus on what has occurred. However, the relevance of the stage of the case with respect to a motion to stay pending IPR relates to avoiding unnecessary expense *going forward*. In *Smartflash LLC v. Apple Inc.*, the court had already held hearings on claim construction, dispositive motions, and *Daubert* challenges, conducted a pre-trial hearing, and completed a jury trial for one defendant. 621 F. App'x 995, 1005 (Fed. Cir. 2015). The Federal Circuit acknowledged "the substantial time and effort already spent in this case," but nonetheless reversed the lower court's denial of the second defendant's motion to stay. *Id.* The court reasoned that "the most burdensome task is yet to come," recognizing that "[t]he primary cost of litigation is incurred pretrial and in a trial on the merits." *Id.* at 1004–05. CyWee agrees that certain depositions of its experts,[2] dispositive motions, *Daubert* challenges, pre-trial matters, and trial still remain in the case. All of these would impose significant burdens that may be substantially reduced by the resolution of the pending IPRs. Although this case is not in its infancy, granting a stay nonetheless has the potential to simplify issues and avoid unnecessary burdens and costs to the Court and parties. *See Image Processing Techs., LLC v. Samsung Elecs. Co.*, No. 2:16-cv-00505-JRG, 2017 WL 7051628, at *1 (E.D. Tex. Oct. 25, 2017) (granting a

---

[2] CyWee's characterization that expert discovery is substantially complete is somewhat inaccurate. CyWee has not yet made Mr. Bratic (its damages expert) or Dr. Raghu (one of its survey experts) available for deposition. The likely importance of Mr. Bratic's deposition is self-evident. And Mr. Bratic relies almost exclusively on the survey experts' report as the basis for his reasonably royalty damages opinions. Merely because CyWee does not intend to call Dr. Raghu at trial does not dispose of Samsung's right to take Dr. Raghu's deposition.

motion to stay pending IPR at a pre-trial hearing, after expert discovery and summary judgment briefing, finding that the "benefits of a stay outweigh[ed] the costs of delaying trial").

### C.     CyWee's Petition for Rehearing Is Not Relevant

CyWee argues without basis that its request for rehearing of the PTAB's institution of Google IPRs renders Samsung's motion speculative. The PTAB has already instituted the IPRs, and under 37 C.F.R. § 42.71(c), the standard of review is for abuse of discretion. Further, CyWee already agreed to stay five other cases, belying any belief the IPRs might not proceed. CyWee's request for rehearing should not be afforded any weight. *Cf. MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, No. 14-CV-03657-SI, 2016 WL 9175599, at *2 (N.D. Cal. Mar. 29, 2016) (ordering that stay be lifted despite pending motion for rehearing of PTAB decision denying institution). Also notable is the inconsistency in CyWee's position that Samsung filed its motion for stay too late, while here CyWee argues Samsung filed its motion to stay *too soon*.

### D.     The Potential for Simplification of the Case Clearly Favors a Stay

While '438 Patent Claims 14–17 and 19 are not challenged in the IPRs, each of Claims 1 and 3–5 of the '438 Patent and Claims 10 and 12 of the '978 Patent are asserted against Samsung and *are* challenged in the IPRs. Accordingly, the IPRs will most likely dispose of the majority of the asserted claims and the entirety of one of the asserted patents. The law is clear that complete overlap between the claims asserted in this case and the instituted claims before the PTAB is not necessary to simplify the case. In *NFC*, where the IPRs challenged all asserted claims from one patent but only some asserted claims from another patent, the Court found that "even if the PTAB restrict[ed] its review to the claims of the '551 patent and the initially asserted claims of the '664 patent, any disposition by the PTAB is likely to simplify the proceedings before this Court, at the very least with respect to [one patent]." *NFC Tech.*, 2015 WL 1069111, at *7.

CyWee highlights that Samsung ultimately elected different prior art combinations in its final invalidity contentions to argue that the IPRs have no merit. But Samsung's election of prior art for trial does not speak to the merits of the prior art at issue in the IPRs. The only relevant evidence at present of the merits of the IPRs are the PTAB's decisions to institute them. In *MacroPoint LLC v. Ruiz Food Products, Inc.*, No. 6:16-cv-01133-RWS-KNM (E.D. Tex. Apr. 17, 2018) (Ex. 15), the prior art defendant asserted in a related IPR similarly did not overlap with the prior art in its invalidity contentions. *Id.* at 3–4. The Court nonetheless found that because the PTAB had instituted review, a stay would likely result in simplifying the case. *Id.* at 4.

CyWee also inaccurately characterizes the estoppel that will apply in this case. To be clear, upon the PTAB's final written decision Samsung will be estopped from asserting that a "claim is invalid on any ground that [it] raised or reasonably could have raised during that inter partes review." 35 U.S.C. § 315(e)(2). Because Samsung will be estopped from asserting grounds it reasonably could have raised during the IPRs, this has the potential to simplify the case even in the unlikely event the validity of all challenged claims is confirmed. *See MacroPoint*, No. 6:16-cv-01133-RWS-KNM, slip op. at 3.

## II.    CONCLUSION

Collectively, the *NFC* factors clearly favor a stay and are not outweighed by CyWee's purported prejudice. *See NFC Tech.*, 2015 WL 1069111, at *4. The instituted IPRs are likely to result in dismissal of one asserted patent and nearly half the asserted claims of the other. *See id.* at *7. That fact and the estoppel associated with the IPRs are likely to significantly simplify the issues for trial. Moreover, a stay will very likely reduce the burdens and costs for the parties and the Court. And regardless of the outcome of the IPRs, those decisions may advance negotiations between the parties. Thus, Defendants respectfully request that the Court stay this case pending final resolution of IPR2019-00534 and IPR2019-00535.

DATED:  January 29, 2019

Respectfully submitted,

By: _/s/ Christopher W. Kennerly_
Christopher W. Kennerly
TX Bar No. 00795077
chriskennerly@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Ave.
Palo Alto, California  94304
Telephone:  (650) 320-1800
Facsimile:   (650) 320-1900

Barry Sher (*pro hac vice*)
NY Bar No. 2325777
barrysher@paulhastings.com
Zachary Zwillinger (*pro hac vice*)
NY Bar No. 5071154
zacharyzwillinger@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
Facsimile:   (212) 319-4090

Elizabeth L. Brann (*pro hac vice*)
CA Bar No. 222873
elizabethbrann@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, California  92121
Telephone:  (858) 458-3000
Facsimile:   (858) 458-3005

Melissa R. Smith
TX Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Attorneys for Defendants
SAMSUNG ELECTRONICS CO., LTD AND
SAMSUNG ELECTRONICS AMERICA,
INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on January 29, 2019. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email.

*/s/ Christopher W. Kennerly*
Christopher W. Kennerly

## <u>CERTIFICATE OF AUTHORIZATION TO SEAL</u>

I hereby certify that under Local Rule CV-5(a)(7), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

*/s/ Christopher W. Kennerly*
Christopher W. Kennerly