IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| CYWEE GROUP LTD., | CASE NO. 2:17-cv-00140-WCB-RSP |
|---|---|
| *Plaintiff,* | |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC. | JURY TRIAL DEMANDED |
| *Defendants.* | |

## JOINT STATUS REPORT

Pursuant to the Court's February 14, 2019 Order (Dkt. No. 331), Plaintiff CyWee Group Ltd. and Defendants Samsung Electronics Co., Ltd and Samsung Electronics America, Inc. respectfully submit the following Joint Status Report.

As shown in the table below, on January 9, 2020, the PTAB held that the claims subject to two IPRs filed by Google (the "Google IPRs") are invalid:

| Asserted Patent | IPR Case No. | Claims Held Invalid |
|---|---|---|
| 8,441,438 ("'438 patent") | IPR2018-01258 | 1, 3–5 |
| 8,552,978 ("'978 patent") | IPR2018-01257 | 10, 12 |

In the instant case, CyWee asserts infringement of claims 1, 3–5, 14–17, and 19 of the '438 patent, and claims 10 and 12 of the '978 patent. Asserted claims 14–17 and 19 of the '438 patent are not subject to the Google IPRs.

Those claims are however subject to an IPR filed by ZTE (the "ZTE IPR"), as shown in the table below:

| Asserted Patent | IPR Case No. | Instituted Claims |
|---|---|---|
| 8,441,438 | IPR2019-00143 | 1, 4, 5, 14–17, 19 |

Because CyWee intends to appeal the PTAB's final written decision in the Google IPRs, and because the ZTE IPR will affect claims asserted in this case, neither party requests lifting the stay at this time. Consistent with the current order staying the case (Dkt. No. 331) the parties intend to advise the Court within five days after the PTAB issues its final written decision in the ZTE IPR. The PTAB is expected to issue a final written decision in the ZTE IPR on or before May 17, 2020.

**CyWee Statement Regarding Amended Claims in the ZTE IPR**:

CyWee's proposed amended claims in the ZTE IPR are subject to the PTAB's pilot program concerning motions to amend, as provided for in 84 Fed. Reg. 9,497 (Mar. 15, 2019). On December 5, 2019 the PTAB issued Preliminary Guidance on Patent Owner's Motion to Amend (the "Guidance"). In the Guidance, the PTAB preliminarily held that proposed amended claims 20 and 22 (corresponding to original claims 1 and 14) are valid. More specifically, although the PTAB preliminarily held that the provisional application does not provide written description support for certain limitations added to claims 20 and 22, it also preliminarily held that the patent application itself provides support for those limitations. The PTAB also preliminarily held that claims 20 and 22 are not invalid due to obviousness or indefiniteness. If versions of these claims are ultimately held valid, amended versions of claims asserted in the instant case, namely 1 and 14, and unamended claims depending from those claims, namely 4 and 16–17, will be litigated in the instant case.

**Samsung's Response Regarding Proposed Amended Claims in the ZTE IPR**

Samsung disagrees with CyWee's characterization of the status of its proposed amended claims in the ZTE IPR. The PTAB's Preliminary Guidance explicitly found that there appears to

JOINT STATUS REPORT – Page 2

be no adequate written description support for proposed amended claims 20 and 22. IPR2019-00143, Paper 35 at 4 (stating that CyWee "does not appear to have sufficiently identified adequate written description support for substitute claims 20–24"). Because CyWee has sought the benefit of the provisional application filing date in the ZTE IPR, the provisional application must provide adequate written description support for the new claim limitations added through the proposed amendments. The PTAB preliminarily found, however, that the provisional application fails to provide such disclosure. *Id.* at 4–6. For at least that reason, Samsung disagrees with CyWee's assertion that any proposed amended claims will be litigated in this case.

Date: January 14, 2020

Respectfully submitted,

*/s/ Ari Rafilson*
Michael W. Shore
Texas State Bar No. 18294915
mshore@shorechan.com
Alfonso Garcia Chan
Texas State Bar No. 24012408
achan@shorechan.com
Ari B. Rafilson
Texas State Bar No. 24060456
arafilson@shorechan.com
William D. Ellerman
Texas State Bar No. 24007151
wellerman@shorechan.com
Paul T. Beeler
Texas State Bar No. 24095432
pbeeler@shorechan.com
**SHORE CHAN DEPUMPO LLP**
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111

Attorneys for Plaintiff
CyWee Group Ltd.

*/s/ Elizabeth Brann*
Christopher W. Kennerly
TX Bar No. 00795077
chriskennerly@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Ave.
Palo Alto, California 94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Barry Sher (*pro hac vice*)
NY Bar No. 2325777
barrysher@paulhastings.com
Zachary Zwillinger (*pro hac vice*)
NY Bar No. 5071154
zacharyzwillinger@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166

Telephone: (212) 318-6000
Facsimile: (212) 319-4090

Elizabeth L. Brann (*pro hac vice*)
CA Bar No. 222873
elizabethbrann@paulhastings.com
Ariell Bratton (*pro hac vice*)
CA Bar No. 317587
ariellbratton@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, California 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Melissa R. Smith
TX Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Attorneys for Defendants
SAMSUNG ELECTRONICS CO.,
LTD AND SAMSUNG
ELECTRONICS AMERICA, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 14, 2020.

/s/ *Ari Rafilson*
Ari Rafilson