IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CYWEE GROUP LTD.,<br><br>   *Plaintiff*,<br><br>   v.<br><br>SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>   *Defendants*. | Case No. 2:17-CV-00140-WCB-RSP |

**JOINT STATUS REPORT**

This Joint Status Report is submitted to comply with the Court's February 8, 2023 Order (Dkt. 339).[1] This Joint Status Report addresses the effect of three appeals: *CyWee Group Ltd. v. Google LLC*, No. 2020-1565 (Fed. Cir. Feb. 8, 2023) and *CyWee Group Ltd. v. Google LLC*, 847 F. App'x 910 (Fed. Cir. 2021) (the "Google Appeals") and *CyWee Group, Ltd. v. ZTE (USA), Inc.*, No. 2021-1855 (Fed. Cir.) (the "ZTE Appeal"). A brief summary on the status of each appeal and their potential impact on the above captioned action is provided. A single appeal is currently pending. The parties agree that this case should remain stayed until final resolution of the Google and ZTE Appeals, including resolution on any writs of certiorari.

    A.    **The Google Appeals**

The Google Appeals have now concluded at the Federal Circuit. As a result, original claims 1 and 3-5 of U.S. Patent 8,441,438 (the "'438 patent") and original claims 10 and 12 of U.S. Patent 8,552,978 (the "'978 patent") have been found invalid. The amendments to claims in the '438 patent and '978 patent have been rejected. CyWee is evaluating whether to petition the Supreme

---

[1] Except where specifically noted below, this joint statement reflects the positions of both parties.

Court for a writ of certiorari from the final decisions in the Google Appeals but does not currently anticipate doing so.

### B. The ZTE Appeal

The ZTE Appeal remains pending at the Federal Circuit. In the ZTE IPR, the Patent Trial and Appeal Board ("PTAB") found original claims 1, 4, 5, 14-17 and 19 of the '438 patent invalid. In the ZTE IPR, the PTAB rejected CyWee's proposed amendments to the challenged claims of the '438 patent. CyWee will seek a writ of certiorari to the Supreme Court if it does not prevail in the ZTE Appeal.

**CyWee's additional statement:** The amendments at issue in the ZTE Appeal are different than those at issue in the Google Appeals. The Federal Circuit decision regarding the amendments to the '438 patent in the Google Appeals have no bearing on whether the amendments in the ZTE Appeal will ultimately be allowed. The question of whether the PTAB properly rejected the amendments in the ZTE IPRs remains at issue in the pending ZTE Appeal as does the PTAB's allowing (over a dissent from one of the administrative patent judges) LG Electronics ("LG") to take control of the ZTE IPR as a time-barred joined entity despite ZTE continuing to participate in challenging the original and amended claims.[2]

**Samsung's additional statement:** Samsung disagrees with the characterizations in CyWee's additional statement but does not believe any mischaracterizations are relevant to this status report. Samsung reserves the right to address these issues at the appropriate time, if necessary.

---

[2] CyWee urges the Court to read the briefs in the ZTE Appeal.

### C. Impact of the Appeals

As to the '978 patent, the result of the appeals is that original claims 10 and 12 of the '978 patent have been found invalid subject only to CyWee's potential petition for writ of certiorari to the Supreme Court from the final decisions in the Google Appeals. If CyWee does not petition, or if the petition is unsuccessful, Samsung believes that CyWee's infringement claims as to the '978 patent should be dismissed.

As to the '438 patent, original claims 1 and 3-5 were found invalid subject to CyWee's potential petition for writ of certiorari to the Supreme Court from the final decisions in the Google Appeals. The validity of claims 1, 4, 5, 14-17 and 19 remain at issue in the ZTE Appeal. Claims 1, 5, 14, 15, and 19 of the '438 patent may be upheld in amended form and claims 14-17 and 19 may be upheld in their original form. CyWee will seek a writ of certiorari to the Supreme Court if it does not prevail in the ZTE Appeal.

**CyWee's additional statement:** The following chart illustrates the cumulative status based on the current posture of the Google and ZTE Appeals:

| Patent | Asserted Claim | Final Federal Circuit Decision[3] Re Validity of Original Claim? | Final Federal Circuit Decision Re Validity of Amended Claim? |
|---|---|---|---|
| '438 patent | 1 | Yes | No |
|  | 3 | Yes | Yes |
|  | 4 | Yes | No |
|  | 5 | Yes | No |
|  | 14 | No | No |
|  | 15 | No | No |
|  | 16 | No | No |
|  | 17 | No | No |
|  | 19 | No | No |

---

[3] Whether either party will seek writ of certiorari to the Supreme Court is unknown.

| '938 patent | 10 | Yes | Yes |
| | 12 | Yes | Yes |

If CyWee's amendments to claims of the '438 patent are allowed as a result of the ZTE Appeal, upon remand CyWee will seek to amend its complaint and the infringement contentions in this action to assert the amended claims. Given the unlikelihood the Supreme Court will grant a writ of certiorari to the ZTE Appeal, CyWee will seek to lift the stay and begin this action again immediately given the massive delay that has occurred.

If the Court lifts the stay after a remand from the Federal Circuit, CyWee contends no additional claims construction will likely be required. Because of the six-year delay, some CyWee experts and counsel are no longer be available to serve CyWee.[4] If the '438 Amendments are allowed, CyWee contends additional fact discovery, supplementation of discovery responses, expert discovery and a new schedule will be required. The additional fact discovery will be substantial. In the more than six years this case has been pending, CyWee contends dozens of new infringing products have been introduced (others have been discontinued), changes have been made to the Android code at issue and thousands of new applications have been added to the Google Play Store that CyWee contends require the infringing functionality.

**Samsung's additional statement:** The PTAB has found all asserted claims invalid. If CyWee's appeals of the Google and ZTE IPRs are unsuccessful, all asserted claims will remain invalid, which would require this case's dismissal. Given the many unknowns, Samsung will

---

[4] As an example, the entity that conducted the conjoint study for CyWee is no longer in business. Many of the CyWee lawyers have left to join another firm in 2022 and new counsel will have to be hired to replace those attorneys, something that cannot occur until new counsel knows what is left of the case. CyWee contends that an almost six-year delay will require the entire case to be somewhat "rebooted" if and when it returns to this Court.

respond to any request by CyWee to amend its complaint and infringement contentions at the appropriate time.

Addressing a potential case schedule is premature because there are multiple potential outcomes of CyWee's appeals, including outright dismissal of this case. The parties will only need to discuss the schedule if any asserted claims remain after CyWee's appeals are complete. Samsung will therefore not address CyWee's statement above on how this case should proceed unless the Court so requests.

To the extent that CyWee's table above suggests that CyWee may amend or substitute claims 4, 16 ,and 17 of the '438 patent in the pending IPR appeal, Samsung disagrees. Since CyWee only sought to amend or substitute Claims 1, 5, 14, 15, and 19 of the '438 patent, they may not amend or substitute additional claims. *See* Final Written Decision, ZTE Appeal, Paper 87 at 89 (PTAB Feb. 17, 2021) ("CyWee proposes claim 20 as a substitute for claim 1, claim 21 as a substitute for claim 5, claim 22 as a substitute for claim 14, claim 23 as a substitute for claim 15, and claim 24 as a substitute for claim 19. RMTA App'x 1–5.").

Date: February 15, 2023

Respectfully submitted,

*/s/ Michael W. Shore*
Michael W. Shore
Texas State Bar No. 18294915
mshore@shorechan.com

THE SHORE FIRM LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111

Attorneys for Plaintiff
CYWEE GROUP LTD.

/s/ Elizabeth Brann
Christopher W. Kennerly
TX Bar No. 00795077
chriskennerly@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Ave.
Palo Alto, California 94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Barry Sher (*pro hac vice*)
NY Bar No. 2325777
barrysher@paulhastings.com
Zachary Zwillinger (*pro hac vice*)
NY Bar No. 5071154
zacharyzwillinger@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

Elizabeth L. Brann (*pro hac vice*)
CA Bar No. 222873
elizabethbrann@paulhastings.com
Ariell Bratton (*pro hac vice*)
CA Bar No. 317587
ariellbratton@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, California 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Melissa R. Smith
TX Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Attorneys for Defendants
SAMSUNG ELECTRONICS CO., LTD
AND SAMSUNG ELECTRONICS
AMERICA, INC.